IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-00018-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) ) ) | |
| Plaintiff, | ) ) | **Memorandum In Support Of Dr. Eshelman's Motion To Compel The Production Of All Information And Documents Responsive To Dr. Eshelman's First Set of Interrogatories and First Set of Requests for Production** |
| v. | ) ) ) | |
| PUMA BIOTECHNOLOGY, INC. | ) ) | |
| Defendant. | ) ) | |

Plaintiff Dr. Fredric N. Eshelman respectfully submits this memorandum in support of his motion to compel, which is being filed contemporaneously.

## INTRODUCTION

Puma Biotechnology, Inc. ("Puma") has ignored the Federal Rules of Civil Procedure and flouted this Court's order that Puma's request to stay discovery "lacks merit and is DENIED." (Dkt. 40) ("Court's Order"). After the deadline for Puma's objections to Dr. Fredric Eshelman's First Sets of Requests for Production and Interrogatories had already passed and Dr. Eshelman's counsel asked Puma when its untimely responses would be served, Puma belatedly sought an extension and served untimely objections that had already been waived as a matter of law. Although Clerk of Court Julie Richards Johnston granted Puma additional time to serve a "response," her order did *not* authorize Puma to serve any objections or otherwise reverse the waiver of Puma's objections that had already occurred as a matter of law. (Dkt. 43) ("Clerk's Order"). Dr. Eshelman respectfully seeks an order finding that Puma's objections are waived and compelling Puma to produce all documents and information responsive to his requests and interrogatories within thirty days.

## NATURE OF THE CASE AND STATEMENT OF THE FACTS

Dr. Eshelman filed this defamation action because Puma falsely accused him of committing fraud. Puma did so to retaliate against Dr. Eshelman for daring to question Puma's leadership and for asking Puma's stockholders to elect him to Puma's board. When Dr. Eshelman asked Puma to correct its false accusation, Puma refused to do so and instead dispatched its attorneys to publicly threaten that they would "ensure that shareholders are aware of" undisclosed "information about [Dr. Eshelman] and [his] past activities" if Dr. Eshelman made any "further public statements or filings about Puma, its Board, and its management." (Dkt. 1 at Ex. B.)

On April 4, 2016, Puma moved to dismiss on multiple grounds. (Dkts. 20-22.) Puma argued that California substantive law and California's Code of Civil Procedure govern this case, that courts in North Carolina are powerless to exercise jurisdiction over California companies that solicit and accept investments from and then defame North Carolina residents, and that this case should be dismissed for lack of venue or transferred to California. After Puma refused to grant Dr. Eshelman any extension to respond to Puma's 460-page submission (including declarations and exhibits) and before Dr. Eshelman's original response deadline had passed, Dr. Eshelman sought a seven-day extension from the Court. (Dkt. 25.) Before Dr. Eshelman's original response deadline had passed, the Court granted Dr. Eshelman an extension (Apr. 2, 2016 Text Order), and Dr. Eshelman timely filed his opposition on May 2, 2016 (Dkts. 28-29).

On May 3, 2016, after Puma had filed its motion to dismiss, the Court ordered the parties to hold a Rule 26(f) conference. (Dkt. 30.) Following that conference, on June 3, Dr. Eshelman served Puma his First Sets of Requests for Production and Interrogatories. (Exs. A and B.)

On June 6, 2016, Puma filed a Motion for a Protective Order to Stay Discovery ("Motion to Stay"). (Dkt. 34.) The day after Dr. Eshelman had responded, on June 21, 2016 the Court ruled that Puma's Motion to Stay "lacks merit and is DENIED." (Dkt. 40.) Puma's July 5, 2016 deadline for responding to Dr. Eshelman's interrogatories and requests for production was still *two weeks* away when the Court denied Puma's Motion to Stay on June 21, 2016.

In the two-week period between the Court's denial of Puma's Motion for a Protective Order and the deadline for Puma's responses and objections, counsel for the parties electronically met and conferred regarding another discovery deadline. At no point during the meet-and-confer process or that two-week period did Puma or its counsel request an extension from Dr. Eshelman or the Court or express the view that its Motion to Stay had effectively stayed discovery for sixteen days, notwithstanding the fact that the Court had *denied* its motion.

After Puma's July 5 deadline had passed, counsel for Dr. Eshelman notified Puma's counsel that Puma's responses were overdue and asked when they would be served. (Ex. C.) In response, Puma's counsel expressed—for the very first time—the view that Puma's responses and objections were not due until 30 days following the Court's denial of Puma's Motion to Stay. (*Id.*) The parties exchanged further emails, and Dr. Eshelman's counsel provided legal authorities showing that Puma's objections had been waived on July 6, 2016. (*Id.*) On July 7, 2016, Puma filed a Motion for Enlargement of Time ("Motion for Extension") (Dkt. 42) and on July 8, 2016, Puma served untimely objections to Dr. Eshelman's interrogatories and requests for production. (Exs. D and E.) On July 12, 2016, just four days after Puma filed its Motion for Extension *and before Dr. Eshelman had filed an opposition* (which, under Local Civil Rule 7.1 is not due until July 21, 2016), the Clerk ordered that Puma "be allowed through July 15, 2016 to serve its written *response* to Plaintiff's requests for production and interrogatories." (Dkt. 43.)

The Clerk's Order is silent with respect to whether Puma may serve the untimely objections that were waived on July 6, 2016.

## ARGUMENT

### I. PUMA'S OBJECTIONS WERE WAIVED AS A MATTER OF LAW ON JULY 6, 2016.

The Federal Rules of Civil Procedure are crystal clear that Puma's objections were due within thirty days of service, on July 5, 2016. *See* Fed. R. Civ. P. 33, 34. It is also black letter law that failure to serve objections by the deadline results in waiver of those objections "unless the court, for good cause, excuses the failure." *See* Fed. R. Civ. P. 33; *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 761480, at *3 (E.D.N.C. Feb. 24, 2011) ("[Although] Rule 34 does not expressly provide that failure to object constitutes a waiver of [] objections[,] [c]ourts have nevertheless generally held that to be the case ***absent extraordinary circumstances***.").[1]

Filing a Motion to Stay that "lacks merit" and is swiftly ***denied*** by the Court does ***not*** extend existing discovery deadlines. Instead, "the filing of a motion under Rule 26(c) ***is not self-executing***—the relief authorized under that rule depends on obtaining the court's order to that effect." *See* Fed. R. Civ. P. 37 Advisory Comm. Notes. Federal Rule of Civil Procedure 37(d)(2) expressly provides that it is "unacceptable" for a party to fail to respond "unless the party failing to act has a ***pending*** motion for a protective order." Puma's Motion to Stay was not "pending" on the July 5 deadline for Puma's responses. Instead, that motion had been denied a full ***two weeks*** before Puma's deadline. Because the Court denied Puma's Motion to Stay, the July 5 discovery deadline remained in effect and Puma's objections were waived as a matter of law on July 6, 2016.

---

[1] All emphasis added unless otherwise noted.

Ignoring these rules, Puma cites two cases for the proposition that Puma's Motion to Stay "should toll the time for responding to the discovery requests until the motion was resolved on June 21, 2016." *See* Mot. for Extension at 1. If anything, the cases Puma cites demonstrate the fallacy and arrogance of Puma's position. In *Duncan v. Santaniello v. Duncan*, the court ruled on a ***pending*** motion seeking an order to protect the defendants from responding to certain requests for admissions. 1996 WL 121730, at *3 (D. Mass. Mar. 8, 1996). In denying that motion, the court ***expressly ordered*** that the defendants "shall have an additional thirty days" to respond to the requests for admission. *Id.* This Court's Order ***could*** have so ordered—but did ***not***. If this Court's Order had stated that it was granting Puma an additional thirty days, then Puma would have had an additional thirty days. Instead, this Court chose ***not*** to grant Puma an additional thirty days and instead denied Puma's motion in its entirety as "lack[ing] merit."

Puma also cites *Miranda v. Deloitte LLP*, 962 F. Supp. 2d 379 (D.P.R. 2013) for the proposition that motions to stay discovery automatically toll discovery deadlines. *Miranda* does not so hold. In that case, the court exercised its discretion to grant relief from a deadline for responding to requests for admission, but sharply chastised the defendants for taking the position that Puma takes here, writing, "[a]lthough . . . the Court ***could*** have ordered the parties to respond in a shorter or longer time, it did not." *Id*. at 388 (emphasis in original). The court further noted:

> Caution and common sense thus should have led defendants to the conclusion that only 15 days remained to respond to plaintiff's requests. Instead, defendants assumed–***without any kind of legal authority to support their assumption***–that they were automatically entitled to an entirely new period of 30 days. ***The court warns the defendants against further engaging in any such <u>bold presumptions</u>***.

*Id*. at 388 n.6. The fact that Puma cites these cases demonstrates that it knows that the position it advances as law is a "bold presumption" "without any kind of legal authority to support" it. *Id.*

## II. THE CLERK'S ORDER DID NOT REVERSE THE WAIVER OF PUMA'S OBJECTIONS.

There are three reasons why the Clerk's Order did not reverse the waiver of Puma's objections that had occurred as a matter of law on July 6, 2016.

***First***, while the Clerk's Order provides that Puma "be allowed through July 15, 2016 to serve its written response to Plaintiff's requests for production and interrogatories," it does ***not*** provide that Puma be allowed to serve "responses ***and objections***." There is nothing in the plain language of the Clerk's Order that affects the waiver of Puma's objections, and the Clerk made no finding that Puma had shown "good cause" to do so as required under Federal Rules of Civil Procedure 33 and 34.

***Second***, even if the Clerk's Order could be interpreted to reverse the waiver of Puma's objections, then the Clerk's Order would exceed the Clerk's authority. *See* Local Civil Rule 77.2. Where a deadline has already passed, Local Civil Rule 77.2 and Federal Rule of Civil Procedure 6(b) do authorize the Clerk to "extend the time" "if the party failed to act because of ***excusable*** neglect," but nothing in those rules authorizes the Clerk to order the extraordinary substantive relief that objections that were already waived as a matter of law are no longer waived. *See* Local Civ. R. 77.2; Fed. R. Civ. P. 6(b). Notably, in filing its Motion for Extension, Puma did not cite Rule 6(b) or argue excusable neglect, but asserted that its objections were not yet due.

***Third***, to the extent that the Court finds that the Clerk was authorized to grant the extension and reverse the waiver of Puma's objections, Dr. Eshelman respectfully requests that the Court rescind the Clerk's Order pursuant to Local Civil Rule 77.2 for cause because: (1) the Clerk's Order was issued ten days before Dr. Eshelman's opposition was due and Dr. Eshelman had not yet filed an opposition; and (2) for the reasons set forth in this motion, the extension

should not have been granted because Puma has failed to show good cause and excusable neglect as required under Federal Rule of Civil Procedure 6(b), and Puma's objections therefore should remain waived.[2]

### III. PUMA HAS NOT—AND CANNOT—SHOW GOOD CAUSE OR EXCUSABLE NEGLECT FOR REFUSING TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

The waiver of Puma's objections cannot be undone "unless the court, for **good cause**, excuses the failure." *See* Fed. R. Civ. P. 33; *see also Neighbors Law Firm*, 2011 WL 761480, at *3 (waiver of objections under Rule 34 is similar to Rule 33). Federal Rule of Civil Procedure 6(b)(1)(B) requires all motions for the extension of time made after the time has expired to show both **good cause** for the extension and **excusable neglect** for the filing. Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Harty v. Commercial Net Lease LP Ltd.*, No. 5:09-CV-495-D, 2011 WL 807522, at *1 (E.D.N.C. Mar. 1, 2011).

The reason for Puma's failure to comply with the deadline is the most important factor. *Id.* Puma not only fails to offer any reason that it would excuse its neglect—it defiantly refuses to even acknowledge that its conduct requires such an explanation. Instead, Puma urges a frivolous legal position that directly contradicts the express requirements of the Federal Rules of Civil Procedure and that flouts this Court's Order. It is black letter law "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533-34 (4th Cir. 1996) (affirming district court's denial of motion for enlargement of time); *see also Barrentine v. N.J. Transit*, No. 12-3936 (KM), 2013 WL 4606781, at *6 (D.N.J.) (*pro se* litigant failed to demonstrate good cause for his

---

[2] Local Civil Rule 77.2 provides that orders of the Clerk "may be suspended, altered or rescinded by the court for cause shown."

failure to comply with a deadline in the Federal Rules). This is especially so because Puma is not a *pro se* litigant, but a publicly traded corporation with sophisticated outside counsel.

When this Court denied Puma's Motion for a Protective Order, Puma still had a full two weeks before its objections were due. It was incumbent on Puma to obtain relief from its discovery obligations before making any "bold presumption[]" that those obligations no longer applied. *See* Fed. R. Civ. P. 33(b), 34(b); *Miranda*, at 388 n.6. Instead, Puma chose **not** to request an extension from Dr. Eshelman or the Court. If it were truly Puma's position that the Motion for a Protective Order had somehow granted Puma a self-executing extension, Puma's counsel said nothing of it during an electronic meet-and-confer about another discovery deadline during that two-week period.[3]

Puma is not advancing a good faith disagreement about an unsettled area of the law. Instead, it has defiantly ignored the express requirements of the Federal Rules and this Court's Order. Puma has done so as part of a calculated, bare-knuckles litigation strategy that includes, for example: (1) publicly threatening Dr. Eshelman when he requested a retraction of Puma's false accusation; (2) filing a motion to dismiss that includes numerous arguments that are unsupported by controlling law, in particular with respect to the applicability of California law to this case; (3) refusing to grant Dr. Eshelman a short extension to respond to Puma's 460-page motion to dismiss submission; (4) filing a Motion to Stay that "lacks merit;" and (5) choosing not to seek an extension after the Court denied Puma's Motion to Stay.

While Dr. Eshelman has not been severely prejudiced by receiving Puma's objections late, those objections should be waived for four reasons. ***First***, Puma has not satisfied the most

---

[3] Puma's decision not to request an extension from Dr. Eshelman was no doubt informed by its expectation that Dr. Eshelman would deny that request, in light of Puma's earlier refusal to grant Dr. Eshelman the courtesy of a short extension.

important factor in showing good cause: a good reason for failing to comply with the deadline. ***Second***, as set forth above, Puma's conduct in this litigation generally and regarding this issue in particular demonstrates a cavalier disregard for the rules and the law that should not go unanswered. ***Third***, if Puma faces no consequences for its actions, that will send a message that the Federal Rules of Civil Procedure do not mean what they say and that parties may flout this Court's orders and unilaterally grant themselves extensions without fear of waiver, provided that they serve their objections after the opposing party raises the issue. The Court should take into account the need to preserve the integrity of the Federal Rules and grant the relief requested in this motion as a warning to other litigants. ***Finally***, Puma's aggressive tactics—including its refusal to comply with discovery deadlines—have forced Dr. Eshelman to incur substantial needless costs meeting and conferring, researching, and briefing issues about which the law is clear and there is no substantial basis for disagreement.

## CONCLUSION

For all of the reasons set forth above, Dr. Eshelman respectfully seeks an order finding that all of Puma's objections to Dr. Eshelman's First Set of Interrogatories and First Set of Requests for Production were untimely and have been waived and ordering Puma to produce all responsive documents and information within thirty days, or ordering such alternative relief as the Court deems appropriate.

This 14th day of July 2016.	Respectfully Submitted,

/s/ Megan L. Meier
Andrew K. McVey
North Carolina State Bar No. 20217
(Local Civil Rule 83.1 Counsel)
Murchinson, Taylor & Gibson PLLC
16 North Fifth Avenue
Wilmington, NC 28401-4537
Telephone: 910-763-2426
Email: amcvey@murchisontaylor.com

Thomas A. Clare (of counsel)
Elizabeth M. Locke (of counsel)
Megan L. Meier (of counsel)
CLARE LOCKE LLP
902 Prince Street
Alexandria, VA 22314
Telephone (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: megan@clarelocke.com
*Attorneys for:*
*Dr. Fredric Eshelman*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document was filed with the Clerk of the Court using the CM/ECF system on July 14, 2016, which will send notification of such filing to the following:

Pressly M. Millen
Womble Carlyle Sandridge & Rice, PLLC
Post Office Box 831
Raleigh, NC 27602
Telephone: (919) 755-2100
Facsimile: (919) 755-6067
Email: pmillen@wcsr.com

Brant W. Bishop, P.C.
Wilkinson, Walsh + Eskovitz LLP
1900 M Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
Email: bbishop@wilkinsonwalsh.com

Sean Eskovitz
Wilkinson, Walsh + Eskovitz LLP
1158 26th Street, Suite 883
Santa Monica, CA 90402
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
Email: seskovitz@wilkinsonwalsh.com

Paul J. Sampson
Wilkinson, Walsh + Eskovitz LLP
1900 M Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4033
Fax: (202) 847-4005
Email: psampson@wilkinsonwalsh.com

Dated: July 14, 2016            By: /s/ *Megan L. Meier*
                                                Megan L. Meier

11

Case 7:16-cv-00018-D    Document 45    Filed 07/14/16    Page 11 of 11