IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-00018-D

| | |
|---|---|
| FREDRIC N. ESHELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Joint Stipulated Protective Order** |
| ) | |
| PUMA BIOTECHNOLOGY, INC. ) | |
| ) | |
| Defendant. ) | |

In accordance with the stipulation of the Parties, for good cause shown and finding no adverse effect upon the public interest, the Court enters the following protective order:

1. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude either Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Notwithstanding any provision of this Order, any Party may seek additional protections from the Court pursuant to Rule 26(c)(7) with respect to particular classes of information, including that such information not be revealed or revealed only in a way other than that designated herein.

2. Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty as "CONFIDENTIAL" under the terms of this Protective Order. Confidential Information may be found in, without limitation, all or any of the following materials:

> a) Documents, depositions, or testimony, responses to written discovery, and any other information or materials produced or otherwise made available to the Parties in this action;

b) Copies, extracts, reports, studies, notes, complete or partial summaries, and other documents or materials made or prepared from Confidential Information; and

c) Transcripts, exhibits, motions, briefs, memoranda, and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3. As a general guideline, information or materials designated as "CONFIDENTIAL" shall be those things that may be disclosed to the Parties for the purposes of the litigation only, but which must be protected against disclosure to nonparties. Absent a specific order by this Court, once designated as "CONFIDENTIAL," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. As a further general guideline, information or materials designated as "CONFIDENTIAL" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the Party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Confidential Information may also include, without limitation:

a) Information protected or prohibited from disclosure by law;

b) Information that reveals competitive or proprietary business information and/or trade secrets, including without limitation, confidential inventions, methods and practices, business and marketing strategies, research and development information, pricing information, responses to requests for proposal and related materials, and any information that may have a competitively adverse or other substantially detrimental effect on the designating Party or a third party if it is disclosed;

c) Research, technical, commercial, or financial information that the Party has maintained as confidential;

d) Internal policies, procedures, analyses, or investigations that the Party has maintained as confidential;

e) Financial information concerning any individual, entity, or institution;

f) Personal identity information;

2

g) Income tax returns (including attached schedules and forms), W-2 forms, 1099 forms and other financial statements and data; and

h) Non-public information.

5. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material designated as "CONFIDENTIAL" that was obtained lawfully by such Party independently of any proceedings in this action, or which:

   a) was already known to such Party by lawful means prior to acquisition from, or disclosure by, the other Party in this action;

   b) is or becomes publicly known through no fault or act of such Party; or

   c) is rightfully received by such Party from a third party which has authority to provide such information or material without restriction as to disclosure.

6. The designation of information or material as "CONFIDENTIAL" for purposes of this Protective Order shall be made in the following manner by the Party or nonparty seeking protection:

   a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL," as appropriate, to at least the first page of any document containing any Confidential Information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder;

   b) in the case of pretrial or trial testimony or information disclosed at a deposition, including exhibits: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL," as appropriate, hereunder; or (ii) by notifying counsel for all Parties in writing, within fifteen (15) days after the Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or nonparty that testimony about to be given is deemed "CONFIDENTIAL." Unless so designated or agreed, any confidentiality is

3

waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "CONFIDENTIAL" is used during the course of a deposition, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

7. Materials designed "CONFIDENTIAL," copies or extracts therefrom, and any summary, description, or report containing such information, may be disclosed only to the following persons:

    a) All Parties who are natural persons and not more than three designated employees of each Party, whose assistance is needed by counsel for the purposes of this litigation;

    b) Any person prepared and/or called as a witness, with respect to information which that person had lawfully received or authored prior to and apart from this action;

    c) The Court, persons employed by the Court, and stenographers transcribing testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    d) Independent consultants and experts who are not current employees of any Party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

    e) Graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trial, or other court pleadings in this action;

    f) Non-technical jury or trial consulting services retained by counsel;

    g) Document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain, and/or operate computer systems or litigation databases, or to convert data for inclusion in such databases; and

    h) The Parties' outside counsel of record in this action, photocopy services personnel retained by counsel, their paralegal assistants, law clerks, and

stenographic and clerical employees who are assisting in the prosecution, defense, and or appeal of this action.

8. No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual until that individual has first confirmed their understanding and agreement to abide by the terms of this Protective Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. A copy of the executed undertaking shall be provided to the adverse Party(ies) prior to the individual having access to said Confidential Information. Copies of each executed undertaking shall be retained, until the conclusion of this action, including all appeals, by counsel for each Party who intends to or does disclose to such individual any Confidential Information.

9. The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Information (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action, or as part of the record on appeal, provided that either Party may seek an appropriate Court Order to protect Confidential Information.

10. The filing Party shall comply with the procedures set forth in Local Civil Rule 79.2 and Section T of the Electronic Case Filing Administrative Policies and Procedures Manual with respect to the information that the filing Party designates as "CONFIDENTIAL." If a filing Party seeks to file information that another Party has designated as "CONFIDENTIAL," then the filing Party shall file the proposed sealed document with a docket entry that identifies the document as a proposed sealed document, and shall include a legend on the first page of the document that indicates that the document contains information that the other Party has designated as "CONFIDENTIAL." The designating Party shall have 5 business days from the date of such filing in which to file a motion to seal and any supporting memorandum.

11. If a Party disagrees with the designation of any information as Confidential Information, such Party shall first make its objection known to the designating Party or non-party and request a change of designation. The Parties and any producing non-party shall first confer and try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved,

5

the Party challenging the designation may request appropriate relief from the Court no sooner than ten (10) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the Party or non-party making such designation. Until there is a determination by the Court, the information at issue shall be treated as Confidential Information (as designated) and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating Party that the material constitutes or contains a trade secret or other Confidential Information.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Party designating Confidential Information consents in writing to such disclosure, or if the Court orders or permits such disclosure.

13. The inadvertent production in discovery of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of a claim of privilege or protection, provided that the producing Party shall promptly provide notice to the receiving Party in writing. Upon receiving written notice from the producing Party, such information shall be returned to counsel for the producing Party and the receiving Party shall not use such information until further Court Order. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by the terms of this Protective Order, as well as any copies made by such persons. The Parties may seek the Court's intervention in accordance with Local Rule 37.1.

14. All "CONFIDENTIAL" information and material covered by this Protective Order shall be kept in secure locations, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 5 and 6 above as persons properly having access thereto.

6

Case 7:16-cv-00018-D   Document 59   Filed 09/26/16   Page 6 of 12

15. All counsel for the Parties who have access to information or material designated as "CONFIDENTIAL" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16. Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL," or otherwise complying with the terms of this Protective Order shall not:

   a) operate as an admission by any Party that any particular information or material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

   b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL";

   c) prejudice in any way the rights of the Parties or any non-party to object to the production of documents they consider not subject to discovery;

   d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

   e) prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

   f) prejudice in any way the rights of a Party or non-party to petition the Court for a further protective order relating to any purportedly Confidential Information;

   g) prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

   h) Shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

   i) prevent the Parties from contacting or obtaining testimony from witnesses identified in documents designated as "CONFIDENTIAL" under this Protective Order.

7

17. In the event that any of the Parties: (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information, the Party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information and shall give prompt written notice to the producing Party. If the person seeking access to the Confidential Information takes action against the Party covered by this Order to enforce such a subpoena, demand, or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of Confidential Information covered by this Order in response to a lawful court order.

18. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within sixty (60) days of settlement or final adjudication, all produced documents designated as "CONFIDENTIAL" shall be deleted, destroyed, or returned to the producing Party. The Parties need not delete, destroy, or return any motions, briefs, deposition transcripts, deposition exhibits, hearing transcripts, trial exhibits, emails of counsel of record, or attorney work product that may contain, reflect, or summarize Confidential Information, but shall maintain the confidentiality of such documents indefinitely.

19. This Order shall survive the termination of this litigation. After the termination of this litigation, this Court shall retain jurisdiction to enforce this Order.

20. The Parties agree to be bound by, and are entitled to rely upon, the terms of this Protective Order once it has been signed by the Parties' counsel, whether or not the Protective Order has been signed or entered by the Court.

21. Third parties producing discovery in this litigation who agree to be bound by the terms of this order may avail themselves of the terms of this Order. By so doing, such parties acknowledge and agree that they are subject to this Court's jurisdiction for purposes of enforcing the terms of this Order.

22. The Court may modify and amend this order at any time. Each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

**IT IS SO ORDERED.**

Date: September 26, 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

This 21st day of September, 2016.

/s/ Pressly M. Millen
Pressly M. Millen
Womble Carlyle Sandridge & Rice, PLLC
Post Office Box 831
Raleigh, NC 27602
Telephone: (919) 755-2100
Facsimile: (919) 755-6067
Email: pmillen@wcsr.com

Brant W. Bishop, P.C.
Lori Alvino McGill
Paul J. Sampson
Wilkinson, Walsh + Eskovitz LLP
1900 M Street, NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
Email: bbishop@wilkinsonwalsh.com
Email: lalvinomcgill@wilkinsonwalsh.com
Email: psampson@wilkinsonwalsh.com

Sean Eskovitz
Wilkinson, Walsh + Eskovitz LLP
11726 San Vicente Blvd., Ste. 600
Los Angeles, CA 90049
Telephone: (424) 316-4000
Facsimile: (202) 847-4005
Email: seskovitz@wilkinsonwalsh.com

*Attorneys for Puma Biotechnology, Inc.*

Respectfully Submitted,

/s/ Megan L. Meier
Andrew K. McVey
North Carolina State Bar No. 20217
(Local Civil Rule 83.1 Counsel)
Murchinson, Taylor & Gibson PLLC
16 North Fifth Avenue
Wilmington, NC 28401-4537
Telephone: 910-763-2426
Email: amcvey@murchisontaylor.com

Thomas A. Clare (of counsel)
Elizabeth M. Locke (of counsel)
Megan L. Meier (of counsel)
Dustin A. Pusch (of counsel)
CLARE LOCKE LLP
902 Prince Street
Alexandria, VA 22314
Telephone (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: megan@clarelocke.com
Email: dustin@clarelocke.com

*Attorneys for:*
*Dr. Fredric Eshelman*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO.: 7:16-cv-00018-D

| | |
|---|---|
| FREDRIC N. ESHELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALAN H. AUERBACH and PUMA | ) |
| BIOTECHNOLOGY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## EXHIBIT A

I, _____, hereby declare that:

a.  I have carefully read and understand the Joint Stipulated Protective Order (the "Order") of the United States District Court for the Eastern District of North Carolina, in the above-captioned matter.

b.  I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

c.  Within sixty (60) days of the final determination of the action, I will destroy all Confidential Information received by me or I will return such Confidential Information to the producing party. If I destroy such Confidential Information, I agree to send a letter to the producing party confirming the same.

d.  I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

e. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____ _____ [signature]

_____ [print or type name]

Title: _____

Business Affiliation: _____

Address: _____

Email: _____

Phone: _____