IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDERIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PUMA TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Frederic N. Eshelman's ("Plaintiff") Motion to Compel the Production of All Information and Documents Responsive to Dr. Eshelman's First Set of Interrogatories and First Set of Requests for Production ("Motion to Compel"). [DE-44]. All responsive briefing is complete and the matter is ripe for disposition, and it has been referred to the undersigned for decision. July 19, 2016 Order [DE-47]. Plaintiff seeks an order pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure finding that Defendant Puma Technology, Inc.'s ("Defendant") objections to Plaintiff's First Set of Interrogatories and First Set of Requests for Production ("discovery requests") were untimely and have been waived and ordering Defendant to produce all responsive documents and information within thirty days, or ordering such alternative relief as the Court deems appropriate. Pl.'s Mot. [DE-44]. Neither party addresses the merits of Plaintiff's discovery requests or Defendant's objections, thus, those issues are not before the court.

Plaintiff served Defendant with the written discovery requests at issue on June 3, 2016. Exs. A & B [DE-44-1, -2]. On June 6, 2016, Defendant filed a motion for a protective order seeking to stay discovery pending the resolution of Defendant's motion to dismiss. Def.'s Mot. [DE-34]. The court denied the motion to stay discovery on June 21, 2016. June 21, 2016 Order [DE-40]. On July

7, 2016, Defendant filed a motion seeking additional time in which to respond to Plaintiff's discovery requests. Def.'s Mot. [DE-42]. In its motion, Defendant advised the court that Plaintiff claimed the deadline for Defendant's responses had passed the day before and accordingly, Defendant had waived all objections to the discovery requests. *Id.* ¶ 2. Citing legal authority, Defendant informed the court that it believed its discovery responses were due July 21, 2016, because Defendant's motion for a protective order tolled the time for responding to Plaintiff's discovery requests until the motion was resolved. *Id.* ¶ 1. On July 12, 2016, the Clerk of Court entered an order allowing Plaintiff through July 15, 2016 to serve its responses to Plaintiff's discovery. July 12, 2016 Order [DE-43]. Defendant served its responses and objections to Plaintiff's discovery requests on July 8, 2016, three days beyond the date on which Plaintiff contends they were due to be served. Pl.'s Mem. [DE-45] at 3; Exs. D & E [DE-44-4, -5].

Plaintiff takes the position that Defendant's motion to stay discovery failed to toll the discovery response deadline, the Clerk's order did not extend the time by which Defendant could lodge objections to Plaintiff's discovery requests, and that Defendant has therefore waived its objections to Plaintiffs discovery. Pl.'s Mem. [DE-45]. In response, Defendant contends that the Clerk properly granted the request for extension of time where Defendant demonstrated both good cause and excusable neglect, and nothing in the order granting an extension of time suggests that Defendant is precluded from filing objections to the discovery requests. Def.'s Mem. [DE-46].

The court has carefully reviewed the parties' positions as set forth in their briefing. To the extent Defendant's service of its objections to Plaintiff's discovery was not timely, the court finds Defendant's failure to act was the result of excusable neglect and Defendant showed good cause for requesting the extension of time. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done

within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). Plaintiff acknowledges he has not been prejudiced in his receipt of Defendant's responses and the court cannot otherwise discern any prejudice. Pl.'s Mem. [DE-45] at 8; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing excusable neglect as an equitable determination which considers, among other factors, the danger of prejudice to the opposing party). Defendant has provided a plausible reason for its delay in that it believed the motion to stay discovery tolled the time to respond to Plaintiff's discovery requests. Moreover, it appears Defendant promptly filed its motion to extend time and responses upon learning of Plaintiff's position and before responses were due per the Clerk's order. The court finds that these circumstances support a finding of excusable neglect and do not support a finding that Defendant waived its objections to Plaintiff's discovery requests. Accordingly, Plaintiff's motion [DE-44] is DENIED.

So ordered, the 27th day of September 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

3