IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-18-D

FREDRIC N. ESHELMAN, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
PUMA BIOTECHNOLOGY, INC., )
 )
        Defendant. )

Defendant Puma Biotechnology, Inc. ("Puma") has moved to seal documents located on the docket at [DE-79], [DE-80] and [DE-80-1] through [DE-80-6]. [DE-84]. Puma moves also for leave to file documents at [DE-87] through [DE-89] under seal. [DE-90]. Plaintiff Fredric N. Eshelman ("Eshelman") opposes the motions. [DE-91]. All matters raised in the briefing are ripe for decision. The motions have been referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). [DE-111]. For the reasons stated below, Puma's motions are allowed.

## I. BACKGROUND

On February 12, 2017, Eshelman filed a motion to compel the production of certain emails between Alan Auerbach, the CEO of Puma, and Puma's counsel, in which Auerbach made jokes of a disparaging and threatening nature regarding Eshelman. [DE-79]. Eshelman's motion was supported by his brief and attachments [DE-80 through 80-6], all of which are the subject of Puma's motion to seal. Upon their filing, Eshelman's motion and supportive brief and attachment were sealed provisionally by the clerk per the parties' joint protective order because they contained materials considered confidential by one party.

On February 21, 2017, Puma moved to seal Eshelman's motion, brief and attachments on the

grounds that the documents contain references to material protected by the attorney-client privilege. [DE-84]. Subsequently, on February 27, 2017, Puma moved for leave of court to file under seal its memorandum in opposition to Eshelman's motion to compel and supporting documents, as well as its memorandum in support of the motions to seal. [DE-90].

On August 1, 2017, the court denied Eshelman's motion to compel finding that the communications between Auerbach and Puma's counsel in the emails are protected from disclosure by the attorney-client privilege. [DE-132].

## II. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant

to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, the documents Puma seeks to seal relate to Eshelman's motion to compel documents in discovery. Given that the discovery process is generally not open to the public, the right of access at issue arises under the common law.[1] *360 Mort. Grp., LLC v. Stonegate Mort. Corp.*, No. 5:14-CV-310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016) (applying the "experience and logic" test, which considers whether the proceeding before the court is of the type traditionally open to the public and whether the proceeding benefits from public access, in determining when the First Amendment right to access applies).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). This presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* (quoting *Rushford*, 846 F.2d at 253). Some factors for consideration when analyzing the common law presumption of access "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d

---

[1] Eshelman argues that in the absence of a public right to access, the documents are governed by the good cause standard set forth in Rule 26(c)( of the Federal Rules of Civil Procedure. [DE-85] at 2. The court need not address this issue as the same result is reached under either standard. *See 360 Mortgage Group, LLC v. Stonegate Mortgage Corp.*, No. 5:14-CV-CV-310-F, 2015 WL 8773262, at *4 n. 1 (E.D.N.C. Dec. 14, 2015).

3

231, 235 (4th Cir. 1984)).

Here, the documents at issue either consist of a discussion between attorney and client or discuss in detail that communication. In light of the court's earlier ruling that the emails are a privileged communication between attorney and client, the presumption for access is rebutted. As the court observed earlier, "[t]he attorney client privilege is the oldest of the privileges for confidential communications known to the commons law." [DE-132] at 4 (quoting *Upjohn v. United States*, 449 U.S. 383, 389 (1981)). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389. The interest served by maintaining the confidentiality of the attorney-client communication in this case outweighs any countervailing interest the public might have in reviewing the document. *See Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 1781945, at *2 (S.D. W. Va. Apr. 15, 2015) (finding good cause to keep document of a privileged communication between attorney and client sealed from public access).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge the request. *In re Knight*, 743 F.2d at 235 (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474–76 (6th Cir. 1983)). Here, the only opposition to the motion has been from Eshelman, who argues Puma's motions to seal should be denied because the material sought to be sealed is not protected by the attorney-client privilege. [DE-91] at 2–3. The court, however, determined otherwise and denied Eshelman's motion to compel.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision, to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate

4

record for review." *In re Knight*, 743 F.2d at 235 (citation omitted). Because, as described above, the exhibits in question contain privileged communications, the court determines that alternatives to sealing do not exist. Moreover, the court finds alternatives to sealing inadequate, specifically that redaction would render the documents meaningless and the disclosure of the remaining material would not aid the public in understanding the issues presented in this case.

## III. CONCLUSION

For the reasons set forth above, Puma's motions to seal [DE-84] and for leave to file materials under seal [DE-90] are ALLOWED. Accordingly, [DE-79], [DE-80], [DE-80-1] through [DE-80-6], and [DE-87] through [DE-89] shall be sealed in accordance with Local Civil Rule 79.2.

SO ORDERED, the 7th day of August 2017.

Robert B. Jones, Jr.
United States Magistrate Judge