IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Puma's motions to seal (1) Eshelman's objection to the August 1, 2017 order [DE-132] denying Eshelman's motion to compel portions of certain e-mails, which were found to be protected by the attorney-client privilege [DE-137]; (2) Eshelman's memorandum in support of the objection [DE-138]; and (3) Puma's response in opposition to Eshelman's objection [DE-147]. [DE-141, -148]. Eshelman opposes the motions. [DE-144, -151].

The court previously sealed Eshelman's motion to compel, his accompanying filings, and Puma's responsive briefing. [DE-133]. Eshelman's objection to the August 1, 2017 order denying his motion to compel and Puma's responsive briefing discuss much of the same material that the court previously sealed. Accordingly, Puma's motions to seal are allowed for the same reasons stated in the prior order sealing the motion to compel and related documents. *See id.* at 3–5 (citing *360 Mort. Grp., LLC v. Stonegate Mort. Corp.*, No. 5:14-CV-310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The Clerk shall seal Eshelman's objection [DE-137], memorandum in support [DE-138], and Puma's response [DE-147] in accordance with Local Civil Rule 79.2.

Puma also filed the memorandum in support of its motion to seal as a proposed sealed document. [DE-142]. While the motion to seal must be filed as a public document, the memorandum in support may be filed under seal with court approval. Local Civil Rule 79.2(b)(1); CM/ECF Policy Manual § V.G.1(b). It is not apparent what content in the memorandum merits sealing the document. The memorandum contains none of the privileged communications found in the documents previously sealed, but rather largely recites language from the August 1, 2017 order, which was not sealed, and the applicable legal standards. [DE-142] at 1–4. Accordingly, Puma shall have seven (7) days to file a response to this order demonstrating why the memorandum merits sealing. In the event no response is filed, the clerk shall unseal the memorandum [DE-142] without further order.

SO ORDERED, the 14 day of September 2017.

Robert B. Jones, Jr.
United States Magistrate Judge