IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | |
|---|---|
| FREDRIC N. ESHELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PUMA BIOTECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |

Defendant Puma Biotechnology, Inc. ("Defendant") has moved to seal certain portions of documents located on the docket at [DE-161], and [DE-161-1] through [DE-161-5]. [DE-164]. Plaintiff Fredric N. Eshelman ("Plaintiff") opposes the motion. [DE-203]. All matters raised in the briefing are ripe for decision. The motion has been referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). [DE-191]. For the reasons stated below, Defendant's motion is allowed in part and denied in part.

## I. BACKGROUND

On October 18, 2017, Plaintiff filed a motion to compel the production of unredacted documents responsive to Requests for Production Nos. 10, 19–25. [DE-160]. Plaintiff's motion was supported by his memorandum and attachments [DE-161 through 161-5], all of which are the subject of Defendant's motion to seal. Upon their filing, Plaintiff's supportive memorandum and attachments were sealed provisionally by the clerk per the parties' joint protective order because they contained materials considered confidential by one party.

On October 23, 2017, Defendant moved to seal certain portions of Plaintiff's memorandum and attachments on the ground that the documents contained confidential information, as defined

in the Joint Stipulated Protective Order. Def.'s Mem. [DE-165] at 3. On November 6, 2017, Plaintiff filed an omnibus opposition to Defendant's motion to seal, as well as to subsequent motions to seal filed by Defendant apart from this one. Pl.'s Opp'n. [DE-203].

## II. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Defendant seeks to seal deposition transcripts, and the memorandum itself to the extent it references the deposition transcripts. Def.'s Mem. [DE-165]. Given that the discovery process is generally not open to the public, any right of access would arise under the common law. *360 Mort.*

*Grp., LLC v. Stonegate Mort. Corp.*, No. 5:14-CV-310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016 (applying the "experience and logic" test, which considers whether the proceeding before the court is of the type traditionally open to the public and whether the proceeding benefits from public access, in determining when the First Amendment right to access applies). The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). This presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 845 F.2d at 253). Some factors for consideration when analyzing the common law presumption of access "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, Defendant moves to seal Plaintiff's memorandum in support of his motion to compel, as well as portions of the attached exhibits. Although those submissions are currently under seal in their entirety, pending decision by the court, Defendant now asks the court only to keep under seal certain enumerated portions of Mr. Zavrl's fact deposition [DE-161-1], Mr. Auerbach's fact deposition [DE-162-2, -3], and Mr. Auerbach's 30(b)(6) deposition [DE-161-4, -5].[1] Defendant argues that the depositions contain business information of the kind considered "confidential" pursuant to the Joint Stipulated Protective Order, [DE-59]. Def.'s Mem. [DE-165] at 3. Defendant

---

[1] Defendant's memorandum lists specific pages and line numbers of each attachment that it argues are confidential and should be sealed. Def.'s Mem. [DE-165] at 2–3. The court incorporates the enumerated list in this order.

3

posits that, rather than seal the documents in their entirety, the court should either redact the enumerated pages and line numbers from the attachments or require Plaintiff to re-file his motion with only the portions of the transcripts that he contends are required for a ruling on his motion to compel, excluding the specific portions that Defendant considers confidential. Def.'s Mem. [DE-165] at 1.

Preliminarily, the court notes that Defendant has filed a subsequent motion to seal documents with respect to Plaintiff's Statement of Material Facts, [DE-171], regarding its Motion for Partial Summary Judgment, [DE-169]. [DE-195]. Plaintiff attached to his Statement of Material Facts the same depositions of Mr. Zavrl and Mr. Auerbach that are at issue here. [DE-171-2, -5, -8]. In its motion to seal documents as it pertains to [DE-171], Defendant only seeks to have particular lines of Mr. Auerbach's fact deposition sealed, and does not request that any part of Mr. Zavrl's deposition [DE-171-5], or Mr. Auerbach's 30(b)(6) deposition, [DE-171-8], be sealed. Further, the particular lines of Mr. Auerbach's fact deposition specified for sealing pertaining to [DE-171] are not the same as those lines specified for sealing pertaining to the instant motion, [DE-164]. The two requests only overlap with respect to the following portions of Mr. Auerbach's fact deposition: 43:1–52:16, 232:14–261:3, 270:15–271:18, 271:25–272:19, and 284:17–287:14. [DE-165, -195]. Accordingly, because Mr. Zavrl's deposition, [DE-161-1], and Mr. Auerbach's 30(b)(6) deposition [DE-161-4, -5], are publicly available on the docket and Defendant has not sought to seal those depositions in its subsequent motion to seal, the court denies the motion with respect to [DE-161-1, -4, and -5]. *Cf. Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *13 (E.D.N.C. Dec. 11, 2014) (concluding that documents initially filed under seal in support of a motion to compel, but were later filed in connection with the parties' dispositive motion and did not warrant sealing, should not remain sealed, "because the

4

documents will now appear on the public docket, [and] there appears to be little reason to keep another version sealed on the docket."). For the same reason, the court will only consider those portions of Mr. Auerbach's fact deposition, [DE-161-2, -3], that overlap with its subsequent motion to seal the deposition, [DE-195], namely 43:1–52:16, 232:14–261:3, 270:15–271:18, 271:25–272:19, and 284:17–287:14.

The court first considers that the document at issue is a deposition transcript. The Fourth Circuit has held that, in order for a right of access to a document to exist, the document must be a "judicial record." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989). Further, "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 290. Deposition transcripts—"raw fruits of discovery"—are not "judicial records" and thus the right to access does not attach. *See In re Policy Management Systems Corp.*, 67 F.3d 296, 1995 WL 541623, at *3 (4th Cir. Sept. 13, 1995).

Second, the court has reviewed the enumerated list of page and line numbers of the deposition, and finds that these portions do contain sensitive business information—43:1–52:16 contains testimony with respect to specific language of a sensitive business contract, and 232:14–287:14 contains testimony with respect to details surrounding the clinical trial of another drug. Accordingly, the enumerated portions of [DE-161-2, -3] are confidential and should remain under seal. With respect to Mr. Auerbach's fact deposition, Plaintiff only cites 93:7–95:2 to support its argument to compel, and those lines are not contained in the motion to seal. Pl.'s Mem. [DE-161] at 7. Because the lines referenced in Plaintiff's memorandum, [DE-161], do not overlap with those contained in the motion to seal, the memorandum itself does not contain confidential information and thus the motion is denied with respect to [DE-161].

Because CM/ECF does not have the capability of maintaining under seal certain *pages* or *particular lines* of the attachments, the court would either be compelled to place the entire attachments under seal, or require that the document be refiled with the enumerated portions redacted. In light of the court's duty to consider less drastic alternatives to sealing, and Defendant's willingness to tailor its request to specific portions, the court finds that refiling the attachment with the confidential sections redacted is the most efficient remedy. Accordingly, Defendant's motion is DENIED with respect to [DE-161, 161-1, -4, and -5] and ALLOWED with respect to [DE-161-2, -3]. The court orders Plaintiff to re-file [DE-161-2, -3] such that 43:1–52:16, 232:14–261:3, 270:15–271:18, 271:25–272:19, and 284:17–287:14 are redacted, and the Clerk shall unseal [DE-161, 161-1, -4, and -5].

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to seal is ALLOWED in part and DENIED in part.

So ordered, the 2nd day of January 2018.

Robert B. Jones, Jr.
United States Magistrate Judge