IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Puma Biotechnology, Inc. ("Defendant") has moved to seal certain portions of documents located on the docket at [DE-183-5, -6]. [DE-187]. Plaintiff Fredric N. Eshelman ("Plaintiff") opposes the motion. [DE-203]. All matters raised in the briefing are ripe for decision. The motion has been referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). [DE-191]. For the reasons stated below, Defendant's motion is allowed in part and denied in part.

## I. BACKGROUND

On October 27, 2017, Defendant filed a Motion for Summary Judgment. [DE-177]. Defendant's motion was supported by his Memorandum in Support, [DE-178], a Statement of Undisputed Facts, [DE-179], and an Appendix to the Statement of Facts, divided into three separate docket entries [DE-180, -181, -182]. Upon its filing, the third division of the Appendix to the Statement of Facts, [DE-182], was sealed provisionally by the clerk pursuant to the parties' joint protective order because it contained materials considered confidential by one party.

Concurrently, Defendant moved to seal certain portions of [DE-182], namely [DE-182-5, and -6], which contain Alan Auerbach's ("Auerbach") 30(b)(6) deposition and Auerbach's fact deposition, respectively. [DE-187]. On November 6, 2017, Plaintiff filed an omnibus opposition

to Defendant's motion to seal, as well as to other motions to seal filed by Defendant apart from this one. Pl.'s Opp'n. [DE-203].

## II. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). The denial of access under the First Amendment "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

Here, Defendant moves to seal certain portions of two deposition transcripts, [DE-183-5, -6], that were filed in conjunction with its Motion for Summary Judgment. Def.'s Mem. [DE-165].

2

Accordingly, the First Amendment right of access applies. To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

Defendant's motion to seal was filed on October 27, 2017, and it has been accessible to the public on the court's computerized case management and case filing system since that time. [DE-187]. Thus, the public has been provided with notice and an opportunity to object to Defendant's motion. *See Knight*, 743 F.2d at 234 (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010). Although the submissions are currently under seal in their entirety, pending decision by the court, Defendant now asks the court to only keep under seal certain enumerated portions of Mr. Auerbach's 30(b)(6) deposition [DE-183-5], and Mr. Auerbach's fact deposition [DE-183-6].[1] Defendant posits that the depositions contain business information of the kind considered "confidential" pursuant to the Joint Stipulated Protective Order, [DE-59]. Def.'s Mem. [DE-188] at 1. Defendant suggests that, rather than seal the documents in their entirety, the court should instead seal particular passages from those documents. Def.'s Mot. [DE-187] at 2.

---

[1] Defendant's motion lists specific pages and line numbers of each attachment that it argues are confidential and should be sealed. Def.'s Mot. [DE-187] at 2. The court incorporates the enumerated list in this order.

3

Preliminarily, the court notes that Defendant has filed a subsequent motion to seal documents with respect to Plaintiff's Statement of Material Facts, [DE-171], regarding his Motion for Partial Summary Judgment, [DE-169]. [DE-195]. Plaintiff attached to his Statement of Material Facts the same depositions of Mr. Auerbach that are at issue here. [DE-171-2, -7]. In its motion to seal documents as it pertains to [DE-171], Defendant only seeks to have particular lines of Mr. Auerbach's fact deposition, [DE-171-2], sealed, and does not request that any part of Mr. Auerbach's 30(b)(6) deposition, [DE-171-7], be sealed. Further, the particular lines of Mr. Auerbach's fact deposition specified for sealing pertaining to [DE-171] are not the same as those lines specified for sealing in the instant motion, [DE-187]. The two requests only overlap with respect to the following portions of Mr. Auerbach's fact deposition: 43:1–52:16, 157:9–158:17, 232:14–261:3, 270:15–271:18, 271:25–272:19, 284:17–287:14, and 328:11–329:12. [DE-187, -195]. Accordingly, because Mr. Auerbach's 30(b)(6) deposition, [DE-183-5], is publicly available on the docket and Defendant has not sought to seal the deposition in its subsequent motion to seal, the court denies the motion with respect to [DE-183-5]. *Cf. Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *13 (E.D.N.C. Dec. 11, 2014) (concluding that documents initially filed under seal in support of a motion to compel, but were later filed in connection with the parties' dispositive motion and did not warrant sealing, should not remain sealed, "because the documents will now appear on the public docket, [and] there appears to be little reason to keep another version sealed on the docket."). For the same reason, the court will only consider those portions of Mr. Auerbach's fact deposition, [DE-183-6], that overlap with its subsequent motion to seal the deposition, [DE-195], namely 43:1–52:16, 157:9–158:17, 232:14–261:3, 270:15–271:18, 271:25–272:19, 284:17–287:14, and 328:11–329:12.

4

The court next must balance the First Amendment right of access against the competing interests identified by Defendant. In that regard, the Fourth Circuit has recognized that, "One exception to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *Woven Elec. Corp. v. Advanced Grp., Inc.*, Nos. 89-1580, 89-1588, 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (quoting *Nixon*, 435 U.S. at 598). The court has reviewed the enumerated list of page and line numbers of the deposition, and finds that these portions do contain sensitive business information—43:1–52:16 contains testimony with respect to specific language of a sensitive business contract, 157:9–158:17 and 328:11–329:12 contain testimony with respect to discussions regarding an acquisition, and 232:14–287:25 contains testimony with respect to details surrounding the clinical trial of another drug. Accordingly, the enumerated portions of [DE-183-6] are confidential and should remain under seal.

Because CM/ECF does not have the capability of maintaining under seal certain *pages* or *particular lines* of the attachments, the court would either be compelled to place the entire attachments under seal, or require that the document be refiled with the enumerated portions redacted. In light of the duty promulgated in *Knight* to consider less drastic alternatives to sealing, the court finds that refiling the attachment with the confidential sections redacted is narrowly tailored to maintain the secrecy of only sensitive business information while also protecting the public's First Amendment right of access. Accordingly, Defendant's motion is DENIED with respect to [DE-183-5] and ALLOWED with respect to [DE-183-6]. The court orders Defendant to refile [DE-183-6] such that 43:1–52:16, 157:9–158:17, 232:14–261:3, 270:15–271:18, 271:25–272:19, 284:17–287:14, and 328:11–329:12 are redacted, and the Clerk shall unseal [DE-183-5].

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to seal is ALLOWED in part and DENIED in part.

So ordered, the 3rd day of January 2018.

Robert B. Jones, Jr.
United States Magistrate Judge