IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Fredric N. Eshelman ("Plaintiff") moves the court to compel Defendant Puma Biotechnology, Inc. ("Defendant") to produce complete, unredacted versions of all documents responsive to Requests for Production Nos. 10, 19–25, for leave to reopen the depositions of Alan Auerbach ("Auerbach") and Frank Zavrl ("Zavrl"), and for attorneys' fees and costs associated with bringing this motion and reopening the depositions. [DE-160]. Defendant opposes the motion. [DE-194]. For the reasons stated below, Plaintiff's motion is allowed.

## I. BACKGROUND

On February 2, 2016, Plaintiff filed a complaint against Defendant and Auerbach, Defendant's chief executive officer and Board Chairman, asserting claims of libel *per se* and libel *per quod* related to statements contained in an allegedly defamatory investor presentation.[1] *See* [DE-1, -5]. Specifically, Plaintiff alleges that in the course of a proxy contest, Defendant posted a link on its investor-relations website to download an "Investor Presentation" that allegedly contained defamatory statements about Plaintiff. Compl. [DE-5] ¶¶ 46–82.

---

[1] Plaintiff voluntarily dismissed Auerbach on May 2, 2016. [DE-27].

On June 3, 2016, Plaintiff served upon Defendant his First Request for Production of Documents ("RFP"), in which Plaintiff sought "[a]ll documents relating to the Proxy Contest" (RFP No. 10). Pl.'s Mot., Ex. A [DE-160-1]. Additionally, with respect to meetings, calls, or conferences during which Plaintiff or the Proxy Contest were mentioned, referenced, or discussed, Plaintiff sought the following: "all draft and final agendas" (RFP No. 19); "all draft and final minutes" (RFP No. 20); "all documents containing edits to, comments on, notes regarding, or advice regarding minutes" (RFP No. 21); "all draft and final transcripts" (RFP No. 22); "all recordings" (RFP No. 23); "all documents, materials, and presentations utilized, distributed, or presented" (RFP No. 24); and "all call logs and meeting invitations" (RFP No. 25). *Id.* Defendant initially objected to RFP Nos. 19–25 "to the extent [they] purport[] to call for Puma to determine whether any of the stated subjects were mentioned, referenced, or discussed during a meeting, call, or conference, without regard to whether the documents themselves refer to those subjects." Pl.'s Mot., Ex. A [DE-160-1]. Defendant then represented by email that it would produce responsive documents, and that, "to the extent [it] did not produce [a document], it is because no such documents were located." *Id.*, Ex. C [DE-160-3]. Defendant did not produce the meeting materials requested in RFP Nos. 19–25 before the close of discovery. *Id.* at 3 [DE-160]. However after discovery had closed and depositions had concluded, Defendant produced redacted versions of board meeting minutes and isolated slides from presentations to Defendant's board that contain Dr. Eshelman's name. *Id.* Plaintiff subsequently requested in writing the complete, unredacted versions of the minutes and presentations. *Id.* at 4. Defendant offered to meet with Plaintiff's counsel "in person to show [them] the unredacted materials so that [they could] see that [Defendant had] not redacted any

information that would be germane in any way to this case." Pl.'s Mot., Ex. E [DE-160-5] at 2. Plaintiff rejected Defendant's offer and resorted instead to filing a motion to compel.

Plaintiff argues that it is entitled to complete and unredacted versions of the meeting materials for the following five reasons: (1) the materials contain important evidence about the circumstances under which Defendant's board developed its hostility toward Plaintiff and drafted and approved the defamatory statements at issue; (2) Defendant did not raise any objections that would entitle it to withhold portions of the responsive Board meeting materials; (3) Defendant's counsel repeatedly represented that the requested materials had already been produced; (4) Defendant has not asserted any privilege objections, and "relevance" redactions are improper; and (5) any concerns with respect to confidentiality can be addressed by designating those materials "confidential" pursuant to the protective order already entered in this case. Pl.'s Mem. [DE-161] at 4–6. Defendant contends that the redacted portions of the documents contain "highly confidential financial information" that are not relevant. Def.'s Opp'n [DE-194] at 6.

Plaintiff also requests leave to reopen the depositions of Auerbach and Zavrl in light of the newly-produced documents. Pl.'s Mem. [DE-161] at 6. Specifically, Plaintiff argues that, by withholding the meeting materials until after the close of discovery, Plaintiff was deprived of the opportunity to: (1) jog witnesses' memories about topics of conversation at particular meetings during which Plaintiff was discussed; (2) lock in their testimony regarding their best recollection of those meetings; (3) establish the timeline evidenced by the materials; and (4) authenticate the materials. *Id.* at 7. Defendant contends that Plaintiff has failed to show cause for reopening the depositions. Def.'s Opp'n [DE-194] at 2.

Lastly, Plaintiff requests that Defendant bear the attorneys' fees and costs associated with bringing this motion and reopening the depositions. Pl.'s Mem. [DE-161] at 8. Plaintiff posits

3

three reasons for why he is entitled to attorneys' fees and costs: (1) Defendant has failed to proffer an explanation for the late production of electronically-stored and searchable documents; (2) Defendant repeatedly and falsely represented in writing that it would produce or had produced the materials; and (3) the deponents live in California and Massachusetts, requiring great expense to reopen the depositions. *Id.* In a footnote in its opposition, Defendant contends that this request should be summarily denied because the depositions should not be reopened. Def.'s Opp'n [DE-194] at 6 n.4.

## II. DISCUSSION

### A. Compel Production of Meeting Materials

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34.

4

Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

Here, Plaintiff argues that the production was both untimely and incomplete. Plaintiff posits that the materials sought contain "important evidence" that "is highly relevant to actual malice," in that the meeting materials "provid[e] further evidence of how [Defendant]'s hostility toward [Plaintiff] evolved over time." Pl.'s Mem. [DE-161] at 4. Defendant, however, contends that such materials contain "highly sensitive and irrelevant business information" and that it attempted to compromise by offering Plaintiff the opportunity to view the unredacted materials in person in order to see that the information is not "germane in any way to this case." Def.'s Opp'n [DE-194] at 6.

5

It is Defendant's burden to demonstrate that production of the complete meeting materials should be denied. Defendant first argues that the materials contain "highly sensitive . . . business information." *Id.* "It is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguard will attend disclosure." 8A Wright & Miller, Fed. Prac. & Proc. § 2043 (3d ed. 1998); *see also David v. Alphin*, No. 07cv11, 2010 WL 1404722, at *8 (W.D.N.C. Mar. 30, 2010) ("[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored."). Further, there is a Protective Order in this case, [DE-59], and Defendant has posited no reason for why the documents could not be disseminated in accordance with the procedures stipulated in the Protective Order. Defendant also argues that the materials are "irrelevant." Def.'s Opp'n [DE-194] at 6. "The fact that a document contains both relevant and irrelevant information is by no means extraordinary." *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2017 WL 1190867, at *2 (D.S.C. Mar. 31, 2017) (citing *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information.")). "Relevance-based redactions are disfavored, because they 'breed suspicions, and they may deprive the reader of context.'" *Wellin v. Wellin*, 2:13-cv-1831-DCN, 2015 WL 5781383, at *5 (D. S.C. Sep. 30, 2015) (quoting *In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009)); *see also David*, 2010 WL 1404722, at *7 ("[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case."). Accordingly, Defendant has not met its burden, and Plaintiff's motion is to compel complete and unredacted meeting materials is allowed.

## B. Reopening of Auerbach and Zavrl Depositions

Pursuant to the Scheduling Order in this case, [DE-54], all discovery was to be completed by September 22, 2017, nearly a month before this motion was filed. As such, the court is treating Plaintiff's request to reopen the depositions of Auerbach and Zavrl as a request to modify the scheduling order. "A schedule may be modified only for good cause. . . ." Fed. R. Civ. P. 16(b)(4). The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1). *See, e.g., Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Wright & Miller, Fed. Prac. & Proc. § 1522.2 (3d ed. 2010)); *McDonald v. Marlboro County*, No. 5:12-CV-1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. Dec. 16, 2013) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL,

7

2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

In related rule provisions, where the parties have not stipulated to the deposition and the deponent has already been deposed, the party moving to reopen the deposition must obtain leave of court, and the court must allow leave to the extent consistent with Fed. R. Civ. P. 26(b)(2). Fed. R. Civ. P. 30(a)(2)(ii). Accordingly, the court may preclude such discovery if it is unreasonably cumulative or duplicative or can be obtained from some other more convenient or less burdensome or expensive source, or if the party seeking the discovery had ample opportunity to obtain the information, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). When considering whether to grant leave to reopen a deposition "the burden is on the opposing party to demonstrate that" Rule 26(b)(2) bars the deposition. *See SMD Software, Inc. v. Emove*, No. 5:08-CV-403-FL, 2014 WL 794031, at *2 (E.D.N.C. Feb. 27, 2014) (citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998)). Thus, this court should deny leave to reopen the depositions of Auerbach and Zavrl if Defendant shows that the information sought is unreasonably cumulative or duplicative, that Plaintiff had ample opportunity to obtain this information, or that the burden of this deposition outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2).

Plaintiff posits that the late production of discovery precluded him from the opportunity to (1) jog witnesses' memories about topics of conversation at particular meetings during which

Plaintiff was discussed; (2) lock in their testimony regarding their *best* recollection of those meetings; (3) establish the timeline evidenced by the materials; and (4) authenticate the materials. Pl.'s Mem. [DE-161] at 7. In support of his arguments, Plaintiff cites portions of deposition transcripts, [DE-161-1 through -5], in which Auerbach and Zavrl testify that they do not remember the answers to particular questions. Pl.'s Mem. [DE-161] at 6–7. Therefore, Plaintiff posits that, had he possessed the untimely-produced documents, he could have garnered more useful testimony from the deponents. *Id.* Defendant counters that Auerbach and Zavrl already extensively testified about the topics covered in the documents, their testimony is not in conflict with the documents, and that further testimony would not yield new information. Def.'s Opp'n [DE-194] at 2–6.

The court finds that Plaintiff has demonstrated good cause pursuant to Rule 16(b)(4) to amend the scheduling order in order to reopen the depositions of Auerbach and Zavrl. Plaintiff diligently followed the scheduling order—requesting the documents in a timely manner, discussing Defendant's objections with counsel in a timely manner, and conducting the depositions before the close of discovery. There was nothing else Plaintiff could have done to more diligently abide by the scheduling order with respect to these depositions. Defendant, however, has proffered no reason for why it produced the documents after the close of discovery, especially considering that these are electronically-stored documents that directly relate to the proxy contest at issue in this case. While Defendant argues that possession of the documents at deposition would not garner more specific testimony, it is impossible for the court to make such a conclusion when it does not have access to the unredacted documents. Further, Plaintiff has the right to utilize discovered material in depositions, and it would be unfair to allow Defendant to untimely produce materials and then prevent Plaintiff from reopening depositions in order to

question based on those materials. Accordingly, Plaintiff has met its Rule 16(b)(4) burden and Defendant has failed to demonstrate that any of the enumerated bars to deposition articulated in Rule 26(b)(2) apply.

### C. Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees and costs associated with the filing of the motion to compel and the reopened depositions. [DE-160] at 1. Rule 37(c)provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). The court may impose fees and expenses "[i]n addition to or instead of" other sanctions. Fed. R. Civ. P. 37(c)(1). "Beyond courts' power to sanction under the Rules, federal courts also have the inherent power to impose sanctions on parties who abuse the judicial process." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "However, where the Federal Rules of Civil Procedure already provide for adequate sanctions, courts should first rely on the Rules before exercising their inherent powers." *Id.* Here, Defendant failed to timely produce certain meeting materials, resulting in the need to reopen two depositions. Accordingly, the court finds that Defendant shall bear the costs of those depositions, not to include Plaintiff's attorney's fees. In declining to award attorney's fees related to the reopened depositions or the filing of the motion to compel, it is significant that Plaintiff failed to certify that he attempted to resolve the issues presented here prior to filing the motion, particularly given Plaintiff's rejection of Defendant's offer to allow him to review the unredacted documents in person in order to avoid court intervention. *See* Local Civil Rule 7.1(c)(2) ("Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.");

10

7.1(c)(1) (defining a "discovery motion" as "any motion or other request to the court that seeks to enforce . . . any of the procedures in any of Rules 26 through 37 of the Federal Rules of Civil Procedure . . . ."). Accordingly, Defendant shall only bear the costs related to the reopened depositions.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Complete and Unredacted Versions of Belatedly Produced Board Materials and to Reopen Depositions for Testimony Relating to Same [DE-160] is ALLOWED. Defendant is ordered to produce the unredacted documents at issue within fourteen (14) days, and the depositions of Auerbach and Zavrl are ordered to occur within twenty-one (21) days from the date of production. Defendant is ordered to bear the costs of reopening the depositions of Auerbach and Zavrl.

So ordered, the 8th day of January 2018.

Robert B. Jones, Jr.
United States Magistrate Judge