| | |
|---|---|
| FREDRIC N. ESHELMAN, | ) |
| | ) |
|     *Plaintiff*, | )    Case No. 7:16-cv-00018-D |
| | ) |
| v. | ) |
| | ) |
| PUMA BIOTECHNOLOGY, INC. | ) |
| | ) |
|     *Defendant*. | ) |
| | ) |

## ORDER

Before the Court is Plaintiff Dr. Frederic N. Eshelman's Motion to Seal Two Pages of Sensitive Testimony Regarding a Non-Party. After considering the Motion, the parties' arguments, and other matters of record, the Court concludes that the Motion is meritorious and should be GRANTED.

The public has been given notice of Dr. Eshelman's Motion to Seal and had a reasonable opportunity to challenge it. Although there is a strong presumption of public access to judicial records, information can be sealed where there is a "compelling interest" to do so. *Doe v. Public Citizen*, 749 F.3d 246, 269-70 (4th Cir. 2014). The privacy interests of non-parties are compelling interests that justify sealing. *See United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985) (privacy interests of third parties "overrid[e]" First Amendment's presumption of access); *Brigham Young Univ. v. Pfizer, Inc.*, 281 F.R.D. 507, 511-12 (D. Utah 2012) (even with judicial documents, a court must "balance the ... private interests of innocent third-parties"); *Nettles v. Farmers Ins. Exchange*, No. C06-5164RJB, 2007 WL 858060, at *1-2 (W.D. Wash. Mar. 16, 2007) (granting motions to seal with respect to employment information regarding third parties). Any challenge to Dr. Eshelman's Motion was not meritorious. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 7.1 and 79.2, Section V(G) of the CM/ECF Policy Manual, and this

Court's Joint Stipulated Protective Order (ECF 59), it is hereby ORDERED that:

1. Lines 177:14-178:24 of Exhibit 79 to Puma's Statement of Undisputed Facts in Support of Summary Judgment [Docket Entry 183-4] are hereby sealed; and

2. Docket Entry 183-4 shall be replaced with Docket Entry 198-1.

SO ORDERED, THIS **12** DAY OF JANUARY, 2018.

*Dover*
Judge