IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On January 8, 2018, Magistrate Judge Jones granted Fredric Eshelman's ("Eshelman" or "plaintiff") motion to compel but declined to award attorney's fees. See [D.E. 246] 4–10. On January 22, 2018, Eshelman appealed Judge Jones's order [D.E. 257], filed a memorandum in support [D.E. 258], and argued that Judge Jones erred in denying attorney's fees. See [D.E. 258] 3–5. On February 5, 2018, Puma Biotechnology, Inc. ("Puma" or "defendant") responded in opposition [D.E. 271].

This court can modify or set aside a magistrate judge's order if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In declining to award attorney's fees to Eshelman, Judge Jones found it "significant that [Eshelman] failed to certify that he attempted to resolve the issues presented . . . prior to filing the motion, particularly given [Eshelman's] rejection of [Puma's] offer to allow him to review the unredacted documents in person in order to avoid court intervention. See Local Civil Rule 7.1(c)(2)." [D.E. 246] 10.

Eshelman admits that his motion to compel did not include a certification from his counsel pursuant to Local Civil Rule 7.1(c)(2). See [D.E. 258] 3–4; cf. Local Civil Rule 7.1(c)(2) ("Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions."). Eshelman argues, however, that his attorneys did meet and confer

in good faith with Puma's attorneys and attached "correspondence demonstrating in detail their good faith efforts to do so." Id. at 3. Eshelman then argues that Judge Jones elevated form over substance in construing Local Civil Rule 7.1(c)(2) to require a signed certification. See id. at 4.

The court rejects Eshelman's understanding of Local Civil Rule 7.1(c)(2) and Judge Jones's order. Filing correspondence between counsel concerning a discovery dispute is not a substitute for the certification that Local Civil Rule 7.1(c)(2) requires. Such correspondence often reflects anything but a good faith effort to resolve a discovery dispute. Moreover, even though not required to do so, this court has reviewed the correspondence attached to Eshelman's motion to compel, and it shows that Eshelman's counsel unreasonably refused to meet with Puma's counsel in person to review the unredacted material in dispute. See [D.E. 160-5]. Notably, in declining to award attorney's fees, Judge Jones mentioned this unreasonable behavior. See [D.E. 246] 10 (noting Eshelman's "rejection of [Puma's] offer to allow [Eshelman's counsel] to review the unredacted documents in person in order to avoid court intervention."). Judge Jones's decision to decline to award attorney's fees is not clearly erroneous or contrary to law. Thus, the court denies Eshelman's appeal of Judge Jones's order.

In sum, the court DENIES Eshelman's appeal of Judge Jones's order concerning attorney's fees [D.E. 257].

SO ORDERED. This 20 day of September 2018.

/s/ Dever<br>
JAMES C. DEVER III<br>
Chief United States District Judge

2