IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | |
|---|---|
| FREDRIC N. ESHELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PUMA BIOTECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |

On March 12, 2018, Fredric Eshelman ("Eshelman") moved to compel Puma Biotechnology, Inc. ("Puma") to produce complete, unredacted deposition transcripts, deposition videos, and deposition exhibits relating to the depositions of Puma witnesses in Hsingching Hsu v. Puma Biotechnology, Inc., No. 8:15-cv-00865-AG-JCG (C.D. Cal.) [D.E. 276]. Eshelman also filed a memorandum in support and several exhibits [D.E. 277]. On March 26, 2018, Puma responded in opposition [D.E. 285].

"A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e). Eshelman argues that the documents from the Hsu case are relevant because (1) Puma witnesses Alan Auerbach and Charles Eyler reference Eshelman in their testimony in the Hsu case; (2) Eshelman needs the deposition materials to rebut Puma's efforts to falsely smear him as an aggressive outlier whose concerns about Puma were unfounded; and (3) the evidence is relevant to impeach Auerbach and Eyler. See [D.E. 277] 3–4.

Discovery in this case closed on September 22, 2017. See [D.E. 54]. Charles Eyler was deposed in the Hsu case on September 21, 2017. Alan Auerbach was deposed in the Hsu case on

January 28 and 29, 2018. Puma provided Eshelman "37 pages of substantive excerpts from Hsu deposition materials and the complete word indices." [D.E. 285] 7. "The excerpts contain every mention of Dr. Eshelman that occurred during the deposition, and where appropriate, the following page or pages to ensure the production of testimony related to Dr. Eshelman." Id. Puma also invited Eshelman's counsel to use "the indices to indicate additional pages they wished to inspect." Id. Eshelman's counsel declines Puma's invitation and filed the motion to compel.

In this case, Eshelman deposed Auerbach twice, deposed Eyler once, and otherwise engaged in extensive discovery. Puma's duty to supplement is not unlimited and infinite, and Puma has met its obligation in this case. See Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc., No. 07-CV-1047, 2010 WL 2735694, at *1 (E.D. Wis. July 12, 2010) (unpublished); Dong Ah Tire & Rubber Co. v. Glasforms, Inc., No. C06-3359JFRS, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) (unpublished); Fed. R. Civ. P. 26(e)(1). To adopt Eshelman's view of Rule 26(e)(1) would create a substantial burden on litigants that outweighs the benefits given the alternative means of discovering relevant evidence. See Fed. R. Civ. P. 26(b)(1). Moreover, good cause does not exist to modify the scheduling order. See Fed. R. Civ. P. 16(b)(4). Accordingly, the court denies Eshelman's motion to compel.

In sum, the court DENIES Eshelman's motion to compel [D.E. 276].

SO ORDERED. This _2_ day of October 2018.

JAMES C. DEVER III
Chief United States District Judge

2