IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

FREDRIC N. ESHELMAN,                     )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )        **JURY INSTRUCTIONS**
                                         )
PUMA BIOTECHNOLOGY, INC.,                )
                                         )
                    Defendant.           )

<u>Province of Court and Jury</u>

Now that you have heard all of the evidence to be received in this trial and the arguments of

the parties, it becomes my duty to give you the final instructions of the court as to the law that

applies to this case. All of the instructions of law given to you by the court—those given to you at

the beginning of trial, those given to you during the trial, and these final instructions—must guide

and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court and

to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing

arguments. If, however, any difference appears to you between the law as stated by the parties and

the law as stated by the court in these instructions, you, of course, are to be governed by these

instructions. You are not to single out any one instruction alone as stating the law, but must consider

all of the instructions as a whole in reaching your decision.

Neither are you to be concerned with the wisdom of any rule of law stated by the court.

Regardless of any opinion you may have as to what the law ought to be, it would violate your sworn

duty to base any part of your verdict on any view or opinion of the law other than that given in the instructions of the court, just as it would violate your sworn duty as the judges of the facts to base your verdict on anything other than the evidence received in the case.

You were chosen as jurors in this trial to evaluate all of the evidence received and to decide each of the factual questions presented. In resolving the questions presented, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case, or by any public opinion.

Justice—through trial by jury—depends on the willingness of each individual juror to seek the truth from the same evidence presented to all of the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as are now being given to each of you in the instructions of the court.

## Evidence Received in the Case, Stipulations, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all the facts which may have been agreed to or stipulated. When the attorneys on both sides stipulate or agree as to the existence of a fact, I instruct you that the stipulation is to be received by you as evidence, without further proof, and that the facts stated in the stipulation are true and correct. Thus, you may accept the stipulation as evidence, and regard the stipulated facts as proved. The stipulations are contained in the exhibit of stipulated facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the stipulations, to the bald statements of the witnesses, or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts that you find have been proven such reasonable inferences as you feel are justified in light of your experience and common sense.

## Judging the Evidence

A juror should consider the evidence in a trial like any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your common sense in considering and evaluating the evidence in this case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would violate your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

## Exhibits

The exhibits that have been admitted have not all been numbered sequentially. Just because an exhibit number has not been used does not mean anything, and the jury shall draw no inference from the failure to use a given exhibit number.

4

## Direct and Circumstantial Evidence

There are two general types of evidence that are presented during a trial—direct evidence and circumstantial, or indirect, evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. Direct evidence, without any additional evidence or inference, can prove a material fact. For example, a witness's testimony is direct evidence when the witness testifies to what he or she did, saw, or heard. In other words, when a witness testifies about what he or she knows from his or her own personal knowledge by virtue of his or her own senses, that is direct evidence. When a witness's testimony constitutes direct evidence, you need only determine whether you believe the witness. In a few moments, I will give you more instructions to consider in deciding whether to believe a witness. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.

"Circumstantial evidence" is proof of a chain of facts or circumstances tending to prove or disprove any fact in dispute. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You are simply required to find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

5

## The Question Is Not Evidence

The questions that are asked to witnesses in this case are not evidence. Thus, if a party asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the party as any evidence of that fact. Only the answers of the witnesses are evidence.

## Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. Each side of a case may object when the other side offers testimony or an exhibit which that party believes is not properly admissible under the rules of evidence. Only by raising an objection can a party request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against a party because the party has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## Jury's Recollection Controls

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

## Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility or believability of each of the witnesses called to testify in this case, and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of each witness, you should carefully scrutinize all of the testimony given by each witness, the circumstances under which each witness has testified, and all other evidence that tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider each witness's ability to observe the matters as to which he or she has testified, and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

7

## Credibility of Witnesses—Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his of her testimony and accept the testimony with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if any, a witness's interest has affected or colored his or her testimony.

## Credibility of Witnesses—Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

## Bias and Hostility

In connection with your evaluation of the credibility of a witness called by one party, you should specifically consider evidence of resentment or anger that a witness may have towards the other party.

Evidence that a witness is biased, prejudiced, or hostile towards the other party requires you to view that witness's testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.


## Court's Questions to Witnesses

During the course of the trial, I may have occasionally asked questions of witnesses. Do not assume that I hold any opinion on the matters to which my questions may have related. The court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.


## Number of Witnesses Called Is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all of the other evidence, you believe that single witness.

## Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

## Use of Depositions as Evidence

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. You are to consider the credibility and weight of this testimony, insofar as possible, in the same way as if the witness had been present and testified from the witness stand.

No more or no less weight should be given to any piece of evidence based solely upon the format in which it is presented to you, either by a live witness, a videotape of a witness, or the reading of a stenographic transcript of the deposition of a particular witness. You have to decide whether you believe all of the deposition testimony, some of the deposition testimony, or none of the deposition testimony.

## All Evidence Need Not Be Provided

The law does not require a party to call as a witness all persons who may have been present at any time or place involved in a case, or who may appear to have some knowledge of the matter at issue in this trial. The law also does not require a person to produce as exhibits all papers and things mentioned in the evidence in this case.

<u>Corporations as Parties</u>

The fact that the defendant is a corporation shall not affect your decision in any way. A corporation and an individual stand as equals before the law and must be dealt with as equals in a court of justice.

Furthermore, a corporation can act only through its employees, agents, directors, or officers. Therefore, a corporation can be liable for the acts of its employees and agents when the employee, agent, director, or officer acts within the scope of his or her authority for the corporation.

**11**

## Burden of Proof

In this civil action, the party asserting a claim has the burden of proving every essential element of the claim by a certain standard of proof. This is sometimes called the "burden of proof." The two standards of proof at issue in this case are the "preponderance of the evidence" standard and the "clear and convincing evidence" standard.

"To prove by a preponderance of the evidence" or "to prove by the greater weight of the evidence" or "to establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven is more likely true than not true. The preponderance of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. Likewise, the preponderance of the evidence standard does not require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

"Clear and convincing evidence" simply means an amount of evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This rule does not, of course, require proof to an absolute certainty.

You may have heard the phrase, "proof beyond a reasonable doubt." The "reasonable doubt" standard is a stricter standard that applies in criminal cases. That standard does not apply in civil cases such as this. You should, therefore, put the "proof beyond a reasonable doubt" standard out of your minds.

If the party with the burden of proof fails to establish any essential part of a claim by the requisite standard of proof, you should find against the party making the claim.

12

## Issues—Unanimity—Burden of Proof

To resolve the dispute in this case, you will answer several questions or "issues." You will answer "yes" or "no" to each question or issue. Your answer to each question or issue must be unanimous.

Plaintiff Fredric N. Eshelman has the burden of proof on each question or issue. As the party with the burden of proof, plaintiff Fredric N. Eshelman is required to prove, by the appropriate standard of proof, the existence of those facts entitling him to a favorable answer to the question or issue. I will instruct you about the appropriate standard of proof for each question or issue.

## Consider Each Question or Issue Separately

You should consider each question or issue separately. Thus, the fact that you answer "yes" or "no" as to one of the questions or issues should not control your answer as to any other question or issue.

## Nature of the Case

In this case, plaintiff Fredric N. Eshelman alleges that defendant Puma Biotechnology, Inc. wrote and published, with actual malice, false and defamatory statements about plaintiff Fredric N. Eshelman. Specifically, plaintiff Fredric N. Eshelman alleges that defendant Puma Biotechnology, Inc. wrote and published, with actual malice, slides that contain false, defamatory statements about him. The defendant denies these allegations.

To prove his claim, plaintiff Fredric N. Eshelman must prove the following five elements by the appropriate standard of proof:

First: Defendant Puma Biotechnology, Inc. wrote the statements about plaintiff Fredric N. Eshelman;

Second: Defendant Puma Biotechnology, Inc. published the statements about plaintiff Fredric N. Eshelman;

Third: The statements that defendant Puma Biotechnology, Inc. made about the plaintiff Fredric N. Eshelman were defamatory;

Fourth: The statements that defendant Puma Biotechnology, Inc. made were false; and

Fifth: At the time of publication, defendant Puma Biotechnology, Inc. acted with actual malice (i.e., that the defendant either knew that the statements were false or acted with reckless disregard of whether the statements were false).

Plaintiff Fredric N. Eshelman has already proven the first, second, and third elements of his claim. Thus, the court instructs you that plaintiff Fredric N. Eshelman has proven the first, second, and third elements of his claim. You must decide, however, the issues of falsity and actual malice.

Plaintiff Fredric N. Eshelman alleges that defendant Puma Biotechnology, Inc. falsely stated that "Eshelman was replaced as CEO of PPD" after being "involved in clinical trial fraud." In determining whether defendant Puma Biotechnology, Inc.'s statements are false, you must read and consider the statements in the context of defendant Puma Biotechnology, Inc.'s presentation.

14

## Issue One—Falsity of Puma's Statement

### Nature of the Issue

The first issue reads:

"When read in the context of the entire presentation, were defendant Puma Biotechnology, Inc.'s statements that plaintiff Fredric N. Eshelman was 'replaced as CEO of PPD' after being 'involved in clinical trial fraud' false?"

### Falsity

Plaintiff Fredric N. Eshelman has the burden of proving, by the preponderance of the evidence, that defendant Puma Biotechnology, Inc.'s statements, when read in the context of the entire presentation, were false.

A statement or communication is false if it is not substantially accurate. Substantial accuracy does not require every word to be true. A statement or communication is substantially accurate if its substance or gist is true.

In other words, a statement is false when it is materially false, or put another way, if it is not substantially true.

15

<u>Final Mandate—Issue One</u>

As for the first issue, on which plaintiff Fredric N. Eshelman has the burden of proof by a preponderance of the evidence, if you find that plaintiff Fredric N. Eshelman has proven that defendant Puma Biotechnology, Inc.'s statements are false by a preponderance of the evidence, then it would be your duty to answer the first issue "Yes" in favor of plaintiff Fredric N. Eshelman. If, on the other hand, you find that plaintiff Fredric N. Eshelman has not proven that defendant Puma Biotechnology, Inc.'s statements are false by a preponderance of the evidence, then it would be your duty to answer "No" in favor of defendant Puma Biotechnology, Inc.

As the verdict form states, if you answer "No" to the first issue, then the case is over. You will consider the second issue only if you answer "Yes" to the first issue.

16

## Issue Two—Actual Malice

## Nature of the Issue

The second issue reads:

"Did defendant Puma Biotechnology, Inc. act with actual malice when it accused plaintiff Fredric N. Eshelman of being 'replaced as CEO of PPD' after being 'involved in clinical trial fraud'?"

Plaintiff Fredric N. Eshelman has the burden of proving, by clear and convincing evidence, that defendant Puma Biotechnology, Inc. acted with actual malice at the time of the publication of the statements. I have previously instructed you on what the standard "clear and convincing evidence" requires.

17

<u>Actual Malice and Reckless Disregard—Defined</u>

To show that defendant Puma Biotechnology, Inc. acted with actual malice at the time of the publication of the statements, plaintiff Fredric N. Eshelman must prove by clear and convincing evidence that, at the time that defendant Puma Biotechnology, Inc. published the statements that plaintiff Fredric N. Eshelman was "replaced as CEO of PPD" after being "involved in clinical trial fraud," defendant Puma Biotechnology, Inc. either knew that the statements were false or acted with reckless disregard of whether the statements were false. Reckless disregard means that, at the time of the publication of the statements about plaintiff Fredric N. Eshelman, defendant Puma Biotechnology, Inc. had serious doubts about whether the statements were true.

A defendant's mere negligence or mere mistake does not suffice to prove actual malice. Evidence of a defendant's personal hostility or ill will towards the plaintiff also does not constitute evidence of actual malice. Similarly, the failure to investigate alone does not constitute evidence of actual malice.

However, a plaintiff may prove actual malice through various types of circumstantial evidence. For example:

- Evidence that a defendant failed to adequately investigate a statement weakened by inherent improbability, internal inconsistency, or apparently reliable contrary information may support a finding of actual malice.

- A defendant's purposeful avoidance of the truth may support a finding of actual malice.

- A defendant's failure to make any effort to interview a knowledgeable source may support a finding of actual malice.

- Evidence that a defendant conceived a story line in advance of an investigation and then consciously set out to make the evidence conform to the preconceived story may support a finding of actual malice.

**18**

- A defendant's motive for publishing a statement, in combination with evidence of actual malice, may support a finding of actual malice.

- Fabrication of facts may support a finding of actual malice.

- A defendant's refusal to retract a false and defamatory statement may be relevant in showing actual malice.

- Actual malice is a subjective inquiry that focuses on the defendant's state of mind at the time that it published the statement, but the defendant's conduct after it published the statement can be circumstantial evidence of its state of mind at the time that it published the statement.

### Puma's Responsibility for Actions of Its Agents

Defendant Puma Biotechnology, Inc. is responsible for the actions and omissions of its directors and officers acting within the scope of their authority. If one of defendant Puma Biotechnology, Inc.'s directors or officers acted with actual malice, then defendant Puma Biotechnology, Inc. acted with actual malice.

### Final Mandate—Issue Two

As for the second issue, on which plaintiff Fredric N. Eshelman has the burden of proof by clear and convincing evidence, if you find that plaintiff Fredric N. Eshelman has proven that defendant Puma Biotechnology, Inc. acted with actual malice in making statements that plaintiff Fredric N. Eshelman was "replaced as CEO of PPD" after being "involved in clinical trial fraud," then it would be your duty to answer the second issue "Yes" in favor of plaintiff Fredric N. Eshelman. If, on the other hand, you find that plaintiff Fredric N. Eshelman has not proven that defendant Puma Biotechnology, Inc. acted with actual malice by clear and convincing evidence, then it would be your duty to answer "No" in favor of defendant Puma Biotechnology, Inc.

As the verdict form states, if you answer "Yes" to Issue 1 and Issue 2, then you will answer Issue 3. If you answer "No" to Issue 2, then the case is over.

19

## Damages

Members of the jury, I will now instruct you on the issue of damages in this case. Merely because I am instructing you on the issue of damages does not mean, and should not be construed to mean, that I think you should or should not award damages. Rather, as the verdict form indicates, you will reach the issue of damages only if you decide that plaintiff Fredric N. Eshelman has proven, by the appropriate standards, that defendant Puma Biotechnology, Inc. made false statements about plaintiff Fredric N. Eshelman with actual malice.

**20**

## Nature of the Issue

The third issue reads:

"What amount of compensatory damages is plaintiff Fredric N. Eshelman entitled to recover from defendant Puma Biotechnology, Inc.?"

If you determine that defendant Puma Biotechnology, Inc.'s statements were false and made with actual malice, then plaintiff Fredric N. Eshelman is entitled to be awarded compensation for presumed damages even without proof of actual damages or economic harm. Presumed damages are damages that are assumed, without proof, to have occurred to plaintiff Fredric N. Eshelman as a result of the publication by defendant Puma Biotechnology, Inc. of the defamatory statements. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means that you need not have proof that plaintiff Fredric N. Eshelman suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award him damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with actual malice.

Determining the amount of presumed damages is not a task which you can complete with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which plaintiff Fredric N. Eshelman has suffered or will

21

suffer in the future as a result of defendant Puma Biotechnology, Inc.'s publication of the libelous statements. However, any amount that you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award plaintiff Fredric N. Eshelman presumed damages, for example, in a nominal amount that shows that plaintiff Fredric N. Eshelman is entitled to recover from defendant Puma Biotechnology, Inc. You may also, in the exercise of your good judgment and common sense, award plaintiff Fredric N. Eshelman presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of plaintiff Fredric N. Eshelman by defendant Puma Biotechnology, Inc.

As to this issue, you are to base your decision on the rules of law with respect to presumed damages that I have given you. You are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

You will answer this issue by writing in the blank space provided on the verdict form the dollar amount of presumed damages that you have determined to award plaintiff Fredric N. Eshelman under the instructions I have given you.


<u>Taxability of Damages Award</u>

In determining the amount of damages to which plaintiff Fredric N. Eshelman is entitled, you should consider the fact that any damages that you award to plaintiff Fredric N. Eshelman to compensate him for injury to his reputation, harm, pain, embarrassment, and humiliation will be considered taxable income, and he will have to pay federal and state income tax on any such award.

22

## Verdict—Election of Foreperson—Duty to Deliberate—
## Unanimity—Punishment—Form of Verdict—
## Communication with the Court

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. To return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in the form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

23

A form of verdict has been prepared for your convenience.

*[The form of verdict is read to the jury.]*

You will take this form to the jury room and, when you have reached a unanimous agreement as to each question or issue set forth on the verdict form, you will have your foreperson mark your answers, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Please note that all other persons are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on any question or issue.

Finally, if you jurors separate for a night's rest or for any other break at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk among yourselves about this case. All of your deliberations must be conducted as a group within the jury room. Please also remember and follow all of the other instructions that I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations, including restroom breaks, that may occur after you begin your deliberations.

24