IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:16-cv-00018-D |
| v. | ) | |
| | ) | |
| PUMA BIOTECHNOLOGY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF BRUCE W. SANFORD

1.     My name is Bruce W. Sanford, and I am a partner at BakerHostetler LLP in its

Washington, D.C. office.[1]  For more than four decades I have represented clients in a variety of

litigation cases involving defamation claims and the First Amendment.  I have represented nearly

every major media outlet—including The New York Times Co., Hearst Corporation, ABC, NBC,

Fox Television, National Geographic, Grupo Ferre Rangel, Random House, Simon & Schuster

and The E.W. Scripps Co.—and I have also represented a wide variety of multinational companies,

financial institutions and investors. In addition, I have authored a leading treatise on libel and

privacy law *Libel and Privacy* (Aspen Law & Business), supplemented annually, as well as the

trade book *Don't Shoot the Messenger: How Our Growing Hatred of the Media Threatens Free

Speech for All of Us* (The Free Press, a Division of Simon & Schuster, 1999).  My extensive

experience in private practice—especially in the First Amendment arena—has provided me the

---

[1] Although my practice is physically based in Washington, D.C., I am a member in good standing of the
bars of New York, Ohio, and Washington, D.C.  I am also an attorney at law licensed and duly admitted to
practice before all courts in the District of Columbia, New York, and Ohio, the United States Supreme
Court, United States Courts of Appeals for the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth,
Tenth, Eleventh, and D.C. Circuits, and the United States District Courts for the District of Maryland,
Southern District of New York, and District of Columbia.

1

opportunity to be familiar with the fees commonly charged by local lawyers in various parts of the country and by lawyers who work nationally in the specialized area of libel. Over the years I have worked on petitions for court-awarded attorneys' fees by representing parties in fee litigation and appeals, and I have served as an expert witness concerning the reasonableness of attorneys' fees.

2. In this case, Dr. Eshelman's counsel—Clare Locke LLP ("Clare Locke" or the "Firm")—have asked me to render my opinion concerning the reasonableness of the attorneys' fees and hourly rates Dr. Eshelman is requesting from the Court in this matter. I make this Declaration in Support of Dr. Eshelman's Motion for Award of Attorneys' Fees.

3. My educational background is as follows: I graduated from Hamilton College in 1967. Three years later, in 1970, I graduated from New York University School of Law. More information about my professional experience and civic and philanthropic engagement is available at https://www.bakerlaw.com/BruceWSanford.

4. Throughout my career, I have been called on to opine about the reasonableness of attorneys' fees, and courts have relied upon my views in determining the reasonableness of fees. Through my writing and practice, I have become familiar with the attorneys' fees charged by lawyers from coast to coast, including in particular matters involving First Amendment litigation. I have obtained this knowledge in several ways: (1) by serving as counsel to defendants in libel and slander actions; (2) by handling attorneys' fees litigation; (3) by preparing expert declarations in cases; (4) by discussing fees with other attorneys; (5) by obtaining declarations regarding market rates in cases which I represent parties or attorneys seeking fees; and (6) by reviewing attorneys' fees of co-counsel and local counsel when I work collaboratively on defamation litigation with other lawyers.

5. In this case, I have consulted with counsel for Dr. Eshelman regarding their fee

application for their work in this matter culminating in their victory before this Court. After more than three years of extensive, intense litigation, a jury awarded Dr. Eshelman $22.35 million in compensatory and punitive damages.

6. Dr. Eshelman has asked the Court to award him $3,075,897.85 to reimburse his attorneys' fees and return him to the position that he was prior to trial. This value is significantly lower than the gross value of fees that Dr. Eshelman has incurred. In total, Dr. Eshelman's legal professionals devoted time valued at $3,660,214.95 in connection with this case. A summary of those fees is set forth below:

TABLE 1 – GROSS HOURS BILLED

| January 2016 – March 15, 2019 | | | |
|---|---|---|---|
| **Clare Locke Attorneys** | **Hours Billed** | **Rate** | **Value** |
| Thomas A. Clare, P.C. | 298.50 | $710 | $211,935.00 |
| Elizabeth M. Locke, P.C. | 613.20 | $610 | $374,052.00 |
| Megan Meier | 1595.75 | $585 | $930,398.75 |
| Joseph Oliveri | 120.75 | $565 | $68,223.75 |
| Daniel Watkins | 2122.65 | $400 | $849,060.00 |
| Audrey Rabenberg | 836.75 | $325 | $271,943.75 |
| Steven Harrison | 711.75 | $325 | $231,318.75 |
| Attorneys < 120[3] | 125.50 | various | $44,305.00 |
| | | | |
| Law Clerks | 318.15 | $300 | $95,445.00 |
| Paralegals | 2,272.50 | blended rate of $229.15 | $520,741.25 |
| | | | |
| Andrew McVey | 142.10 | $280-$310 | $42,521.50 |

[2] *See* Locke Decl. ¶ 8 n. 1.
[3] Dr. Eshelman is not seeking reimbursement for fees corresponding to lawyers that spent fewer than 120 hours working on this case. Because of Clare Locke's size and limited capacity, from time to time, lawyers who are not specifically assigned as primary attorneys on cases may assist with discrete tasks and discuss strategy or otherwise provide support.

| | | | |
|---|---|---|---|
| Contract Attorneys | 471.40 | $43.00 | $20,270.20 |
| | | | |
| **Total Gross Hours & Fees** | **9,629** | | **$3,660,214.95** |

7.      But for the purposes of his Motion, Dr. Eshelman does not seek the full amount of fees that he has incurred in connection with this case[4] for two reasons. ***First,*** Clare Locke exercised billing judgment from the outset of this case. Each month, Clare Locke partners reviewed all of the time entries submitted by Clare Locke professionals, and from time to time, the Firm reduced the amount of fees it could have billed to Dr. Eshelman as a professional courtesy and for work it deemed to be duplicative, inefficient or administrative. These markdowns have reduced the total fees Dr. Eshelman has incurred by $383,835.85. (Locke Decl. ¶ 45.)

8.      ***Second,*** Dr. Eshelman has excluded several categories of fees from the total amount of attorneys' fees that he has incurred related to this case. Specifically, Dr. Eshelman does not request reimbursement for: (1) $60,731.25 in fees he incurred for work that lawyers and paralegals completed before Puma filed its Motion to Dismiss on April 4, 2016; (2) $44,305 in fees associated with Clare Locke attorneys who worked fewer than 120 hours on this litigation; or (3) $95,445 in fees for work completed by Clare Locke's law clerks. (Locke Decl. ¶ 46.)

9.      As reflected in Table 2 below, these exclusions and markdowns have reduced Dr. Eshelman's total fees by a total of $584,317.10, or approximately 16%:

TABLE 2 – EXCLUDED FEES

| | |
|---|---|
| Attorney and Paralegal Hours Billed before April 4, 2016 | $60,731.25 |
| Attorneys < 120 Hours | $44,305 |
| Law Clerks | $95,445 |
| Voluntary Below-the-Line Write-Off | $383,835.85 |
| **Total Excluded Fees** | **$584,317.10** |

---

[4] Dr. Eshelman's Motion for Attorneys' Fees does not seek reimbursement for any time that was not actually billed to the client. (Locke Decl. ¶ 42.)

4

10. Clare Locke subtracted these excluded fees ($584,317.10) from his gross fees ($3,660,214.95) to identify the amount of fees ($3,075,897.85) for which he now seeks reimbursement. This calculation is depicted in Table 3:

TABLE 3 – TOTAL REQUESTED FEES

| | |
|---|---|
| Gross Fees | $3,660,214.95 |
| Excluded Fees | ($584,317.10) |
| Total Requested Fees | $3,075,897.85 |

11. Dr. Eshelman's Motion requests fees based on Clare Locke's 2016 hourly rates. But in the last three years, Clare Locke has periodically increased the hourly rates it charges its clients, and Clare Locke's 2019 rates are higher than its 2016 rates by a multiplier of 1.5 to 1.75. (Locke Decl. ¶ 14.) In the intervening years after Dr. Eshelman retained Clare Locke, the Firm has hired new associates, named three new partners, and obtained multimillion-dollar jury verdicts on behalf of its clients. But in exercising its billing judgment, Clare Locke has continued to bill Dr. Eshelman at its lower 2016 rates. (Locke Decl. ¶ 29.)

12. In my opinion, for the reasons discussed below, the attorneys' fees and hourly rates that Dr. Eshelman requests are quite reasonable for this litigation.

***Dr. Eshelman's Counsel's Hourly Rates Are Reasonable.***

13. The Supreme Court has held that the starting point for establishing the proper amount of an attorneys' fees award is the number of hours reasonably expended, multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

14. I have become familiar with the nature of this case by reviewing the docket and filed pleadings, counsel's work, and the results obtained throughout the case. I also have been made aware of the rates billed by Dr. Eshelman's counsel, the time spent by each attorney at

various stages of the litigation, and the respective backgrounds and experience for each attorney.

15. I have also reviewed the declarations of Elizabeth M. Locke, P.C., Megan L. Meier, and Andrew K. McVey in Support of Dr. Eshelman's Motion for Reasonable Attorneys' Fees, and counsel's current rates and billing summary for this case. I am intimately familiar with the work product of Clare Locke. In fact, I have worked both with and adverse to the attorneys at Clare Locke LLP in several matters throughout the past nine years. Clare Locke LLP is the leading plaintiff-side defamation law firm in the United States. The specialized knowledge, skills, and work product of Clare Locke's lawyers' command market rates at the high end of Washington, D.C.'s legal marketplace.

16. Clare Locke's capabilities are evidenced by recent victories in high-profile defamation matters throughout the country, which have been covered by national media outlets. For example, in November 2016, Clare Locke obtained a $3 million jury verdict based on *Rolling Stone* magazine's false and defamatory article about an alleged gang rape at the University of Virginia.[5] In another high-profile matter, in June 2018, Clare Locke obtained a $3.375 million settlement, retraction, and public video apology from the Southern Poverty Law Center, Inc. ("SPLC") on behalf of the Quilliam Foundation and Maajid Nawaz, based on statements in the SPLC's *A Journalist's Manual: Field Guide to Anti-Muslim Extremists.*[6]

---

[5] *See, e.g.*, T. Rees Shapiro, *Jury Awards $3 Million in Damages to U-Va. Dean for Rolling Stone Defamation*, WASHINGTON POST (Nov. 7, 2016), *available at* https://www.washingtonpost.com/local/education/jury-to-deliberate-damages-to-u-va-dean-in-rolling-stone-defamation-lawsuit/2016/11/07/e2aa2eb0-a506-11e6-ba59-a7d93165c6d4_story.html?utm_term=.2332faa08aa2; Julia Horowitz & Jill Disis, *Jury Awards $3 Million to UVA Administrator in Rolling Stone Defamation Case*, CNN BUSINESS (Nov. 7, 2016), *available at* https://money.cnn.com/2016/11/07/media/rolling-stone-defamation-jury-award/index.html.

[6] *See* Jack Crowe, *SPLC Apologizes, Pays Settlement to Islamic Reformer it Wrongly Labeled 'Anti-Muslim Extremist'*, NATIONAL REVIEW (June 18, 2018), available at, https://www.nationalreview.com/news/maajid-nawaz-splc-apologizes-settles-extremist-label/; Scott Flaherty, *Southern Poverty Law Center Pays $3.4M to Resolve Defamation Case*, THE AMERICAN

6

17. Dr. Eshelman's case—and the $22.35 million jury verdict Clare Locke LLP secured in this case—also demonstrates the Firm's success and expertise in this field, and it further supports the reasonableness of the rates its lawyers charged in this case.

18. In addition to Clare Locke's trial victories, the Firm has also achieved significant victories outside of the courtroom on behalf of its clients—often obviating the need to file litigation. I have seen, first hand, the results Clare Locke has achieved by obtaining corrections and retractions of defamatory falsehoods that have a significant reputational impact for their clients.

19. Clare Locke's victories, both in and out of the courtroom, have cemented the Firm's reputation as a premier law firm with an expertise in First Amendment issues skilled at litigating complex defamation cases.

20. Clare Locke's performance is an important factor in analyzing whether Clare Locke's hourly rates are reasonable, but I also made certain preliminary determinations to ascertain the appropriateness of Clare Locke's fees in this case.

21. First, I analyzed the nature and extent of *Eshelman v. Puma Biotechnology, Inc.*—taking into account the litigants, the legal and factual issues, the procedural issues, the amount in controversy, and the amount the jury awarded. In my experience, this sort of sharply disputed, complicated defamation litigation between sophisticated and well-financed litigants is properly categorized as complex civil litigation.

22. Next, I assessed the type of law firm that would be capable of leading this sort of complex civil litigation. In my experience, only a law firm with abundant expertise in defamation law would be suitable counsel because the First Amendment imposes numerous procedural and

LAWYER (June 20, 2018), available at, https://www.law.com/americanlawyer/2018/06/20/southern-poverty-law-center-pays-3-4m-to-resolve-defamation-case/.

substantive hurdles to defamation claims.

23.    For example, many states have enacted "anti-SLAPP" laws, which generally allow for early dismissal of defamation claims if plaintiffs cannot make certain evidentiary showings before discovery.[7]  Many anti-SLAPP laws, like California's, require the plaintiff to pay the defendant's attorneys' fees if the plaintiff cannot make the threshold showing, thereby presenting significant legal and financial risk to defamation plaintiffs.  Perhaps no area of tort law confronts plaintiffs with more obstacles to victory than defamation law.  But Clare Locke's expertise in this area of the law enabled the Firm to successfully oppose Puma's motion to dismiss the case based on California's anti-SLAPP law and to obtain dismissal of Puma's subsequent interlocutory appeal to the Fourth Circuit that re-asserted its California anti-SLAPP law challenge.

24.    The stakes were high for Dr. Eshelman in pursuing this case to vindicate his reputation.  A loss would have likely exacerbated the harm that Puma had already caused to his reputation.  Indeed, had Clare Locke lost on the question of whether Dr. Eshelman was replaced as CEO after being involved in clinical trial fraud on the basis that it was not false, the implications could have been catastrophic for Dr. Eshelman.  This was, for all intents and purposes, a "bet the reputation" litigation for Dr. Eshelman.  Moreover, because defamation actions like this one involve matters of principle, and it is frequently impossible for the parties to agree on the economic value of the plaintiff's reputation, settlement is difficult and a party often needs not only an experienced litigation firm, but also experienced trial counsel.  For these reasons, both parties retained law firms with national reputations and specific experience with complex federal litigation.

25.    After receiving Dr. Eshelman's retraction demand, Puma retained Latham &

---

[7] "SLAPP" is an acronym for Strategic Lawsuit Against Public Participation.

Watkins LLP to respond to Dr. Eshelman's retraction demand. Latham & Watkins is one of the largest law firms in the world, with over $3 billion in revenue and it is known for attracting elite lawyers and large corporate clients. Although Latham & Watkins is a full-service law firm, its litigation group is well-respected and has a proven track record successfully defending sophisticated clients in complex litigation cases.

26. After Dr. Eshelman filed the Complaint in this case, Puma retained Wilkinson Walsh + Eskovitz, a boutique litigation law firm in Washington, D.C. Wilkinson Walsh represents clients such as the NFL, Pfizer, Georgia Pacific, and Major League Baseball. The firm has defended numerous Fortune 500 companies in complex civil litigation.

27. For his part, Dr. Eshelman secured defamation counsel who had experience being able to litigate a public figure, actual malice defamation case to a successful verdict.

28. In addition to Clare Locke's subject matter expertise, I also considered for my analysis the fact that at least two other courts have already determined the reasonableness of the rates and fees charged by Clare Locke's lawyers. In 2011, the United States District Court for the Eastern District of Virginia awarded $4,137,345.00 in attorneys' fees for a case where the Court granted the plaintiff's request for specific performance under the terms of a contract, but there was no monetary recovery. The court held that Mr. Clare's and Ms. Locke's rates were reasonable, given their respective expertise, skill, and ability. *Vienna Metro LLC v. Pulte Home Corporation*, Case No. 1:10-cv-00502 (E.D. Va. Aug. 24, 2011), [D.E. 263]. In that case, which was nearly eight years ago, the U.S. District Court for the Eastern District of Virginia concluded that it was reasonable for Mr. Clare to charge an hourly rate of $700, and for Ms. Locke, who was then a fifth-year associate, to charge an hourly rate of $550.

29. In a separate case, a Virginia state court ruled that Clare Locke LLP's hourly rates

were reasonable and awarded the full amount of attorneys' fees the Firm requested, including specifically finding that Ms. Locke's hourly rate of $610—the same hourly rate charged in this case—was reasonable. *See Clare Locke v. Ribiero, et al.*, No. CL16001154 (Va. Cir. Ct. May 10, 2017); (Locke Decl. ¶ 49).

30.　　Given all of these considerations, it is understandable and reasonable that this case was billed on an hourly basis.

### The Fees Dr. Eshelman Paid Are Both Reasonable and Consistent with Prevailing Market Rates.

31.　　Clare Locke's hourly rates for prosecuting this action are reasonable given the experience and expertise of each attorney who worked on this case.

32.　　In the District of Columbia area—the market where Clare Locke is located—courts employ the "Laffey Matrix" matrix to identify the local market rates for lawyers in complex federal litigation cases such as this one. *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354, 374 (D.D.C.), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). In *Laffey*, an attorney compiled a list of rates based on his own experience and conversations with fellow attorneys in the D.C. area.

33.　　In 1989, another attorney named Joseph Yablonski updated that information, employing a similar approach. He also found consistency between these rates and those published in the National Law Journal. Because the rates commanded by attorneys in 1989 would be a poor proxy for the today's market rates, they have been updated to account for inflation. Dr. Michael Kavanaugh took on this task as an expert witness in 1996.

34.　　He updated the 1989 base rates using a measure of inflation called the Legal Services Index (LSI), which is a component of the Consumer Price Index that accounts for nationwide increases in the cost of legal services. The resulting matrix, which is updated each

year proportionate to LSI increases, is called the "LSI-Laffey Matrix."

35. A copy of the LSI-Laffey Matrix is attached as **Exhibit A**. For ease of reference, a screenshot of the LSI-Laffey Matrix is reflected below:

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |

36. All of Clare Locke's attorneys seek reimbursement at hourly rates that fall below the schedule set forth in the LSI-Laffey Matrix.

| Attorney | Billable Rate | LSI-Laffey Rate | Discount |
|---|---|---|---|
| Thomas A. Clare, P.C. | $710 | $894 | $184 |
| Elizabeth M. Locke, P.C. | $610 | $742 | $132 |
| Megan L. Meier | $585 | $658 | $73 |
| Joe Oliveri | $565 | $658 | $93 |
| Daniel P. Watkins | $400 | $455 | $55 |
| Audrey Rabenberg | $325 | $371 | $46 |
| Steven Harrison | $325 | $371 | $46 |

37. Independent of the $584,317.10 markdown that Clare Locke applied to its fees, each of Clare Locke's attorneys' bill hourly rates that fall below the schedule set forth in the LSI-Laffey Matrix.

38. In *Salazar v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015). the U.S. Court of

Appeals for the D.C. Circuit affirmed a fee award based on the LSI-Laffey Matrix. In *Salazar*, the circuit court affirmed the district court's finding that the LSI-Laffey Matrix "is probably a **conservative** estimate of the actual cost of legal services in this area." *Id.* at 65.

39.    By way of reference, Defendant Puma Biotechnology, Inc. retained Daniel Schecter of Latham & Watkins to respond to Dr. Eshelman's pre-filing retraction demand. Mr. Schecter joined Latham & Watkins in 1993. While Mr. Schecter's billable rate has not been disclosed by the Puma, public bankruptcy filings indicate that Latham & Watkins partners who joined the firm two years before Mr. Schecter charge billable rates as high as $1,295.00 per hour.[8] This is substantially more than Clare Locke's named partner's highest billable rate, and more than $400.00 more per hour than the fee schedule set forth in the LSI-Laffey Matrix.

40.    Although Clare Locke's expertise in high-stakes defamation litigation positions the Firm in the upper tier of federal litigators in the country, the fees that it requests are lower than the commonly-accepted rates in the Washington, D.C. area.

41.    As part of my review for this case, I have examined the professional backgrounds of each of the attorneys at Clare Locke referenced in Dr. Eshelman's Motion. Each attorney has credentials commensurate with professionals employed by one of the most respected national law firms, and each attorney has degrees, honors, experience, and professional recognition that place him or her in the highest echelon of attorneys specializing in complex, high-profile defamation litigation. Accordingly, Clare Locke's standard rates increase periodically. But Clare Locke has not raised its rates in connection with this matter for more than three years.

---

[8] *See* Monthly Application for Compensation (Second) of Latham & Watkins LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors-in-Possession for the period January 1, 2018 to January 31, 2018, at 3 [D.E. 236], *In re Rentech WP U.S. Inc.*, No. 17-12958 (Bankr. D. Del. 2017) (Joseph Kronsnoble, who joined the firm in 1991, billed at a rate of $1,295.00 per hour as of the date of filing.).

42.     Co-Founding Partner Thomas A. Clare, P.C. was an equity partner at Kirkland & Ellis prior to starting Clare Locke in 2014 with former Kirkland & Ellis partner Elizabeth M. Locke, P.C.  Mr. Clare and Ms. Locke collectively have approximately 40 years of experience and have been ranked in the Chambers USA Guide for nationwide first amendment litigation and global defamation/reputation management in the Chambers High Net Worth directory.

43.     For 23 years, Mr. Clare has handled high-stakes litigation in federal and state courts across the country.  He has served as lead counsel and lead trial counsel in numerous defamation and invasion of privacy actions.  Earlier in his career, Mr. Clare was featured on *The National Law Journal's* "Defense Hot List" for his successful representation of Nationwide Insurance Company in the first, precedent-setting Hurricane Katrina Insurance coverage case to go to trial.

44.     Mr. Clare is perhaps best known, however, for representing high-profile clients who are targeted in hostile media investigations or the subject of false statements in the press.  He has handled defamation matters for Fortune 500 companies and prominent individuals, including CEOs, hedge-fund managers, university presidents, professional athletes and sports teams, celebrities, journalists, military officials, and other high-profile individuals who find themselves under attack by the media or other interests intent on damaging their reputations.  Mr. Clare was co-lead trial counsel for University of Virginia Dean Nicole Eramo in her defamation action against *Rolling Stone Magazine* in November 2016.  Mr. Clare is also an adjunct professor of law at Georgetown University Law Center where he teaches *Law In A New Media World*, a course focused on emerging trends in defamation and privacy law.

45.     After completing a clerkship in the United States Court of Appeals for the Fifth Circuit, Ms. Locke joined Kirkland & Ellis as an associate where she eventually was elevated to

partner. Ms. Locke has extensive experience handling appeals and amicus briefs in the federal Courts of Appeals and the United States Supreme Court. Most recently, in September 2018, Ms. Locke represented former Alaska Governor and Republican Vice-Presidential nominee Sarah Palin before the U.S. Court of Appeals for the Second Circuit in connection with Ms. Palin's defamation lawsuit against the New York Times. Ms. Locke was also co-lead trial counsel for University of Virginia Dean Nicole Eramo in her defamation action against *Rolling Stone Magazine* in November 2016. Ms. Locke has been an adjunct professor at The George Washington University Law School, teaching Legal Research and Writing and Introduction to Advocacy to first-year law students, and she is also an adjunct professor of law at Georgetown University Law Center where she co-teaches *Law In A New Media World* with Mr. Clare.

46. Ms. Meier is a partner at Clare Locke and has more than a decade of legal experience. After graduating from the University of Michigan Law School, she began her career at Kirkland & Ellis, where she practiced for six years before joining Clare Locke. Ms. Meier played a key role in the 2016 *Rolling Stone* litigation victory, and she spearheaded the $3.375 million settlement involving the SPLC. Ms. Meier was selected as a "Rising Star' by Super Lawyers magazine from 2016 through 2019. Ms. Meier has also taught Continuing Legal Education courses on the law of defamation and the First Amendment.

47. Mr. Oliveri is a partner at Clare Locke. Mr. Oliveri is an accomplished litigator whose practice focuses primarily on complex commercial litigation and defamation at the trial and appellate levels and advising clients facing high-profile reputational attacks. Mr. Oliveri has extensive experience in both federal and state trial and appellate courts and has argued numerous successful motions and examined witnesses at trial. Drawing on his experience as a law clerk on the U.S. Court of Appeals for the Fifth Circuit, Mr. Oliveri has handled numerous successful

appeals for clients before federal and state appellate courts. Mr. Oliveri has been recognized as a "Rising Star" by Super Lawyers magazine from 2014 through 2019. For many years, Mr. Oliveri also taught scholarly writing an Adjunct Professor at The George Washington University Law School. Mr. Oliveri joined Clare Locke after six years at Kirkland & Ellis, where he was first an associate and later a litigation partner.

48.      Mr. Watkins is an associate at Clare Locke. He graduated from the University of Virginia School of Law and has more six and a half years' experience at premier law firms. He has managed litigation on five continents and some of his high-profile work has been featured in national and international publications. He has argued before the U.S. Court of Appeals for the Fourth Circuit and he has managed discovery and served as lead associate in more than a dozen federal cases in the Eastern District of Virginia and the District of Columbia. He was named a "Rising Star" by Super Lawyers magazine from 2016 to 2019.

49.      Based on prevailing market rates detailed above, in my opinion, the credentials and performance of each Clare Locke LLP timekeeper are in line with their respective hourly rates. If anything, their expertise and experience would warrant an upward adjustment *above* the hourly rates set forth in Dr. Eshelman's Petition. It is not surprising that their standard rates have increased to a higher plateau during the representation.

50.      Under the LSI-Laffey Matrix, the prevailing rate for paralegals in Washington, D.C. for the current time period is $202. This amount is approximately $27 lower than the $229.15 rate that Dr. Eshelman seeks reimbursement. But Clare Locke's paralegals have years of experience providing support in defamation cases throughout the country. Clare Locke's senior paralegal, Ise Tiapula, has worked for elite law firms for approximately thirteen years. (Locke Decl. ¶ 27.) This is her fourth multimillion-dollar litigation trial or arbitration on which

Ms. Tiapula has served as lead paralegal in three years. (*Id.*) This particularized experience positions Ms. Tiapula in the highest tier of paralegals practicing in Washington, D.C. Given these considerations, Clare Locke's rate of $229.15 for paralegal time is reasonable.

51.     Based on my personal knowledge of the prevailing market rates of litigators involved in complex federal litigation matters generally, and high-stakes defamation cases specifically, Clare Locke's proposed rates are more than reasonable.

### Given the Complexity of the Issues and the Vast Pre-Trial Record, the Number of Hours Clare Locke Attorneys Spent Litigating This Case Was Reasonable and Necessary.

52.     After identifying the reasonable hourly rates, the Court must determine "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As a threshold matter, Dr. Eshelman is a sophisticated litigant and throughout this litigation, he scrutinized bills carefully. (Locke Decl. ¶ 29.) Clare Locke independently examined its own draft bills and reduced the amounts actually billed to Dr. Eshelman by $383,835.85.

53.     During the discovery phase, Wilkinson Walsh and counsel for Dr. Eshelman spent a similar amount of time on the litigation, and both law firms staffed the matter in a manner that is typical of large and small law firMs. Dr. Eshelman asked Puma to disclose Wilkinson Walsh's standard fees but Puma has so far refused.

54.     In reviewing the docket, it became apparent to me that this case involved complex legal issues and time-consuming discovery-related tasks. I will address each category in turn.

### Briefing and Discovery on Personal Jurisdiction Required Substantial Time.

55.     On April 4, 2016, Puma filed a Motion to Dismiss Dr. Eshelman's Complaint, arguing, among other things, that the United States District Court for the Eastern District of North Carolina lacked personal jurisdiction over Puma because Puma "has no presence in the state." [D.E. 21, at 6.]

16

56.     Accordingly, Dr. Eshelman's counsel was forced to litigate the issue of personal jurisdiction and served requests for documents evidencing Puma's contacts with North Carolina. (Meier Decl. ¶ 21.)

57.     Puma refused to produce responsive jurisdictional documents and filed a Motion to Stay Discovery, which the Court denied because it "lack[ed] merit." (Meier Decl. ¶ 22; [D.E. 34]; Court Order [D.E. 40].)

58.     Only after Dr. Eshelman filed a Motion to Compel Jurisdictional Discovery and the Court ordered Puma to produce documents relating to the jurisdictional question [D.E. 48, 57] did Puma produce *over 45,000* pages of documents evidencing Puma's contacts with North Carolina. (Meier Decl. ¶ 22.)

59.     After forcing Dr. Eshelman to expend substantial resources obtaining and reviewing jurisdictional discovery and briefing the jurisdictional question, *see* [D.E. 20, 21, 22, 25, 28, 29, 31, 48, 49, 52, 55, 62, 63, 69], Puma **stipulated** that this Court had personal jurisdiction over it on the eve of trial. (Meier Decl. ¶ 23; Pretrial Order [D.E. 359].)

### *Briefing on California's Anti-SLAPP Rule Required Substantial Time.*

60.     In addition to time spent preparing and filing Dr. Eshelman's complaint and briefing his opposition to Puma's Motion to Dismiss, Clare Locke spent approximately 35 hours litigating the issue related to California Code of Civil Procedure § 425.16 (referred to as California's Anti-SLAPP statute), which was entirely reasonable under the circumstances. Dr. Eshelman filed a brief opposing Puma's "Anti-SLAPP" motion. [D.E. 28.]

61.     On February 6, 2017, the Court denied Puma's request to dismiss Dr. Eshelman's Complaint pursuant to California's Anti-SLAPP rule, explaining "[b]ecause that court applies North Carolina substantive law and federal procedural law, California's 'Anti-SLAPP' rule ... does

not apply." [D.E. 77 n. 2.]

62.     On March 6, 2017, Puma appealed the Court's denial of its Anti-SLAPP Motion and petitioned the U.S. Court of Appeals for the Fourth Circuit to stay proceedings in the district court. Two days later, Puma petitioned the district court to certify its denial order for interlocutory review. [D.E. 98.] After extensive briefing from the parties, the district court denied Puma's request. [D.E. 112.]

63.     Appellate specialists from both law firms entered the case to handle the Fourth Circuit Appeal. Wilkinson Walsh lawyer Lori McGill, who before joining Wilkinson Walsh clerked on the U.S. Supreme Court, entered the case on behalf of Puma, and Clare Locke attorney Joe Oliveri appeared for Dr. Eshelman. [D.E. 103.]

64.     After Puma filed its appeal to the Fourth Circuit, Dr. Eshelman filed a Motion to Dismiss for Lack of Appellate Jurisdiction.

65.     After nearly three months and multiple briefs, the Fourth Circuit agreed with Dr. Eshelman and summarily dismissed Puma's appeal, finding that "[t]he order that [Puma] seeks to appeal is neither a final order nor an appealable interlocutory or collateral order." *Eshelman v. Puma*, Case No. 17-1291 (4th Cir. 2017) [D.E. No. 30, at 1].

66.     Clare Locke spent approximately 65 hours defending the district court's decision that California Anti-SLAPP statute did not apply in a federal case filed in North Carolina after Puma took an improper interlocutory appeal to the Fourth Circuit. This amount of time, particularly because this issue could have disposed of the entire case, was entirely reasonable under the circumstances.

### *Puma Filed Time-Barred Counterclaims Against Dr. Eshelman.*

67.     After the Court denied Puma's Motion to Dismiss, Puma filed counterclaims

against Dr. Eshelman. [D.E. 86.] This forced Dr. Eshelman to expend more time and resources briefing this issue. [See D.E. 100-101.] Ultimately, the Court dismissed Puma's counterclaims because they were time-barred. [D.E. 116.]

68.    In addition to the amount of time spent reviewing Puma's answer to Dr. Eshelman's complaint, Clare Locke spent approximately 155.75 hours litigating Puma's time-barred counterclaims, which was entirely reasonable under the circumstances. This is especially true because the scope of Puma's counterclaims dramatically expanded the scope of the litigation, including both the document and deposition discovery for the action. (Meier Decl. ¶ 19.)

### *Discovery and Related Motions Practice Required Substantial Time.*

69.    In its Answer, Puma denied—or claimed to lack sufficient information to answer— the overwhelming majority of allegations in Dr. Eshelman's Complaint. [D.E. 86.] But during discovery, Puma's documents and witnesses revealed that it indeed possessed information that would have enabled it to respond to many of the allegations. (Meier Decl. *passim*.)

70.    Discovery and related motions practice required substantial time in this case. The following chart reflects the volume of discovery served by the parties:

| Served by Puma | Served by Dr. Eshelman |
|---|---|
| 20 Interrogatories | 10 Interrogatories (2 of which related to Puma's counterclaims against Dr. Eshelman) |
| 52 Requests for Production | 117 Requests for Production (50 of which related to Puma's counterclaims against Dr. Eshelman) |
| 336 Requests for Admission | 170 Requests for Admission |
| 9 Depositions | 13 Depositions |
| 13 Subpoenas | 22 Subpoenas |
| 454,321 Pages of Documents | 32,359 Pages of Documents |

71.    In connection with the above discovery, the parties briefed and filed numerous motions and memoranda.

72.    For example, even though the parties had stipulated that they would "not produce

or prepare privilege logs with respect to … documents or information withheld on the basis of an objection other than privilege or protection of the attorney work product doctrine," Puma filed a Motion to Compel Dr. Eshelman to Produce a Privilege Log for the documents that he did not produce based on his relevance and attorney-client privilege objections, forcing Dr. Eshelman to incur legal fees briefing the issue. [D.E. 59; D.E. 74, 117, 118.] The Court denied Puma's Motion to Compel. [D.E. 122.]

73. At the beginning of discovery, Dr. Eshelman served discovery requests targeting materials and documents from Puma's Board's meetings that relate to Dr. Eshelman. (Meier Decl. ¶ 24.) Puma's counsel represented that Puma had produced all of the Board documents responsive to Dr. Eshelman's requests. (Meier Decl. ¶ 27.) Dr. Eshelman did not know that Puma's representations were false until one of Puma's Board members admitted during his deposition that there were additional Board materials referencing Dr. Eshelman. (*Id.*) Puma was unable to explain how it failed to identify the materials during discovery. (Meier Decl. ¶ 29.) Accordingly, Dr. Eshelman filed a motion to compel, and the Court sanctioned Puma for disregarding its discovery obligations. [D.E. 246.] Additionally, the Court re-opened discovery and required Puma to pay Dr. Eshelman's expenses connected with the supplemental depositions. (*Id.*)

74. During discovery, Puma also refused to stipulate to the authenticity of Puma's own SEC filings in Dr. Eshelman's Requests for Admission, even though it later put those SEC filings on its own trial exhibit list. (Meier Decl. ¶ 39.)

75. In addition to the issues raised above, Puma's Rule 26(a)(1) Initial Disclosures identified insurance policies with limits totaling $35 million. (D.E. 363, 364, 366.) But three days before trial, Puma sent a portion of a different insurance policy—which it had never before identified or produced—and indicated that "the total of the applicable limits is $6 million." (*Id.*)

76.     As explained in Ms. Meier's Declaration, this belated disclosure required Dr. Eshelman's counsel to divert attention from trial preparation to ensure that Puma had not withheld any other documents and to petition the Court to intervene.  [Meier Decl. ¶ 38.]

77.     Because he is a public figure, the law requires Dr. Eshelman to prove that Puma published its defamatory statements with actual malice. *Gertz v. Welch*, 418 U.S. 323, 342 (1974). This actual malice inquiry focuses on the subjective state of mind of the defendant.  Courts allow defamation plaintiffs to prove the defendants' state of mind by showing circumstantial evidence, (*i.e.* what the defendant knew or should have known leading up to publication.)  Throughout discovery in this case, Dr. Eshelman sought out evidence—both documentary and testamentary— to satisfy his burden to show actual malice.  Dr. Eshelman's counsel deposed witnesses who communicated with Mr. Auerbach, they reviewed nearly 500,000 pages of documents that Puma produced, and they propounded written discovery so they could prove the defendant's state of mind.  These endeavors were expensive and time consuming.  But proving malice was a condition precedent to Dr. Eshelman's success in this case.

78.     Clare Locke spent approximately 1,219 hours during the discovery phase of the case and related motions practice, which I believe was reasonable under the foregoing circumstances.

***Summary Judgment Briefing Required Substantial Time and Effort.***

79.     Puma and Dr. Eshelman each filed a Motion for Summary Judgment on October 27, 2017.  [D.E. 169, 177.]  These pleadings included briefs in support, briefs in opposition, reply briefs, extensive statements of material facts gathered from months of discovery, responses to the opposing party's statement of material facts, counterstatements of material facts, and appendices containing hundreds of exhibits and deposition transcripts.  Collectively, the parties submitted

more than 7,000 pages of materials to the Court.

80.    When the Court re-opened discovery after Puma improperly concealed its Board materials, Dr. Eshelman successfully petitioned the Court to allow him to file supplemental briefing regarding the improperly withheld information.  [D.E. 279, 280, 281, 282, 283.]

81.    Initially, the Court scheduled a hearing on all outstanding motions—including the parties' motions for summary judgment—for September 21, 2018.  [D.E. 288.]  Dr. Eshelman's counsel diligently prepared for this hearing, but it was subsequently removed from the docket due to issues stemming from Hurricane Florence. (Meier Decl. ¶ 43; D.E. 302.)

82.    The Court ultimately denied Puma's Motion for Summary Judgment and granted, in large part, Dr. Eshelman's Motion for Partial Summary Judgment.  [D.E. 304, 306.]

83.    Clare Locke spent approximately 1,088 hours preparing, drafting, and filing its Motion for Summary Judgment and defending against Puma's Motion for Summary Judgement, and preparing for arguments on those Motions.  I believe the time Clare Locke spent briefing summary judgment and preparing for the summary judgment hearing was reasonable under the circumstances.

### *Preparing for Trial Required Substantial Time.*

84.    Preparing for trial in this matter required substantial time.  The parties filed more than a dozen motions *in limine*, asking the Court to make pre-trial evidentiary determinations concerning a variety of factual and legal issues.

| Filing Party | Motion in Limine | Outcome |
|---|---|---|
| Puma | Motion to Exclude A. Auerbach Character Evidence [D.E. 311] | Denied |
| Puma | [Unopposed] Motion to Exclude Evidence of Insurance Policies [D.E. 312] | Granted |
| Puma | Motion to Exclude Puma's and Auerbach's Financials [D.E. 313] | Denied |
| Puma | Motion to Exclude Testimony from Lay Witnesses [D.E. 315] | Denied |
| Puma | Motion to Exclude Unrelated Lawsuits [D.E. 316] | Denied |
| Puma | Motion to Preclude Pl. Counsel from Opining as to Legal Issues [D.E. 317] | Denied |
| Puma | Motion to Exclude Pl.'s Intentions for Damage Award [D.E. 318] | Granted |
| Dr. Eshelman | Motion Exclude Heavily Redacted Docs. [D.E. 320] | Granted |
| Dr. Eshelman | Motion to Exclude Hearsay of Undisclosed Witnesses [D.E. 322] | Granted |
| Dr. Eshelman | Motion to Exclude Corinthian Litigation [D.E. 324] | Granted |
| Dr. Eshelman | Motion to Exclude Ketek Litigation [D.E. 326] | Granted |
| Dr. Eshelman | Motion to Exclude Articles and Op-Eds [D.E. 331] | Granted |
| Dr. Eshelman | [Unopposed] Motion to Exclude Political Information [D.E. 333] | Granted |
| Dr. Eshelman | Motion to Exclude Opinion and Testimony of Dr. Shivdasani [D.E. 335] | Granted |

85.    As reflected above, Dr. Eshelman prevailed on eleven out of the twelve disputed motions *in limine*.  (Meier Decl. ¶ 53.)  Although Dr. Eshelman's counsel spent a substantial amount of time preparing briefs in support and opposition to the motions *in limine*, their labor paid dividends. Resolving these matters helped limit and narrow the scope of evidence presented at trial.  The Court ultimately struck Puma's purported damages expert under *Daubert* and narrowed the evidence that would be admitted at trial.

86.    Counsel for Dr. Eshelman also spent a substantial amount of time conferring with counsel for Puma and developing proposed jury instructions and the proposed verdict form.  (Meier Decl. ¶ 54.)  Specifically, North Carolina's state pattern jury instructions include statements of the law that are materially incorrect and in conflict with the United States Constitution, and Clare Locke carefully edited the pattern jury instructions and crafted correct instructions to ensure that the instructions given adhered to prevailing First Amendment jurisprudence. (*Id*.)

87.    Also, Clare Locke took the laboring oar drafting the parties' joint proposed pretrial order, including the parties' joint stipulated facts, which significantly aided in streamlining the presentation of evidence for the jury at trial.  (Meier Decl. ¶¶ 8, 46.)

88. In addition to these efforts, Clare Locke spent time preparing witnesses, deposition designations, witness outlines, and demonstratives for the streamlined, efficient presentation of evidence to the jury.

89. Clare Locke spent 2,050 hours preparing for and attending trial in this case, which I believe was reasonable under the circumstances.

### Dr. Eshelman's Counsel Billed a Reasonable Number of Hours Based on the Complexity of Issues and the Volume of Discovery in this Case.

90. After more than three years of pre-trial litigation and a four-day jury trial, Dr. Eshelman's counsel request that the Court award fees based on 6,202.35 hours billed by attorneys and 2,244.55 hours billed by Clare Locke paralegals. Dr. Eshelman also seeks reimbursement for 471.4 hours billed by contract attorneys.

91. Counsel's work on this case went well beyond run-of-the-mill legal research and writing. Many of the legal issues set forth in the parties' briefs related to dispositive motions and otherwise impute difficult considerations of Constitutional rights and highly complex analysis.

92. One such example is the substantial time and effort that Dr. Eshelman's counsel dedicated to developing proposed jury instructions. North Carolina's pattern jury instructions include misstatements of the law concerning the actual malice standard. This issue was further exacerbated by North Carolina state appellate court decisions holding that a defamation plaintiff is not required to prove actual malice. *See Shuping v. Barber*, 365 S.E.2d. 712, 89 N.C. App. 242, 244 (1988) ("where words are actionable per se, the law prima facie presume malice."). To cure this error, Dr. Eshelman's counsel drafted proposed jury instructions to reflect controlling First Amendment jurisprudence. (Meier Decl. ¶ 54.)

93. Further, the victories that Clare Locke achieved during discovery and related to Puma's Motion to Dismiss, Puma's Motion for Summary Judgment, and Puma's Motions *in*

*Limine*, reflect that the Firm's careful and considered lawyering paid dividends to Dr. Eshelman's ability to prosecute this case and restore his reputation.

94.     To keep the matter of Dr. Eshelman's counsels' hours in perspective: Puma's corporate counsel Latham & Watkins, recently billed a bankrupt client in excess of $858,000.00 for one month's work, totaling fewer than 850 hours.  *See* **Exhibit B**, Monthly Application for Compensation of Latham & Watkins LLP, No. 17-12958-CSS (Del. Bankr. Feb. 15, 2018), D.E. No. 236.  This is almost as much as Dr. Eshelman's legal team billed for a full year of legal work.

95.     Perhaps the greatest testament to the effectiveness of Clare Locke's advocacy is the jury's significant award.

96.     It is often difficult to predict outcomes in defamation cases because quantifying the appropriate measure of damages is often complicated.  The concept of reputational harm can be nebulous and oftentimes speculative.  But the law recognizes that plaintiffs are entitled to recover damages for specific harms—such as mental anguish, loss of reputation, embarrassment, or humiliation—that flow from the publication of defamatory statements.  And juries have wide latitude and liberty to confer the proper monetary awards to compensate an injured party for such harms, even though they are not readily reducible to pecuniary terms.

97.     All of these reasons underscore the importance of selecting experienced defamation trial counsel in complicated libel cases such as this.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of April 2019, in Palm Beach, Florida.

Bruce W. Sanford

# Exhibit A

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07- 5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06- 5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05- 5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04- 5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03- 6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02- 5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01- 5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00- 5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99- 5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98- 5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97- 5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96- 5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95- 5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |

| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                                    :    Chapter 11
                                                          :
Rentech WP U.S. Inc., *et al.*,[1]                        :    Case No. 17-12958 (CSS)
                                                          :
            Debtors.                                      :    (Jointly Administered)
                                                          :
                                                          :    **Objection Deadline: March 2, 2018 at 4:00 p.m. (ET)**
                                                          :
-----------------------------------------------------------x

## SECOND MONTHLY APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION <u>FOR THE PERIOD FROM JANUARY 1, 2018 THROUGH JANUARY 31, 2018</u>

Name of Applicant:                                   <u>Latham & Watkins LLP</u>

Authorized to Provide Professional Services to:      <u>the above-captioned debtors and debtors in possession</u>

Date of Retention:                                   <u>January 29, 2018 *nunc pro tunc* to December 19, 2017</u>

Period for which compensation
and reimbursement are sought:                        <u>January 1, 2018 through January 31, 2018</u>

Amount of Compensation sought as actual,
reasonable, and necessary:                           <u>$858,546.50 (80% = $686,837.20)</u>

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:                <u>$4,824.04</u>

This is a(n):  <u> X </u> monthly     ____  interim    ____     final application

This monthly application includes 0.00 hours with a value of $0.00 incurred in connection with the preparation of Fee Applications.

---

[1] The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421). The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

Prior Applications Filed:

| Date Filed Docket No. | Period Covered | REQUESTED | | CNO Date & Docket No. | APPROVED | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| | | Fees Requested (80%) | Expenses Requested | | Approved Fees (80%) | Approved Expenses (100%) | Holdback (20%) |
| 2/5/2018 Docket No. 217 | 12/19/2017 – 12/31/2017 | $138,209.20 | $2,990.25 | - | - | - | - |

## COMPENSATION BY PROFESSIONAL
## JANUARY 1, 2018 THROUGH JANUARY 31, 2018

| Name of Professional | Position of the Applicant, Date of Hire, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Alexander F. Cohen | Partner.  Joined firm in 2009.  Member of New York Bar since 1988.  Member of DC Bar since 2009. | $1,395 | 1.0 | $1,395.00 |
| Samuel R. Weiner | Partner.  Joined firm in 1987.  Member of California Bar since 1987. | $1,395 | 11.2 | $15,624.00 |
| Peter M. Gilhuly | Partner.  Joined firm in 1990.  Member of California Bar since 1990. | $1,295 | 119.4 | $161,190.00 |
| Joseph M. Kronsnoble | Partner.  Joined firm in 1991.  Member of Illinois Bar since 1991. | $1,295 | 1.4 | $1,813.00 |
| Peter Rosen | Partner.  Joined firm in 2004.  Member of California Bar since 1978. | $1,250 | 1.0 | $1,250.00 |
| Larry Seymour | Partner.  Joined firm in 2005.  Member of New York Bar since 2002.  Member of California Bar since 2006. | $1,250 | 0.3 | $375.00 |
| Michael Feeley | Partner.  Joined firm in 1988.  Member of California Bar since 1988. | $1,190 | 1.1 | $1,309.00 |
| John Jameson | Partner.  Joined firm in 1985.  Member of California Bar since 1985. | $1,190 | 17.0 | $20,230.00 |
| Kim Boras | Partner.  Joined firm in 1990.  Member of California Bar since 1990.  Member of New York Bar since 2001. | $1,130 | 0.7 | $791.00 |
| Brian Glennon | Partner.  Joined firm in 2001.  Member of California Bar since 2000. | $1,060 | 4.9 | $5,194.00 |
| David Zaheer | Partner.  Joined firm in 2005.  Member of California Bar since 2001. | $1030 | 26.4 | $27,192.00 |
| Julie Crisp | Partner.  Joined firm in 2009.  Member of California Bar since 2009. | $1030 | 0.6 | $618.00 |
| Kimberly A. Posin | Partner.  Joined firm in 2002.  Member of California Bar since 2002. | $1030 | 171.4 | $176,542.00 |
| Elizabeth Oh | Counsel.  Joined firm in 2006.  Member of California Bar since 2006. | $990 | 34.1 | $33,759.00 |
| Aron Potash | Counsel.  Joined firm in 2007.  Member of California Bar since 2007. | $990 | 21.1 | $20,889.00 |

| Ghaith Mahmood | Counsel.  Joined firm in 2007. Member of California Bar since 2007. | $990 | 0.7 | $693.00 |
|---|---|---|---|---|
| Adam E. Malatesta | Associate.  Joined firm in 2010. Member of California Bar since 2010. | $975 | 219.5 | $214,012.50 |
| Katherine Palmer-Ball | Associate.  Joined firm in 2010. Member of New York Bar since 2010. Member of DC Bar since 2013. | $975 | 0.6 | $585.00 |
| Drew Levin | Associate. Joined firm in 2009. Member of California Bar since 2009. | $975 | 0.3 | $292.50 |
| Tracy Tong | Associate.  Joined firm in 2015. Member of New York Bar since 2012. Member of California Bar since 2015. | $975 | 64.4 | $62,790.00 |
| Joseph Curran | Associate.  Joined firm in 2015. Member of Massachusetts Bar since 2013. | $960 | 7.6 | $7,296.00 |
| Jordan Cook | Associate.  Joined firm in 2017. Member of California Bar since 2013. | $885 | 5.0 | $4,425.00 |
| Craig Fitch | Associate.  Joined firm in 2015. Member of New York Bar since 2016. Member of California Bar since 2017. | $755 | 15.1 | $11,400.50 |
| Shawn P. Hansen | Associate.  Joined firm in 2015. Member of California Bar since 2015. | $755 | 110.4 | $83,352.00 |
| Peter Jackson | Associate.  Joined firm in 2016. Member of California Bar since 2016 | $660 | 1.0 | $660.00 |
| Anna Kwan | Senior Paralegal.  Joined firm in 2000. | $405 | 0.7 | $283.50 |
| Anthony Lebron | Senior Paralegal.  Joined firm in 2000. | $385 | 3.9 | $1,501.50 |
| Rick Webster | Paralegal.  Joined firm in 2017. | $380 | 5.5 | $2,090.00 |
| Khadijah Fields | Litigation Services Senior Coordinator.  Joined firm in 2006. | $305 | 1.0 | $305.00 |
| Matthew Baier | Litigation Services Coordinator. Joined firm in 2011. | $265 | 1.9 | $503.50 |
| Hector Munoz | Litigation Services.  Joined firm in 1996. | $265 | 0.7 | $185.50 |
| **TOTAL** | | | **849.9** | **$858,546.50** |

Grand Total $858,546.50
Total Hours 849.9
Blended Rate $1,010.17

## COMPENSATION BY PROJECT CATEGORY
## JANUARY 1, 2018 THROUGH JANUARY 31, 2018

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions | 224.7 | $239,572.00 |
| Automatic Stay/Motions for Relief | 1.5 | $1,462.50 |
| Claims Process/General Creditor Inquiries | 16.6 | $14,307.50 |
| Creditors Committee | 86.4 | $90,529.00 |
| Corporate (Including Disclosure and Governance) | 15.1 | $16,566.00 |
| Employee Matters | 63.6 | $70,829.00 |
| Executory Contracts | 11.3 | $11,017.50 |
| Financing (Cash Collateral) | 177.6 | $173,591.50 |
| Insurance | 1.6 | $1,587.50 |
| Litigation | 19.5 | $17,047.50 |
| Non-Working Travel Time | 12.2 | $14,262.00 |
| Plan  of Liquidation | 91.3 | $84,677.00 |
| Reports and Schedules | 4.1 | $4,106.00 |
| Retention/Fee Matters (Latham) | 6.7 | $5,945.50 |
| Retention/Fee Matters/Objections (Others) | 16.8 | $14,579.50 |
| Tax Matters | 8.8 | $9,016.00 |
| U.S. Trustee Matters | 90.4 | $87,793.00 |
| Utilities | 1.7 | $1,657.50 |
| **Total** | **849.9** | **$858,546.50** |
| **(Excludes 50% of Non-Working Travel Time)** | | **($14,262.00)** |

**EXPENSE SUMMARY**
**JANUARY 1, 2018 THROUGH JANUARY 31, 2018**

| Expense Category | Total Expenses |
|---|---|
| Laser Copy | $226.10 |
| Postage | $1.19 |
| Wireless Data | $16.00 |
| Parking | $47.04 |
| Telephone | $30.88 |
| Travel Expenses | $4,502.83 |
| **TOTAL** | $4,824.04 |

US-DOCS\98765354.3

| TRAVEL EXPENSE DETAIL | | | | |
|---|---|---|---|---|
| **Date Posted** | **Provider** | **Number of People** | **Description** | **Amount** |
| 1/16/18 | The Lawyers Travel Service | One | airfare | $28.47 |
| 1/16/18 | The Lawyers Travel Service | One | airfare | $38.52 |
| 1/16/18 | The Lawyers Travel Service | One | airfare | $688.72 |
| 1/16/18 | The Lawyers Travel Service | One | airfare | $624.34 |
| 1/18/18 | LAX | One | parking | $60.00 |
| 1/17/18 | Hotel Dupont | One | lodging | $361.90 |
| 1/17/18 | The Lawyers Travel Service | One | airfare | $31.06 |
| 1/17/18 | The Lawyers Travel Service | One | airfare | $220.22 |
| 1/17/18 | The Lawyers Travel Service | One | airfare | $75.00 |
| 1/17/18 | The Lawyers Travel Service | One | airfare | $200.00 |
| 1/16/18 | Hotel Dupont | Six | Working meal | $398.40 |
| 1/16/18 | Hotel Dupont | One | lodging | $405.90 |
| 1/16/18 | Hotel Dupont | One | Working meal | $31.82 |
| 1/31/18 | The Lawyers Travel Service | One | airfare | $31.06 |
| 1/30/18 | The Lawyers Travel Service | One | airfare | $38.52 |
| 1/30/18 | The Lawyers Travel Service | One | airfare | $624.34 |
| 1/30/18 | The Lawyers Travel Service | One | airfare | $644.56 |
| **TOTAL** | | | | **$4,502.83** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re:                                                :   Chapter 11
                                                      :
Rentech WP U.S. Inc., et al.,[1]                      :   Case No. 17-12958 (CSS)
                                                      :
        Debtors.                                      :   (Jointly Administered)
                                                      :
                                                      :   Objection Deadline: March 2, 2018 at 4:00 p.m. (ET)
                                                      :
------------------------------------------------------x
```

## SECOND MONTHLY APPLICATION OF LATHAM & WATKINS LLP
## FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
## AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO
## THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
## THE PERIOD FROM JANUARY 1, 2018 THROUGH JANUARY 31, 2018

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated January 29, 2018 [Docket No. 174] (the "**Interim Compensation Order**"), Latham & Watkins LLP ("**Latham**") hereby files this *Second Monthly Application of Latham & Watkins LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors-in-Possession for the Period From January 1, 2018 Through January 31, 2018* (the "**Application**"). By the Application, Latham seeks a monthly allowance pursuant to the Interim Compensation Order with respect to the sums of $858,546.50 as compensation and $4,824.04 for reimbursement of

---

[1]     The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421). The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

actual and necessary expenses, for a total of $863,370.54 for the period January 1, 2018 through and including January 31, 2018 (the "**Compensation Period**").  In support of this Application, Latham respectfully represents as follows:

## Background

1.      On December 19, 2017 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      Latham was retained effective as of the Petition Date by this Court's Order, dated January 29, 2018 [Docket No. 179] (the "**Retention Order**").  The Retention Order authorized Latham to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

3.      All services for which compensation is requested by Latham were performed for or on behalf of the Debtors.

4.      Except to the extent of the retainer paid to Latham as described in the application seeking approval of Latham's employment by the Debtors during the period covered by this Application, Latham has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  Pursuant to Bankruptcy Rule 2016(b), Latham has not shared, nor has Latham agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Latham or (b) any compensation another person or party has received or may receive.

**Fee Statements**

5.    The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Latham's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, Local Rule 2016-2 and all other applicable Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, and the Interim Compensation Order.

**Actual and Necessary Expenses**

6.    A summary of actual and necessary expenses and daily logs of expenses incurred by Latham during the Compensation Period is attached hereto as Exhibit B.  Pursuant to Local Rule 2016-2, Latham represents that it will charge for copying at a rate of $.10 per page.  There is no charge for incoming or outgoing telecopier transmissions.

7.    Regarding providers of online legal research (*e.g.*, LEXIS and WESTLAW), Latham charges all of its clients 90% of the standard usage rates these providers charge, which, due to contractual payments, may not always equal Latham's actual cost.  Latham currently is under contract to pay these providers a monthly guarantee plus any out of contract usage costs. Charging its clients the online providers' standard usage rates allows Latham to cover adequately the monthly guarantee it must pay to these types of providers.

8.    Latham believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, Latham believes that such charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

US-DOCS\98765354.3

**Summary of Services Rendered**

9.      The Latham attorneys who have rendered professional services in these cases are as follows: Alexander Cohen, Samuel R. Weiner, Peter M. Gilhuly, Joseph M. Kronsnoble, Peter Rosen, Larry Seymour, Michael Feeley, Kim Boras, Brian Glennon, John Jameson, David Zaheer, Julie Crisp, Kimberly A. Posin, Elizabeth Oh, Aron Potash, Ghaith Mahmood, Adam E. Malatesta, Katherine Palmer-Ball, Drew Levin, Tracy Tong, Joseph Curran, Jordan Cook, Craig Fitch Peter Jackson and Shawn P. Hansen.

10.     The Latham paraprofessionals who have rendered professional services in these cases are as follows: Anna Kwan, Anthony Lebron, Rick Webster, Khadijah Fields, Matthew Baier and Hector Munoz.

11.     Latham, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

**Summary of Services By Project**

12.     The services rendered by Latham during the Compensation Period can be grouped into the categories set forth below.  These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A attached hereto.

A.    Asset Dispositions

Fees:  $239,572.00          Total Hours:  224.7

This category includes all time spent on matters relating to the disposition of the assets of the Debtors' subsidiaries, including drafting an omnibus reply to the objections to the sale motion, revising the proposed sale orders, drafting a declaration in support of the sale motion, preparing for and attending hearings regarding the sale motion, negotiating and preparing amendments to the New England Wood Pellet, LLC asset purchase agreement, negotiating and drafting the Fulghum Fibres, Inc. asset purchase agreement, drafting an access agreement and other documents relating to the asset purchase agreements, and attending to matters relating to closing the asset sales.

B.    Automatic Stay/Motions for Relief

Fees:  $1,462.50      Total Hours:  1.5

This category includes all time spent on matters relating to the automatic stay.

C.    Claims Process/General Creditor Inquiries

Fees:  $14,307.50      Total Hours:  16.6

This category includes all time spent on matters relating to the claims administration process and creditor inquiries, including revising the bar date order.

D.    Corporate (Including Disclosure and Governance)

Fees:  $16,566.00      Total Hours:  15.1

This category includes all time spent on corporate governance and disclosure matters, including preparing certain required public disclosures and a no-action letter for the Securities and Exchange Commission and preparing for and attending a meeting of Rentech, Inc.'s board of directors.

E.    Creditors Committee Matters

Fees:  $90,529.00          Total Hours:  86,4

This category includes all time spent on matters relating to the Official Committee of Unsecured Creditors, including drafting a non-disclosure agreement, processing diligence requests, communicating regarding the asset sales and various orders, negotiating a revised key employee incentive plan, and attending to formal and informal objections.

F.    Employee Matters

Fees:  $70,829.00      Total Hours:  63.6

This category includes all time spent on matters relating to the Debtors' employees' wages and benefits and other issues relating to employee relations, including attending to issues relating to the employee wages and benefits order, drafting a motion to approve the Debtors' key employee incentive plan, a proposed order relating thereto, and declarations in support thereof, and preparing for and attending a hearing on the key employee incentive plan.

G.    Executory Contracts and Unexpired Leases

Fees:  $11,017.50          Total Hours:  11.3

This category includes all time spent on matters relating to the Debtors' executory contracts and unexpired leases, including issues relating to the Debtors' motion to reject certain unexpired leases.

H.    Financing (Cash Collateral)

Fees:  $173,591.50      Total Hours:  177.6

This category includes all time spent on matters relating to the Debtors' secured lenders, including negotiating with the Debtors' secured lenders regarding issues relating to cash

collateral and debtor in possession financing, drafting a motion to approve debtor in possession financing and certain related documents, drafting a debtor in possession credit agreement and certain related documents, revising proposed orders relating to the cash collateral, debtor in possession financing, and cash management motions, and preparing for and attending a hearing regarding the cash collateral motion.

I.    Insurance

Fees: $1,587.50    Total Hours: 1.6

This category includes all time spent on matters relating to the Debtors' insurance policies or coverage.

J.    Litigation

Fees: $17,047.50    Total Hours: 19.5

This category includes all time spent on matters relating to litigation concerning the Debtors, including drafting a suggestion of bankruptcy and preparing notices

K.    Non-Working Travel Time

Fees: $14,262.00    Total Hours: 12.2

This category includes all travel time not otherwise chargeable.

L.    Plan of Liquidation

Fees: $84,677.00    Total Hours: 91.3

This category includes all time spent on matters relating to the review, formulation, negotiation, preparation, and promulgation of the combined plan of liquidation and disclosure statement and certain documents relating thereto.

M.    Reports and Schedules

Fees: $4,106.00    Total Hours: 4.1

This category includes all time spent on matters relating to the preparation of schedules, statements of financial affairs, operating reports, other reports required by the Bankruptcy Code or the Bankruptcy Rules.

N.    Retention/Fee Matters (Latham)

Fees: $5,945.50        Total Hours: 6.7

This category includes all time spent preparing the application to retain L&W (including the exhibits thereto).

O.    Retention/Fee Matters/Objections (Others)

Fees: $14,579.50        Total Hours: 16.8

This category includes all time spent on matters relating to the preparation of applications for retention of other professionals and other related documents and drafting motions regarding the establishment of procedures for compensation of professionals and the employment of ordinary course professionals.

P.    Tax Matters

Fees: $9,016.00        Total Hours: 8.8

This category includes all time spent on tax issues, including those relating to the combined plan of liquidation and disclosure statement, the debtor in possession credit agreement, and the equity trading motion.

Q.    U.S. Trustee Matters

Fees: $87,793.00        Total Hours: 90.4

This category includes all time spent on issues relating to the U.S. Trustee, including responding to inquiries, drafting documents in response to formal and informal objections, and processing comments to various motions and orders

R.       Utilities

Fees:  $1,657.50       Total Hours:  1.7

This category includes all time spent on matters relating to issues relating to the Debtors' utility providers, including issues relating to the utilities motion and final order.

**Valuation of Services**

13.       Attorneys and paraprofessionals of Latham have expended a total of 849.9 hours in connection with this matter during the Compensation Period, as follows:

| Name of Professional | Hourly Billing Rate | Total Hours Billed |
|---|---|---|
| Alexander F. Cohen | $1,395 | 1.0 |
| Samuel R. Weiner | $1,395 | 11.2 |
| Peter M. Gilhuly | $1,295 | 119.4 |
| Joseph M. Kronsnoble | $1,295 | 1.4 |
| Peter Rosen | $1,250 | 1.0 |
| Larry Seymour | $1,250 | 0.3 |
| Michael Feeley | $1,190 | 1.1 |
| John Jameson | $1,190 | 17.0 |
| Kim Boras | $1,130 | 0.7 |
| Brian Glennon | $1,060 | 4.9 |
| David Zaheer | $1030 | 26.4 |
| Julie Crisp | $1030 | 0.6 |
| Kimberly A. Posin | $1030 | 171.4 |
| Elizabeth Oh | $990 | 34.1 |
| Aron Potash | $990 | 21.1 |
| Ghaith Mahmood | $990 | 0.7 |
| Adam E. Malatesta | $975 | 219.5 |
| Katherine Palmer-Ball | $975 | 0.6 |
| Drew Levin | $975 | 0.3 |

| Tracy Tong | $975 | 64.4 |
| Joseph Curran | $960 | 7.6 |
| Jordan Cook | $885 | 5.0 |
| Craig Fitch | $755 | 15.1 |
| Shawn P. Hansen | $755 | 110.4 |
| Peter Jackson | $660 | 1.0 |
| Anna Kwan | $405 | 0.7 |
| Anthony Lebron | $385 | 3.9 |
| Rick Webster | $380 | 5.5 |
| Khadijah Fields | $305 | 1.0 |
| Matthew Baier | $265 | 1.9 |
| Hector Munoz | $265 | 0.7 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Latham's normal hourly rates for work of this character.  After accounting for the discount applied to non-work travel time, the reasonable value of the services rendered by Latham to the Debtors during the Compensation Period is $858,546.50.

14.    In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Latham is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Latham has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.

WHEREFORE, Latham respectfully requests that the Court authorize that for the Compensation Period, an allowance be made to Latham pursuant to the terms of the Interim Compensation Order, with respect to the sum of $858,546.50 as compensation for necessary professional services rendered (80% of which equals $686,837.20), and the sum of $4,824.04 as

100% reimbursement of actual necessary costs and expenses, for a total of $863,370.54 and that

such sums be authorized for payment and for such other and further relief as this Court may

deem just and proper.

Dated:      February 15, 2018
            Wilmington, Delaware

                              /s/ Peter M. Gilhuly
                              **LATHAM & WATKINS LLP**
                              Peter M. Gilhuly (admitted *pro hac vice*)
                              Kimberly A. Posin (admitted *pro hac vice*)
                              Adam E. Malatesta (admitted *pro hac vice*)
                              355 South Grand Avenue, Suite 100
                              Los Angeles, CA 90071-1560
                              Telephone: (213) 485-1234
                              Facsimile: (213) 891-8763
                              Email: peter.gilhuly@lw.com
                                     kim.posin@lw.com
                                     adam.malatesta@lw.com

                              *Counsel for Debtors and Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                    :   Chapter 11
                                          :
Rentech WP U.S. Inc., *et al.*,[1]        :   Case No. 17-12958 (CSS)
                                          :
            Debtors.                      :   (Jointly Administered)

-----------------------------------------------------------x

### DECLARATION OF PETER M. GILHULY

1.      I am a partner with the applicant firm, Latham & Watkins LLP (the "**Firm**"), and have been admitted to the bar of the State of California since 1990.  I make this certification in accordance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2.      I am familiar with the work performed on behalf of the Debtors by the Firm's professionals.  I have reviewed the *Second Monthly Application of Latham & Watkins LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors-in-Possession for the Period From January 1, 2018 Through January 31, 2018* (the "**Application**"), and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.  Moreover, I have reviewed Local Rule 2016-2, and, to the best of my knowledge, information, and belief formed upon the basis of my participation in these cases, as well as after reasonable inquiry, the facts set forth in the Application materially comply with the provisions of the Local Rules, the Bankruptcy Code, and this Court's orders.

                                          */s/ Peter M. Gilhuly*
                                          Peter M. Gilhuly

---

[1]     The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421).  The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
Rentech WP U.S. Inc., et al.,¹                      :    Case No. 17-12958 (CSS)
                                                    :
              Debtors.                              :    (Jointly Administered)
                                                    :
                                                    :    Objection Deadline: March 2, 2018 at 4:00 p.m. (ET)
-------------------------------------------------------- x
```

## NOTICE OF FEE APPLICATION

TO:      (A) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; AND (B) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**PLEASE TAKE NOTICE** that Latham & Watkins LLP (the "**Applicant**") has filed its *Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Debtors and Debtors-in-Possession for the Period from January 1, 2018 through January 31, 2018* (the "**Application**") with the Court. The Application seeks allowance of interim fees in the amount of $858,546.50 and interim expenses in the amount of $4,824.04.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, are required to be filed on or before **March 2, 2018 at 4:00 p.m. (ET)** (the "**Objection Deadline**") with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 N. Market Street, Wilmington, DE 19801. You must also serve any such objection so as to be received by the following on or before the Objection Deadline: (i) the Debtors, Rentech, Inc., 10880 Wilshire Boulevard, Suite 1101, Los Angeles, California 90024, Attn: Nicole Sykes Powe, Esq.; (ii) counsel to the Debtors, Latham & Watkins LLP, 355 S. Grand Ave., Suite 100, Los Angeles, California 90071-1560, Attn: Peter M. Gilhuly, Esq., and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael R. Nestor, Esq.; (iii) counsel for the Official Committee of Unsecured Creditors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Wojciech F. Jung, Esq.; and (iv) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian, Esq.

---

¹        The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421). The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

**PLEASE TAKE FURTHER NOTICE** THAT PURSUANT TO THE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 174], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES, WITHOUT FURTHER ORDER OF THE COURT.

**PLEASE TAKE FURTHER NOTICE** THAT ONLY IF AN OBJECTION IS PROPERLY AND TIMELY FILED IN ACCORDANCE WITH THE ABOVE PROCEDURES AND CANNOT BE CONSENSUALLY RESOLVED WILL A HEARING BE HELD ON THE APPLICATION.

Dated:    February 15, 2018          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

                                     */s/ Matthew B. Lunn*
                                     Michael R. Nestor (No. 3526)
                                     Matthew B. Lunn (No. 4119)
                                     Rodney Square
                                     1000 North King Street
                                     Wilmington, DE 19801
                                     Telephone: (302) 571-6600
                                     Facsimile: (302) 571-1256
                                     Email: mnestor@ycst.com
                                            mlunn@ycst.com

                                     -and-

                                     Peter M. Gilhuly (admitted *pro hac vice*)
                                     Kimberly A. Posin (admitted *pro hac vice*)
                                     Adam E. Malatesta (admitted *pro hac vice*)
                                     LATHAM & WATKINS LLP
                                     355 South Grand Avenue, Suite 100
                                     Los Angeles, California 90071-1560
                                     Telephone:  (213) 485-1234
                                     Facsimile: (213) 891-8763
                                     E-mail:  peter.gilhuly@lw.com
                                              kim.posin@lw.com
                                              adam.malatesta@lw.com

                                     Counsel for Debtors and Debtors-in-Possession

US-DOCS\98765354.3

# Exhibit A

Fee Statement

US-DOCS\98765354.3

**LATHAM & WATKINS** LLP

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

**INVOICE**

February 15, 2018

Rentech, Inc.
10880 Wilshire Blvd, Suite 1101
Los Angeles, CA 90024
Attn: Nicole Sykes

Please identify your payment with the following:

Invoice No. 1801200725
Matter Number 039517-0101

Tax Identification No.: 95-2018373

**Remittance Instructions**

**WIRE TRANSFERS IN USD:**
Bank: Citibank N.A.
One Penn's Way
New Castle, DE 19720
ABA: 0311-00209
SWIFT: CITIUS33
Account Name: **Latham & Watkins LLP**
Account Number: **3911-7003**

**CHECKS:**
Latham & Watkins LLP
P.O. Box 894256
Los Angeles, CA
90189-4256

* **Note New Remittance Instructions for Checks – Please update your remittance address accordingly**

For services rendered through January 31, 2018

| | Services | Costs | Total |
|---|---|---|---|
| Asset Dispositions | 239,572.00 | | $ 239,572.00 |
| Automatic Stay Issues/Motions for Relief | 1,462.50 | | 1,462.50 |
| Claims Process/General Creditor Inquiries | 14,307.50 | | 14,307.50 |
| Corporate (Including Disclosure and Corporate Governance) | 16,566.00 | | 16,566.00 |
| Creditor Committee Matters | 90,529.00 | | 90,529.00 |
| Employee Matters | 70,829.00 | | 70,829.00 |
| Executory Contracts and Unexpired Leases | 11,017.50 | | 11,017.50 |
| Financing (Cash Collateral) | 173,591.50 | | 173,591.50 |
| Insurance | 1,587.50 | | 1,587.50 |
| Litigation | 17,047.50 | | 17,047.50 |
| Non-Working Travel Time | 14,262.00 | | 14,262.00 |
| Plan of Liquidation | 84,677.00 | | 84,677.00 |
| Reports and Schedules | 4,106.00 | | 4,106.00 |
| Retention/Fee Matters (L&W) | 5,945.50 | | 5,945.50 |
| Retention/Fee Matters/Objections (Others) | 14,579.50 | | 14,579.50 |
| Tax Matters | 9,016.00 | | 9,016.00 |
| U.S. Trustee Matters | 87,793.00 | | 87,793.00 |
| Utilities | 1,657.50 | | 1,657.50 |
| Disbursements | | 4,824.04 | 4,824.04 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018

|  | Services | Costs | Total |
|---|---|---|---|
| Total Services and Costs | 858,546.50 | 4,824.04 | $ 863,370.54 |
| Prior Balance Due |  |  | 175,751.75 |
| **Total Due** |  |  | **$ 1,039,122.29** |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | P M Gilhuly | .50 | Review of First Day Hearing Transcript regarding asset sale issues (.3); messages to/from N. Sykes regarding 1/17 asset sale hearing (.2) |
| 01/02/18 | KA Posin | .20 | Draft response to S. Teatro |
| 01/02/18 | D A Zaheer | .80 | Review access agreement (0.4); Communications with A. Potash regarding same (0.4) |
| 01/02/18 | A Potash | 5.60 | Draft summary of New England Wood Pellet buyer's revisions to draft access agreement for Pennsylvania facility environmental sampling and suggestions for responding to same (1.5); review feedback from client on access agreement (.4); revise access agreement to respond to buyer's comments and incorporate client feedback (1.2); discuss access agreement and Pennsylvania Act 2 environmental remediation requirements with D. Zaheer, M Feeley, N Sykes, and buyer counsel (.7); review Pennsylvania Act 2 environmental remediation requirements (1.3); draft summary of Pennsylvania Act 2 environmental remediation requirements (.5) |
| 01/02/18 | T K Tong | .40 | Correspondence regarding NEWP closing checklist with D. Zaheer and buyer's counsel (0.4) |
| 01/03/18 | P M Gilhuly | .60 | Conference with P. Summers, N. Sykes and C. Cummins regarding price offer issues (.6) |
| 01/03/18 | D A Zaheer | .30 | Communications with A. Potash regarding access agreement |
| 01/03/18 | A Potash | 3.90 | Discuss with D. Zaheer, N. Sykes, M. Feeley, and counsel to purchaser of New England Wood Pellets updates to draft access agreement for Pennsylvania facility environmental testing, ramifications of Pennsylvania Act 2 program application, and strategy for dealing with purchaser (0.4); review Pennsylvania Act 2 regulations governing Buyer/Seller agreements and consent agreements (1.6); review and revise updated draft of access agreement provided by purchaser (1.2); draft summary of suggested changes to access agreement (0.7) |
| 01/03/18 | T K Tong | 1.70 | Review closing checklist relating to NEWP sale and providing comments (1.0); review assignment agreement relating to assignment of NEWP intellectual property (0.7) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

3

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/04/18 | P M Gilhuly | .40 | Review of C. Cummings/C. Coleman correspondence regarding price offer (.2); messages to/from C. Coleman regarding price offer (.2) |
| 01/04/18 | D A Zaheer | 1.60 | Closing checklist call (0.6); Call with Rentech and NEWP regarding payoff logistics (1.0) |
| 01/04/18 | A Potash | 4.40 | Calls with B. Cahoon, M. Feeley, N. Sykes, and D. Zaheer to discuss proposed environmental sampling at Allegheny, Pennsylvania New England Wood Pellets facility, obtaining environmental insurance for facility, seeking covenant not to sue from Pennsylvania Department of Environmental Protection, and strategy for protecting Rentech in connection with environmental sampling (2.2); prepare questions for B. Cahoon regarding environmental sampling and covenant not to sue (.7); review revised draft of access agreement from B. Cahoon and draft suggested edits to same (.9); draft summary of environmental sampling and access agreement considerations (.6) |
| 01/04/18 | A E Malatesta | .30 | Conference call with K. Posin regarding asset dispositions (.2); telephone conference with P. Gilhuly regarding same (.1) |
| 01/04/18 | T K Tong | 2.60 | Call with N. Sykes and D. Zaheer to review NEWP closing checklist (0.4); Drafting letter agreement relating to waiver of consent under Squantum Road lease for NEWP transaction (1.8); Finalizing comments on closing checklist for NEWP transaction and sending to buyer's counsel (0.4) |
| 01/05/18 | M S Feeley | 1.10 | Review draft access agreements and discussions with A. Potash on terms |
| 01/05/18 | P M Gilhuly | 1.30 | Conference with C. Coleman, C. Cummins and price group regarding price offer (.8); calls and messages to/from C. Cummins regarding price offer (.3); drafting memorandum to P. Summers and N. Sykes regarding price conversation (.2) |
| 01/05/18 | KA Posin | .70 | Converse with D. Zaheer regarding sale process (.2); review Fulghum sale analysis (.3); draft email to K. Eide regarding lien release (.2) |
| 01/05/18 | D A Zaheer | 1.20 | Review Second Amendment to APA (1.0); Communications with Buyer counsel regarding same (0.2) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|------------|-------|-------------|
| 01/05/18 | A Potash | 3.30 | Revise access agreement for Pennsylvania wood pellet facility for purchaser to perform environmental sampling (.8); discuss access agreement with N. Sykes and purchaser counsel (.7); prepare for negotiation with purchaser counsel (1.2); review Phase I report for Pennsylvania site (.6) |
| 01/05/18 | T K Tong | .20 | Correspondence regarding NEWP checklist and closing deliverables (0.2) |
| 01/06/18 | T K Tong | .50 | Drafting waiver of consent under Squantum Road lease relating to NEWP transaction (0.5) |
| 01/07/18 | P M Gilhuly | .20 | Review of Fulghum APA waivers (.2) |
| 01/07/18 | KA Posin | .30 | Review and circulate asset purchase agreement amendments to K. Eide (.3) |
| 01/07/18 | D A Zaheer | .20 | Communications with A. Potash regarding Access Agreement |
| 01/07/18 | A Potash | .90 | Communicate with N. Sykes, P. Summers, and D. Zaheer regarding access agreement and planned sampling (.7); review access agreement (.2) |
| 01/07/18 | T K Tong | .10 | Attention to correspondence (0.1) |
| 01/08/18 | P M Gilhuly | 1.10 | Conference with P. Summers, N. Sykes and C. Cummins regarding price offer, NEWP sale and court approval (.9); messages to/from C. Coleman regarding price offer and board meeting (.2) |
| 01/08/18 | D A Zaheer | .20 | Review consents to assignment of NEWP contracts |
| 01/08/18 | A E Malatesta | .30 | Email correspondence with K. Posin regarding issues relating to asset dispositions (.1); email correspondence with P. Summers and N. Sykes regarding same (.1); email correspondence with M. Lunn and J. Sazant regarding same (.1) |
| 01/08/18 | T K Tong | .40 | Correspondence regarding lien releases for NEWP transaction (0.4) |
| 01/09/18 | P M Gilhuly | 1.40 | Calls and messages to/from P. Summers, N. Sykes and C. Cummins regarding sale process and inquiries (.6); conference with M. Nestor regarding price offer (.2); review and analysis regarding price APA (.4); messages to/from C. Coleman regarding price asset authorization objection (.2) |
| 01/09/18 | D A Zaheer | .30 | Review permit status update from M. Wilson |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

5

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/10/18 | P M Gilhuly | .40 | Messages to/from T. Leishman regarding sale authority briefings (.2); review of price objection to sale authorization motion (.2) |
| 01/10/18 | KA Posin | 3.00 | Converse with Rentech regarding sales process (.6); converse with A. Malatesta regarding same (.2); review and analyze Price sale objection (.5); draft Summer declaration in support of response to sale objection (1.7) |
| 01/10/18 | D A Zaheer | .40 | Communications with M. Wilson regarding permit requirements |
| 01/10/18 | A E Malatesta | .20 | Email correspondence with M. Lunn regarding issues relating to asset sale (.1); email correspondence with P. Summers and N. Sykes regarding objection to sale motion (.1) |
| 01/10/18 | T K Tong | .40 | Correspondence regarding closing of Fulghum and NEWP transactions (0.4) |
| 01/11/18 | P M Gilhuly | 1.10 | Messages to/from D. Dean and J. Cooper regarding price objection response (.2); conference with P. Summers and N. Sykes regarding asset sale (.4); review and comments on P. Summers asset sale proffer draft (.5) |
| 01/11/18 | KA Posin | 5.30 | Prepare for hearing and conduct additional analysis on corporate regulations (1.3); revise Summers declaration in support of sale reply (1.0); converse with Fulghum counsel regarding sale hearing (.6); converse with S. Hansen regarding reply to Price sale objection (.4); draft email to P. Gilhuly regarding preparation for sale hearing (.3); prepare for sale hearing (.6); converse with M. Lunn regarding sale reply (.5); converse with Rentech regarding sales and sale proceeds (.6) |
| 01/11/18 | D A Zaheer | 2.00 | Closing checklist call for Fulghum transaction (0.5); Review Assumption Agreement for Hancock Debt (1.5) |
| 01/11/18 | J J Curran | .70 | Draft and revise Asset Purchase Agreement tax certificates (0.4); email with T. Tong regarding the same (0.3) |
| 01/11/18 | S A Levin | .30 | Correspondence with D. Zaheer, K. Posin, T. Tong (0.1); review and analyze policy, agreement (0.2) |
| 01/11/18 | A E Malatesta | .70 | Telephone conference with K. Posin regarding issues relating to sale motion (.2); email |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | correspondence with K. Posin regarding same (.1); telephone conference with P. Summers regarding issues relating to same (.3); telephone conference with N. Sykes regarding issues relating to same (.1) |
| 01/11/18 | T K Tong | 1.20 | Closing checklist call relating to Fulghum transaction (0.5); correspondence regarding various closing deliverables for Fulghum transaction (0.3); drafting closing deliverables for Fulghum transaction (0.4) |
| 01/11/18 | S P Hansen | 1.00 | Review objection to sale motion (0.3); prepare for and attend meeting with K. Posin regarding sale objections (0.3); revise sale order (0.4) |
| 01/12/18 | P M Gilhuly | .60 | Conference with P. Summers and N. Sykes regarding asset sale hearing proffer (.5); review of P. Summers memorandum regarding NEWP results (.1) |
| 01/12/18 | KA Posin | 4.30 | Review order approving authorization for sales and revise same (.2); attend call with Rentech regarding sale declaration (1.1); revise same (.4); review Price declaration (.3); revise Summers declaration in support of sale reply (1.8); review revised Price asset purchase agreement (.5) |
| 01/12/18 | D A Zaheer | 1.10 | Review Third Amendment to NEWP APA (0.6); Communications with Rentech regarding environmental insurance (0.5) |
| 01/12/18 | A Potash | 1.30 | Review environmental insurance policy for New England Wood Pellets required under purchase agreement (.5); review update on Pennsylvania facility air emissions testing (.3); discuss insurance policy and emissions testing with N. Sykes, D. Zaheer, and M. Feeley (.5) |
| 01/12/18 | A E Malatesta | .30 | Review agenda relating to sale hearing (.3) |
| 01/12/18 | T K Tong | 2.40 | Correspondence with M. Wilson regarding contract assignment (0.4); drafting waiver / amendment to asset purchase agreement (2.0) |
| 01/12/18 | S P Hansen | .60 | Revise sale order per comments from the UST (0.4); review objection to the sale motion from the creditors committee (0.2) |
| 01/13/18 | P M Gilhuly | .50 | Review and comments on Draft summers declaration regarding asset sale approval (.3); calls and messages to/from M. Nestor regarding Asset |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

7

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 59 of 139

LATHAM&WATKINS LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | Sale process (.2) |
| 01/13/18 | KA Posin | 2.20 | Converse with P. Gilhuly regarding preparation for hearing and objections to sale motion (.3); draft corporate law summary (.5); review and revise Summers declaration in support of sale reply and sale process (1.4) |
| 01/13/18 | A E Malatesta | .70 | Review documents and correspondence relating to asset dispositions (.7) |
| 01/14/18 | P M Gilhuly | 2.40 | Review and comments on P. Summer declaration regarding asset ale approvals (.8); conference with P. Summers and N. Sykes regarding Summers Declarations (.7); review and comment on draft omnibus reply (.4); review of state law analysis regarding asset sale approval (.5) |
| 01/14/18 | KA Posin | 3.60 | Review and revise Summers declaration in support of Sale Motion (.7); review and revise sale order (.2); review and revise reply brief in support of sale motion and circulate to Rentech (1.1); attend call with N. Sykes, P. Gilhuly, P. Summers, A. Malatesta and C. Cummins regarding sale declaration and preparation for sale hearing (1.0); review and incorporate further revisions to Summers declaration (.6) |
| 01/14/18 | A E Malatesta | 1.80 | Attend conference call with P. Summers, N. Sykes, C. Cummins, and K. Posin regarding asset dispositions (1.1); review documents and correspondence regarding same (.5); email correspondence with K. Eide regarding sale order (.1); email correspondence with S. Tetro regarding same (.1) |
| 01/14/18 | A P Lebron | 1.90 | Research and analysis of Georgia Business Corporation Code (0.3); review and analysis of Fulghum Fibres Inc.'s formation and governing documents (0.4); review and analysis of Fulghum Fibres Collins Inc.'s formation and governing documents (0.3); research and analysis of Florida Business Corporation Act (0.4); review and analysis of Fulghum Fibres Florida Inc.'s formation and governing documents (0.4); email to T. Tong regarding same (0.1) |
| 01/15/18 | P M Gilhuly | 5.20 | Review and comments on revised Summers declaration in support of asset sales (.8); review and analysis regarding price APA (.8); conference with N. Sykes regarding buyer conditions (.4); |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | preparing for asset sale hearing (3.2) |
| 01/15/18 | KA Posin | 1.40 | Finalize sale reply and supporting Summers Declaration (1.3); review motion for leave to file reply (.1) |
| 01/15/18 | D A Zaheer | .50 | Communications with A. Potash regarding environmental insurance |
| 01/15/18 | A E Malatesta | .40 | Review documents and correspondence relating to asset dispositions (.4) |
| 01/15/18 | T K Tong | 2.20 | Correspondence regarding third amendment to the asset purchase agreement (0.3); coordinating name change of Fulghum entities in accordance with asset purchase agreement (0.3); reviewing assignment agreements relating to NEWP assigned contracts (0.6); coordinating other closing deliverables (1.0) |
| 01/16/18 | P M Gilhuly | 6.40 | Calls and messages to/from M. Lund regarding asset sale approval strategy (.3); meeting with P. Summers and N. Sykes regarding asset sale approval strategy (1.8); review and analysis regarding energy Letter of intent (.3); review of J. Cooper regarding customer consents (.1); messages to/from N. Pernick regarding Rayioner objection to price (.2); preparing for asset sale approval motion hearing (3.2); conference with N. Pernick regarding Price improvements (.5) |
| 01/16/18 | KA Posin | 2.00 | Review Price declaration in support of sale objection (.2); review sale process emails (.1); prepare for hearing on corporate authorization motion (.7); meet with N. Sykes, C. Cummins, P. Summers and P. Gilhuly regarding sale process (1.0) |
| 01/16/18 | D A Zaheer | 1.50 | Review ancillary agreements (0.5); Communications with Sirote regarding same (0.5); Review customer consents (0.5) |
| 01/16/18 | A Potash | .80 | Discuss environmental sampling at Youngsville wood pellet facility with B. Cahoon, N. Sykes, P. Summers, D. Zaheer, and M. Feeley |
| 01/16/18 | T K Tong | 2.00 | Coordinating contract assignments (0.4); coordinating name change of seller entities (0.4); revising letter agreement for waiver and schedules amendments to reflect changes to Material Permits schedule and correspondence with M. Wilson on |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

9

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 61 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | revisions (1.2) |
| 01/16/18 | S P Hansen | .80 | Review and revise Sale Order |
| 01/16/18 | A P Lebron | 1.40 | Draft board consent of each of Fulghum Fibres Inc., Fulghum Fibres Collins Inc. and Fulghum Fibres Florida Inc. approving corporate name change (0.9); draft Fulghum Fibres Florida Inc. sole shareholder consent approving name change (0.4) email from T. Tong regarding same (0.1) |
| 01/17/18 | P M Gilhuly | 9.10 | Review of D. Banker memos regarding asset sale order (.3); review of revisions to sale order (.3); conference with N. Pernick regarding sale dynamics (.5); meeting with P. Summers, N. Sykes and C. Cummins regarding sale strategy (1.6); review of comments separate NEWP sale Order (.2); review of J. Hancock loan documents (.3); conference with Jung regarding price Hancock analysis (.5); calls and messages to/from T. Leishman regarding NEWP order (.3); conference with J. Cooper regarding S. Davis positions on price overbid (.3); attendance of asset sale hearing (4.8) |
| 01/17/18 | KA Posin | 6.00 | Attend and participate in sales hearing, related negotiations and auction process (4.5); prepare for same with N. Sykes, P. Summers, P. Gilhuly and C. Cummins (1.5) |
| 01/17/18 | D A Zaheer | .50 | Review John Hancock Consent |
| 01/17/18 | A E Malatesta | 2.20 | Review revised draft orders relating to sale of NEWP's assets (.2); telephonically attend hearing regarding sale orders (1.8); review correspondence regarding same (.1); email correspondence with K. Posin regarding same (.1) |
| 01/17/18 | T K Tong | 1.00 | Coordinating closing documents for Fulghum closing (1.0) |
| 01/17/18 | S P Hansen | .40 | Revise Sale Order per bankruptcy court hearing |
| 01/17/18 | A P Lebron | .60 | Draft articles of amendment of each of Fulghum Fibres Inc., Fulghum Fibres Collins Inc. and Fulghum Fibres Florida Inc. regarding the name change (0.4); emails to and from T. Tong regarding same (0.2) |
| 01/18/18 | K N Boras | .20 | Respond to query from T. Tong regarding acquisition of Fulghum assets and assignability of |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

10

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 62 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | title commitments |
| 01/18/18 | P M Gilhuly | 1.20 | Messages to/from W. Jung regarding revised NEWP order (.2); review and comments on revised NEWP order (.1); review of K. Cannon Letter regarding revised NEWP order (.2); review of C. Coleman memorandum regarding APA schedules (.2); messages to/from N. Sykes regarding price APA schedules (.3); review of C. Coleman memorandum regarding customer outreach (.2) |
| 01/18/18 | KA Posin | 1.80 | Converse with T. Tong and D. Zaheer regarding Price APA (.1); converse with P. Gilhuly regarding sale process and sale orders (.2); draft response to W. Jung regarding sale order (.3); finalize NEWP sale order (.3); converse with W. Jung regarding same (.1); draft letter to Committee regarding NEWP sale (.2); review asset purchase agreement provisions (.3); draft response to T. Tong regarding revisions to Price purchase agreement (.3) |
| 01/18/18 | D A Zaheer | 2.00 | Review Price APA (1.0); Communications with Rentech regarding same (1.0) |
| 01/18/18 | E Y Oh | 3.00 | Telephone call with Norton Rose regarding Atikokan sale release and processes (0.4); telephone call with Skadden regarding Atikokan sale and credit agreement (0.6); review and comment on consent and release documents (0.6); telephone call with Akin regarding GSO comments on consent and release documents (0.4); review and respond to emails from all parties regarding funds flow, sales mechanics and related items (1.0) |
| 01/18/18 | T K Tong | 7.30 | Revising asset purchase agreement for changes agreed with new buyer (Price) (6.5); correspondence with new buyer regarding asset purchase agreement, disclosure schedules and exhibits (0.4); correspondence with K. Posin regarding changes agreed with new buyer during hearing (0.4) |
| 01/19/18 | K N Boras | .50 | Review and comment on revised Asset Purchase Agreement |
| 01/19/18 | J D Crisp | .30 | Review and revise asset purchase agreement (.3) |
| 01/19/18 | P M Gilhuly | 3.60 | Review and comments on draft price APA (.9); messages to/from C. Coleman regarding price APA and schedules (.5); review of N. Sykes correspondence regarding APA and schedules (.6); |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | conference with N. Sykes and P. Summers regarding price APA (.8); messages to/from P. Summers regarding representation and warranty insurance (.2); review and comments on draft Fulghum APA (.6) |
| 01/19/18 | KA Posin | 1.30 | Draft email to P. Summers regarding sale process (.2); draft Fulghum sale order (.6); review revised asset purchase agreement (.2); review, revise and circulate Fulghum sale order (.3) |
| 01/19/18 | L Seymour | .30 | Review APA provisions |
| 01/19/18 | S R Weiner | .70 | Review documents regarding asset sale (.5); email regarding tax issues (.2) |
| 01/19/18 | D A Zaheer | 1.00 | Review Price APA (0.6); Call with Rentech regarding same (0.4) |
| 01/19/18 | E Y Oh | 1.40 | Telephone call with Norton Rose and Rentech regarding Atikokan closing processes (0.4); draft officer's certificate with respect to sale (0.4); telephone calls with Akin regarding sale process (0.3); review and respond to emails regarding closing (0.3) |
| 01/19/18 | A Potash | .90 | Review Fulghum Fibres purchase agreement (.7); discuss same with T. Tong and M. Feeley (.2) |
| 01/19/18 | T K Tong | 4.50 | Call with Rentech to discuss revised asset purchase agreement (0.7); revising disclosure schedules (1.2); correspondence with K. Posin regarding changes agreed with new buyer in court (0.3); revising asset purchase agreement (1.5); correspondence with Rentech regarding asset purchase agreement (0.8) |
| 01/22/18 | J D Crisp | .30 | Correspond with N. Sykes regarding terms of employment offers |
| 01/22/18 | P M Gilhuly | .30 | Review of C. Coleman/N. Sykes correspondence regarding Price APA (.2); Messages to/from P. Summers regarding price APA status (.1) |
| 01/22/18 | KA Posin | .60 | Draft email to P. Summers regarding sale proceeds (.1); review sales analysis and forward same to S. Teatro (.2); review proposed NEWP amendment and draft email to K. Eide regarding same (.3) |
| 01/22/18 | D A Zaheer | .30 | Review Price APA |
| 01/22/18 | E Y Oh | .30 | Review and respond to emails regarding wire |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

12

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 64 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | processes and closing (0.3) |
| 01/22/18 | A E Malatesta | .20 | Email correspondence with P. Summers regarding Atikokan sale (.1); review correspondence regarding same (.1) |
| 01/22/18 | T K Tong | 2.60 | Closing checklist call with NEWP buyer's counsel (0.4); providing comments on NEWP closing checklist (0.4); coordinating domain name transfer (0.4); correspondence with Rentech regarding treatment of transferred employees under new asset purchase agreement (0.3); reviewing assignment agreements (0.9); correspondence regarding Fulghum asset purchase agreement and NEWP closing (0.2) |
| 01/23/18 | P M Gilhuly | 2.80 | Review of C. Coleman memorandum regarding price APA status (.1); review of 4th amendment to NEWP credit agreement (.1); messages to/from P. Summers regarding 4th NEWP Amendment (.1); review and comments on price's APA (.8); review of Price's revisions to revisions to sale order (.2); conference with P. Summers and N. Sykes regarding Price's revisions to APA (.7); review of 1/17 transcript regarding Price APA terms (.8) |
| 01/23/18 | KA Posin | .50 | Draft emails regarding NEWP APA amendment (.3); review revisions to Fulghum order (.2) |
| 01/23/18 | D A Zaheer | 2.20 | Call with Rentech regarding Price APA |
| 01/23/18 | A E Malatesta | 4.20 | Telephone conference with P. Summers, N. Sykes, P. Gilhuly, D. Zaheer, and T. Tong regarding issues relating to Fulghum APA (.6); conference with T. Tong regarding same (.2); telephone conference with P. Gilhuly regarding same (.2); draft analysis regarding same (1.2); review and analyze documents and correspondence relating to same (1.5); telephone conference with K. Posin regarding same (.1); email correspondence with P. Gilhuly regarding same (.2); email correspondence with T. Tong regarding same (.2) |
| 01/23/18 | T K Tong | 6.30 | Call with Rentech to discuss APA mark-up from new buyer (0.6); revising APA to incorporate new buyer's comments and client discussions (5.2); conversations with P. Gilhuly regarding bankruptcy provisions (0.5) |
| 01/24/18 | P M Gilhuly | 1.40 | Review and comments on revised price APA (.5); messages to/from P. Summers and N. Sykes |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | regarding revisions to Price APA (.3); review and comments on memorandum to Price regarding rejected APA comments (.4); conference with C. Cummins regarding asset sale waterfalls (.2) |
| 01/24/18 | KA Posin | .60 | Finalize Fulghum sale order (.4); review revised Fulghum APA (.2) |
| 01/24/18 | D A Zaheer | .60 | Review Price APA |
| 01/24/18 | G Mahmood | .30 | Call P. Jackson regarding drafting Rentech-NEWP Domain Name Assignment |
| 01/24/18 | A E Malatesta | .40 | Review documents and correspondence regarding Fulghum asset purchase agreement (.3); email correspondence with P. Gilhuly regarding same (.1) |
| 01/24/18 | T K Tong | 1.00 | Revising APA according to client comments (Fulghum) (0.7); correspondence regarding NEWP closing (0.3) |
| 01/25/18 | P M Gilhuly | 1.10 | Review of P. Summers memorandum regarding Atikokan sale proceeds (.1); drafting memorandum to C. Coleman regarding Price APA status (.1); conference with C. Coleman and Price team regarding Prica APA (.9) |
| 01/25/18 | D A Zaheer | 1.40 | All hands call regarding Price APA |
| 01/25/18 | T K Tong | 4.50 | Correspondence regarding lien release documents (0.9); revising NEWP APA amendment/waiver for additional amendments to schedules (1.2); call with new buyer and counsels and client regarding Fulghum APA (0.9); revising Fulghum APA in accordance with all-hands call discussion (1.5) |
| 01/25/18 | P K Jackson | .70 | Draft domain name assignment agreement from Rentech to NEWP (.7) |
| 01/26/18 | KA Posin | 1.10 | Draft responses to W. Jung regarding Atikokan sale (.2 ); draft emails to P. Summers regarding payment of proceeds from Atikokan sale (.4); review NEWP sale deadlines (.2); converse with A. Malatesta regarding KEIP and sale process (.2); converse with D. Zaheer regarding dividend process (.1) |
| 01/26/18 | D A Zaheer | .90 | Review Price APA and Disclosure Schedules |
| 01/26/18 | T K Tong | 2.70 | Drafting form of notice of termination of Scott Davis APA to be appended to new Fulghum APA |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

LATHAM&WATKINS LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | with Price (1.0); revising Fulghum APA to incorporate discussions (1.7) |
| 01/27/18 | P M Gilhuly | .50 | Review of revised Price APA (.3); message to/from N. Sykes and P. Summers regarding Price's revision (.2) |
| 01/27/18 | D A Zaheer | .20 | Review Price APA |
| 01/28/18 | P M Gilhuly | 1.50 | Analysis regarding Price APA issues (.3); conference with P. Summer's, N.. Sykes and C. Cummings regarding revised price APA (.7); review and comments regarding draft price transmittal letter for final APA and crucial issues (.3); draft and send memorandum to Price regarding executed APA and deposit (.2) |
| 01/28/18 | D A Zaheer | 1.80 | Review Price APA |
| 01/28/18 | G Mahmood | .40 | Revise P. Jackson draft of Rentech-NEWP Domain Name Assignment |
| 01/28/18 | T K Tong | 4.70 | Call with client regarding Fulghum APA (0.8); revising Fulghum APA to incorporate new buyer's comments and client feedback (3.1); drafting explanations relating to new buyer's comments on APA that were not accepted (0.5); correspondence regarding NEWP closing (0.3) |
| 01/29/18 | P M Gilhuly | 1.70 | Conference with C. Coleman, J. Davis, W. Jung, P. Summers and N. Sykes regarding Price APA changes (.7); conference with P. Summers and N. Sykes regarding open Price APA issues (.4); call to M. Nestor regarding Scott Davis termination (.2); review of revised Price sale order (.2); review and comments on Price final issues transmittal letter (.2) |
| 01/29/18 | KA Posin | .40 | Converse with P. Gilhuly regarding Fulghum sale order (.1); revise same (.2); circulate same to C. Coleman (.1) |
| 01/29/18 | S R Weiner | 1.00 | Review document (.5); review tax issues (.5) |
| 01/29/18 | D A Zaheer | 2.20 | Review Price APA (1.0); Various communications with working group (1.2) |
| 01/29/18 | J J Curran | 1.10 | Discussions with T. Tong regarding performance deposit Escrow Agreement (0.2); email with S. Weiner regarding performance deposit tax treatment (0.2); review and revise performance |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | deposit Escrow Agreement (0.7) |
| 01/29/18 | T K Tong | 5.90 | Call with new buyer on Fulghum APA (0.5); call with creditors' committee regarding Fulghum APA (0.3); finalizing NEWP APA amendment relating to material waivers, assigned contracts and material permits (0.7); reviewing performance deposit escrow agreement (1.1); revising Fulghum APA in accordance with discussions with client and new buyer and preparing redacted disclosure schedules (3.3) |
| 01/29/18 | P K Jackson | .30 | Revise draft domain name assignment agreement in light of comments from G. Mahmood (.2); redline and distribute same (.1) |
| 01/30/18 | P M Gilhuly | 2.00 | Review of C. Coleman memorandum regarding Price APA order issues (.3); review of 1/17 transcript regarding price APA terms (.5); repaying for Price APA argument (1.2) |
| 01/30/18 | KA Posin | .10 | Circulate revised Fulghum sale order |
| 01/30/18 | D A Zaheer | .50 | Review Price APA |
| 01/30/18 | A E Malatesta | .20 | Telephone conference with D. Dean of Cole Schotz regarding asset dispositions (.1); email correspondence with P. Gilhuly regarding same (.1) |
| 01/30/18 | T K Tong | 1.10 | Coordinating domain name transfer relating to NEWP closing (0.3); revising escrow agreement comments and circulating to buyer's counsel (0.6); correspondence regarding NEWP closing (0.2) |
| 01/31/18 | P M Gilhuly | 2.70 | Messages to/from J. Cooper regarding Price APA and backup bid (2); meeting with C. Coleman and S. Miller regarding Price APA changes (.9); attendance of Price status conference (.8); analysis regarding revisions to Price APA (.5); review and comments on revised Price APA (.3) |
| 01/31/18 | KA Posin | .50 | Rreview and circulate NEWP sale letter to counsel for GSO and counsel for the Committee (.2); draft responses to N. Sykes regarding sale proceeds (.3) |
| 01/31/18 | D A Zaheer | 2.70 | All hands call regarding open items (1.7); Revise APA (1.0) |
| 01/31/18 | A E Malatesta | .70 | Telephonically attend hearing regarding Fulghum sale (.5); review documents and correspondence |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Asset Dispositions

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | regarding same (.2) |
| 01/31/18 | T K Tong | 3.40 | Revising Fulghum APA to reflect outcome of hearing and negotiations (3.2); conversations with P. Gilhuly and client (0.2) |

| | | | |
|------|------|------|------|
| S R Weiner | 1.70 | hours | $ 2,371.50 |
| P M Gilhuly | 50.00 | hours | $ 67,500.00 |
| L Seymour | .30 | hours | $ 375.00 |
| M S Feeley | 1.10 | hours | $ 1,309.00 |
| K N Boras | .70 | hours | $ 791.00 |
| J D Crisp | .60 | hours | $ 618.00 |
| KA Posin | 35.90 | hours | $ 36,977.00 |
| D A Zaheer | 26.40 | hours | $ 27,192.00 |
| G Mahmood | .70 | hours | $ 693.00 |
| E Y Oh | 4.70 | hours | $ 4,653.00 |
| A Potash | 21.10 | hours | $ 20,889.00 |
| S A Levin | .30 | hours | $ 292.50 |
| A E Malatesta | 12.60 | hours | $ 12,285.00 |
| T K Tong | 59.10 | hours | $ 57,622.50 |
| J J Curran | 1.80 | hours | $ 1,728.00 |
| S P Hansen | 2.80 | hours | $ 2,114.00 |
| P K Jackson | 1.00 | hours | $ 660.00 |
| A P Lebron | 3.90 | hours | $ 1,501.50 |
| | 224.70 | | $ 239,572.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

17

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 69 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Automatic Stay Issues/Motions for Relief

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/03/18 | A E Malatesta | .30 | Email correspondence with N. Sykes regarding issues relating to the automatic stay (.1); review documents and correspondence in connection with same (.2) |
| 01/08/18 | A E Malatesta | .60 | Email correspondence with N. Sykes regarding issues relating to automatic stay in connection with claim asserted by former employee (.1); review documents relating to same (.2); drafter letter regarding same (.3) |
| 01/09/18 | A E Malatesta | .50 | Prepare letter to potential claimant regarding automatic stay (.3); email correspondence with N. Sykes regarding same (.1); email correspondence with S. Brown regarding same (.1) |
| 01/19/18 | A E Malatesta | .10 | Review correspondence relating to automatic stay issues in connection with pending litigation (.1) |

| A E Malatesta | 1.50 | hours | $ 1,462.50 |
|---------------|------|-------|------------|
|  | 1.50 |  | $ 1,462.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

18

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 70 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Claims Process/General Creditor Inquiries

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/02/18 | P M Gilhuly | .20 | Conference with K. Forman regarding Forman claim (.2) |
| 01/02/18 | A E Malatesta | 1.30 | Email correspondence with P. Summers regarding issues relating to claims process (.4); email correspondence with M. Nestor and M. Lunn regarding same (.2); telephone conference with P. Summers regarding same (.3); email correspondence with P. Gilhuly regarding same (.2); research issues relating to same (.2) |
| 01/09/18 | A E Malatesta | .40 | Email correspondence with P. Summers regarding issues relating to general unsecured creditors (.1); telephone conference with P. Gilhuly regarding same (.1); review documents relating to same (.2) |
| 01/12/18 | KA Posin | .90 | Review requested revisions to bar date order, notices and ballot and converse with S. Hansen regarding same (.9) |
| 01/12/18 | S P Hansen | 2.10 | Prepare for and attend telephone conference with K. Posin regarding UST comments to bar date order (0.5); review and revise bar date order and related notices (1.6) |
| 01/13/18 | S P Hansen | 3.20 | Review and revise the bar date order and associated notices |
| 01/14/18 | KA Posin | .30 | Review revisions to bar date order (.3) |
| 01/14/18 | A E Malatesta | .30 | Review revisions to bar date order (.2); conference with S. Hansen regarding issues relating to same (.1) |
| 01/14/18 | S P Hansen | 1.10 | Continue to review and revise bar date order, including implementing changes from Prime Clerk to current draft (1.0); correspondence with Prime Clerk regarding Bar Date Order (0.1) |
| 01/15/18 | KA Posin | .50 | Finalize proposed bar date order (.3); converse with S. Hansen regarding same (.2) |
| 01/15/18 | S P Hansen | .60 | Continue to review and revise Bar Date Order to comply with comments from the US Trustee |
| 01/16/18 | KA Posin | .40 | Review revisions to bar date order (.2); draft emails regarding same (.2) |
| 01/16/18 | A E Malatesta | .10 | Review certification of counsel relating to bar date order (.1) |
| 01/16/18 | S P Hansen | .70 | Finalize Bar Date Order and related documents for |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Claims Process/General Creditor Inquiries

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | purposes of filing (0.5); correspondence with Young Conaway regarding Bar Date Order and related notices (0.1); prepare for and attend telephone conference with A. Malatesta regarding Bar Date Order (0.1) |
| 01/17/18 | S P Hansen | 1.00 | Review bar date notice and publication notice and revise pursuant to bar date order |
| 01/18/18 | KA Posin | 1.00 | Review and revise final bar date notices for service and publication (1.0) |
| 01/18/18 | S P Hansen | .70 | Prepare for and attend telephone conference with K. Posin regarding bar date notice (0.2); correspondence with Prime Clerk regarding bar date notice and publication notice (0.2); review publication notice (0.3) |
| 01/19/18 | KA Posin | .10 | Review bar date publication notice (.1) |
| 01/19/18 | A E Malatesta | .30 | Conference with S. Hansen regarding issues relating to bar date notice (.1); review documents relating to same (.2) |
| 01/19/18 | S P Hansen | .30 | Review publication notice (0.2); correspondence with Prime Clerk regarding publication notice (0.1) |
| 01/22/18 | KA Posin | .10 | Review bar date publication notice (.1) |
| 01/24/18 | A E Malatesta | .70 | Email correspondence with P. Summers regarding claims process (.3); review documents relating to same (.4) |
| 01/25/18 | A E Malatesta | .30 | Email correspondence with S. Seflin regarding unsecured claims (.1); review documents in connection with same (.2) |

| | | | |
|---|---|---|---|
| P M Gilhuly | .20 | hours | $ 270.00 |
| KA Posin | 3.30 | hours | $ 3,399.00 |
| A E Malatesta | 3.40 | hours | $ 3,315.00 |
| S P Hansen | 9.70 | hours | $ 7,323.50 |
| | 16.60 | | $ 14,307.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Corporate (Including Disclosure and Corporate Governance)

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/01/18 | P M Gilhuly | .30 | Review and analysis regarding SEC no action letter (.3) |
| 01/02/18 | P M Gilhuly | .20 | Review and comments on sales motion 8-K (.2) |
| 01/02/18 | A E Malatesta | .20 | Review documents and correspondence relating to corporate disclosure (.2) |
| 01/02/18 | T K Tong | .60 | Revising 8-K and submitting changes to printer |
| 01/03/18 | P M Gilhuly | .20 | Review of N. Sykes memorandum to board of directors regarding case status (.2) |
| 01/03/18 | T K Tong | .70 | Coordinating filing with financial printer of sale motion 8-K (0.4); correspondence with client and team regarding finalizing sale motion 8-K (0.3) |
| 01/08/18 | KA Posin | 1.00 | Revise and circulate no action letter (1.0) |
| 01/08/18 | A E Malatesta | .20 | Telephone conference with K. Posin regarding disclosure issues (.1); email correspondence with N. Sykes regarding same (.1) |
| 01/09/18 | P M Gilhuly | .90 | Review and comments on draft board slides (.3); calls and messages to/from P. Summers and N. Sykes regarding board slides (.4); messages to/from P. Summers and N. Sykes regarding SEC no action letter (.2) |
| 01/09/18 | KA Posin | .20 | Review and provide comments on board materials (.2) |
| 01/10/18 | P M Gilhuly | 1.00 | Attendance of board meeting regarding process update and open issues (.8); review of N. Sykes comments on SEC no action letter (.2) |
| 01/10/18 | KA Posin | .50 | Finalize no action letter (.5) |
| 01/10/18 | A E Malatesta | .20 | Review documents and correspondence from company regarding corporate activities (.2) |
| 01/10/18 | T K Tong | 2.50 | Reviewing SEC no-action letter (1.9); correspondence regarding trading prices for no-action letter (0.6) |
| 01/11/18 | T K Tong | 1.20 | Revising SEC no-action letter to incorporate comments and information from library (1.2) |
| 01/12/18 | T K Tong | .30 | Finalizing and filing no-action letter with SEC (0.3) |
| 01/18/18 | P M Gilhuly | .30 | Call from R. Be regarding SEC review of No-Action Letter (.1); messages to/from N. Sykes regarding |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

21

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Corporate (Including Disclosure and Corporate Governance)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | SEC call (.2) |
| 01/18/18 | P M Gilhuly | .10 | Review of N. Sykes memorandum to the board regarding 1/17/18 hearing report (.1) |
| 01/21/18 | S P Hansen | .90 | Draft final equity trading order |
| 01/22/18 | KA Posin | .30 | Converse with equity holder (.1); review final equity trading motion (.2) |
| 01/23/18 | P M Gilhuly | .20 | Messages to/from N. Sykes regarding Board approval regarding Price APA (.2) |
| 01/25/18 | A F Cohen | 1.00 | Analyze going dark and deregistration issues (0.6); telephone conference with A. Richmond regarding the same (0.2); email correspondence with A. Richmond regarding the same (0.2) |
| 01/25/18 | P M Gilhuly | .60 | Calls to/from R. Be of SEC regarding modified reporting requirements (.4); conference with T. Richmond regarding SEC conversation (.2) |
| 01/28/18 | P M Gilhuly | .20 | Review of J. Herold memorandum to Board regarding KEIP modifications (.2) |
| 01/31/18 | P M Gilhuly | .50 | Messages to/from K. Redeno regarding Price APA (.2); meeting with N. Sykes regarding SEC compliance (.3) |
| 01/31/18 | S P Hansen | .80 | Review and revise final notice of equity trading order |

| | | | |
|------|------|-------|------------|
| A F Cohen | 1.00 | hours | $ 1,395.00 |
| P M Gilhuly | 4.50 | hours | $ 6,075.00 |
| KA Posin | 2.00 | hours | $ 2,060.00 |
| A E Malatesta | .60 | hours | $ 585.00 |
| T K Tong | 5.30 | hours | $ 5,167.50 |
| S P Hansen | 1.70 | hours | $ 1,283.50 |
| | 15.10 | | $ 16,566.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

22

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 74 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/03/18 | P M Gilhuly | .10 | Review of Notice of Appointment of Committee (.1) |
| 01/05/18 | P M Gilhuly | 1.10 | Messages to/from W. Jung regarding Committee issues (.2); conference with W. Jung regarding committee background (.9) |
| 01/05/18 | KA Posin | 1.40 | Attend call with Committee counsel regarding status of case (1.0); review diligence requests (.4) |
| 01/05/18 | A E Malatesta | 2.40 | Attend conference call with W. Jung, P. Gilhuly, and K. Posin regarding issues relating to bankruptcy case (1.0); email correspondence with P. Summers, N. Sykes, and C. Cummins regarding issues relating to same (.7); review documents and correspondence in connection with committee document request (.5); telephone conference with K. Posin regarding issues relating to same (.2) |
| 01/08/18 | P M Gilhuly | .90 | Review of D. Banker memos regarding committee information requests (.3); review of M. Nestor correspondence regarding committee NDA (.2); messages to/from C. Cummins regarding committee financial advisor (.2); messages to/from C. Wu regarding Tereo retention and information gathering (.2) |
| 01/08/18 | KA Posin | .10 | Converse with A. Malatesta regarding Committee requests |
| 01/08/18 | A E Malatesta | 4.90 | Telephone conference with P. Summers, N. Sykes, K. Tutt, C. Cummins, and K. Posin regarding issues relating to committee's diligence requests (.2); email correspondence with K. Tutt regarding same (.1); review documents in connection with same (1.3); telephone conference with K. Tutt regarding same (.1); email correspondence with M. Nestor and M. Lunn regarding issues relating to same (.2); telephone conference with K. Posin regarding same (.1); email correspondence with D. Banker regarding issues relating to same (.1); telephone conference with P. Gilhuly regarding same (.1); email correspondence with C. Cummins regarding same (.1); draft and revise confidentiality agreement relating to same (2.4); email correspondence with P. Gilhuly regarding same (.1); email correspondence with P. Summers and N. Sykes regarding same (.1) |
| 01/08/18 | S P Hansen | 2.00 | Draft nondisclosure agreement between debtors and unsecured creditors committee |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

23

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 75 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/09/18 | P M Gilhuly | .60 | Review and comments on committee NDA (.2); conference with C. Cummins regarding Teneo conversation (.1); review of J. Dekoc (Tenco) diligence request (.1); review of D. Banker memorandum regarding NDA (.1); review of P. Banker memorandum regarding price offer (.1) |
| 01/09/18 | A E Malatesta | 1.70 | Email correspondence with P. Summers and N. Sykes regarding issues relating to creditor committee (.3); telephone conference with P. Gilhuly regarding same (.1); email correspondence with D. Banker and W. Jung regarding same (.4); telephone conference with K. Tutt regarding same (.1); email correspondence with K. Tutt regarding same (.1); review documents relating to same (.7) |
| 01/10/18 | P M Gilhuly | 1.00 | Review of committee comments on NDA (.2); conference with committee lawyers and Teneo regarding price offer and options (.6); review of committee cash collateral (.2) |
| 01/10/18 | KA Posin | 1.00 | Attend call with Committee counsel and financial advisors to discuss sale and plan processes (1.0) |
| 01/10/18 | A E Malatesta | 2.20 | Attend all hands conference call with P. Gilhuly, K. Posin, P. Summers, N. Sykes, C. Cummins, Lowenstein team, and Teneo teams regarding issues relating to asset sales (1.1); review documents and correspondence in connection with same (.3); telephone conference with K. Posin regarding issues relating to same (.3); review and revise confidentiality agreement (.5) |
| 01/11/18 | P M Gilhuly | .20 | Review of W. Jung requests regarding security documents (.2) |
| 01/11/18 | A E Malatesta | 3.50 | Review documents in connection with creditors' committee's diligence requests (.3); email correspondence with W. Jung regarding same (.1); email correspondence with P. Gilhuly and K. Posin regarding same (.1); review and revise confidentiality agreement (1.8); email correspondence with P. Gilhuly regarding same (.1); email correspondence with P. Summers and N. Sykes regarding same (.2); telephone conference with N. Sykes regarding same (.1); email correspondence with W. Jung regarding same (.2); email correspondence with M. Lunn regarding issues relating to creditors' committee (.2); email correspondence with J. Sazant regarding same (.1); review documents relating to 341 meeting (.3) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

24

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 76 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/12/18 | P M Gilhuly | .40 | Review of committee comments on final first day orders (.2); review of committee supplemental document request (.2) |
| 01/12/18 | KA Posin | 1.00 | Review and respond to Committee requests (.2); review and analyze Committee objections to cash management, insurance, tax and wages orders (.6); converse with A. Malatesta regarding same (.2) |
| 01/12/18 | A E Malatesta | 3.80 | Review correspondence relating to issues concerning creditors' committee (.2); email correspondence with D. Banker regarding same (.2); review documents in connection with creditors' committee requests (.6); email correspondence with A. Stulman regarding issues relating to orders (.2); email correspondence with M. Lunn regarding same (.1); telephone conference with K. Posin regarding same (.4); review objections filed by creditors' committee (.9); conference call with P. Summers regarding issues relating to same (.6); email correspondence with P. Summers regarding same (.1); email correspondence with P. Gilhuly regarding issues relating to same (.5) |
| 01/13/18 | P M Gilhuly | 1.10 | Review and analysis regarding committee disclosure statement objections (.8) and objections final first draft day orders (.3) |
| 01/13/18 | A E Malatesta | 3.10 | Email correspondence with P. Summers and N. Sykes regarding committee's objection to cash management, taxes, insurance, and wages orders (.5); email correspondence with P. Gilhuly and K. Posin regarding same (.3); email correspondence with D. Banker regarding same (.1); review documents and correspondence in connection with committee diligence requests and disclosure statement objection (.9); research issues relating to same (1.3) |
| 01/14/18 | P M Gilhuly | .30 | Review of N. Sykes draft waivers to committee questions regarding Rentech financial history (.3) |
| 01/14/18 | A E Malatesta | .10 | Email correspondence with counsel to creditors' committee regarding revised bar date and plan and disclosure statement orders (.1) |
| 01/15/18 | P M Gilhuly | 1.40 | Conference with committee professionals regarding 1/17 hearing objections resolution (1.3); call to W. Jung regarding Buyer conditions (.1) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| 01/15/18 | KA Posin | 2.00 | Converse with A. Malatesta regarding Committee objections to first day motions (.2); draft email to D. Banker regarding DIP Credit Agreement and NDA (.2); converse with A. Malatesta regarding Committee NDA and objections to first day motions (.3); converse with Committee counsel regarding filed objections and sale hearing (1.3) |
| 01/15/18 | A E Malatesta | 10.90 | Review and analyze documents and correspondence relating to proposed revisions to confidentiality agreement (.9); review and revise confidentiality agreement (.6); telephone conference with K. Posin regarding same (.4); email correspondence with counsel to committee regarding same (.7); email correspondence with P. Summers and N. Sykes regarding same (.2); email correspondence with P. Gilhuly and K. Posin regarding same (.3); review committee's objection to cash collateral, taxes, insurance, and employee wages and benefits orders (.3); email correspondence with counsel to committee regarding same (.6); review documents and correspondence relating to same (.8); email correspondence with P. Gilhuly regarding same (.1); draft analysis regarding same (.7); email correspondence with counsel to committee regarding committee's comments regarding bar date order (.1); review bankruptcy dockets in connection with same (.5); email correspondence with YCST regarding same (.1); telephone conference with S. Hansen regarding same (.2); attend conference call with P. Gilhuly, K. Posin, and counsel to the committee asset dispositions, objections, and diligence requests (1.3); review and analyze documents relating to committee diligence requests (1.3); email correspondence with P. Summers and N. Sykes regarding issues relating to same (1.2); telephone conference with P. Gilhuly regarding same (.1); email correspondence with counsel to creditors' committee regarding same (.5) |
| 01/16/18 | P M Gilhuly | 2.70 | Messages to/from W. Jung, regarding Energex bidding interest (.3); review of Energex correspondence (.3); review of energy correspondence (.3); drafting memorandum to W. Jung regarding price issues (.3); conference with W. Jung regarding price issues (.6); meeting with W. Jung and D. Banker regarding auction issues (.9) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

26

Case 7:16-cv-00018-D     Document 405-1     Filed 04/08/19     Page 78 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| 01/16/18 | KA Posin | 2.30 | Draft email to M. Lunn and A. Malatesta regarding Committee objections (.2); draft email to A. Malatesta regarding resolution of NDA issue (.2); converse with A. Malatesta regarding same (.2); review revisions to orders based on Committee agreement (.5); meet with Committee counsel regarding Disclosure Statement and sale objections (1.0); review revisions to NDA (.2) |
| 01/16/18 | A E Malatesta | 7.70 | Telephone conference with D. Banker regarding confidentiality agreement and other creditor committee issues (.4); review and analyze documents in connection with same (.9); email correspondence with K. Posin and P. Gilhuly regarding same (.8); telephone conference with K. Posin regarding same (.2); telephone conference with D. Banker and G. Danenhauer regarding same (.3); email correspondence with D. Banker and G. Danenhauer regarding same (.2); email correspondence with P. Summers and N. Sykes regarding same (.2); revise confidentiality agreement (.7); email correspondence with C. Cummins regarding issues relating to committee's diligence requests (.2); review documents in connection with same (.4); email correspondence with D. Banker regarding sale order (.1); email correspondence with K. Posin and S. Hansen regarding same (.1); email correspondence with D. Zaheer and T. Tong regarding same (.1); email correspondence with Lowenstein and WTP teams regarding objection to cash management, employee wages, taxes, and insurance orders and the bar date order (.5); email correspondence with P. Gilhuly regarding issues relating to same (.2); review documents and correspondence relating to same (.7); email correspondence with P. Summers regarding same (.1); telephone conference with M. Lunn regarding same (.1); email correspondence with J. Sazant regarding same (.2); telephone conference with J. Sazant regarding same (.1); revise cash management order in connection with same (.5); revise employee wages order in connection with same (.2); email correspondence with K. Posin, P. Gilhuly, M. Nestor, M. Lunn, and J. Sazant regarding same (.1); email correspondence with P. Summers and N. Sykes regarding same (.1); telephone conference with B. Regan regarding same (.1); email correspondence with M. Lunn regarding issues relating to same (.2) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

27

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 79 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/17/18 | P M Gilhuly | 1.20 | Messages to/from W. Jung regarding John Hancock documents and price (.3); meeting with Jung and committee professionals regarding auction roles (.9) |
| 01/17/18 | A E Malatesta | .60 | Email correspondence with J. deKoe regarding committee diligence requests (.1); review documents in connection with same (.1); email correspondence with N. Sykes regarding NDA (.1); review and analyze NDA terms (.3) |
| 01/19/18 | A E Malatesta | .50 | Review confidentiality agreement with creditors' committee (.2); email correspondence with N. Sykes regarding same (.1); review documents and correspondence relating to same (.1); email correspondence with D. Banker regarding same (.1) |
| 01/22/18 | P M Gilhuly | .40 | Review of C. Samis memorandum regarding solicitation schedule (.2); review of C. Sam's memorandum regarding committee questions on KEIP (.2) |
| 01/22/18 | A E Malatesta | 1.00 | Reply to creditors' committee's inquiries regarding the KEIP (.3); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.2); review documents in connection with same (.5) |
| 01/23/18 | P M Gilhuly | 1.70 | Review and analysis of C. Sam's memos regarding committee KEIP comments and analysis (.3); review of W. Jung memorandum regarding BMO liens (.1); conference with C. Samis regarding committee KEIP proposal (.3); review and analysis of committee KEIP settlement offer (.5); Conference with P. Summers and N. Sykes regarding committee settlement offer on KEIP (.5) |
| 01/23/18 | A E Malatesta | 1.40 | Email correspondence with C. Samis regarding committee's inquiries regarding the KEIP (.1); review documents relating to same (.4); telephone conference with P. Gilhuly regarding same (.1); email correspondence with P. Summers regarding same (.1); telephone conference with C. Samis, P. Gilhuly, M. Nestor, and C. Cummins regarding issues relating to KEIP (.3); telephone conference with P. Summers, N. Sykes, C. Cummins, and P. Gilhuly regarding committee comments regarding KEIP (.4) |
| 01/24/18 | P M Gilhuly | .40 | Conference with W. Jung regarding KEIP (.4) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

28

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 80 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| 01/24/18 | A E Malatesta | 1.30 | Attend conference call with P. Gilhuly, P. Summers, N. Sykes, J. Herold, M. Nestor, and C. Cummins regarding committee comments concerning KEIP (.9); review documents and correspondence in connection with same (.4) |
| 01/25/18 | P M Gilhuly | 2.00 | Review of C. Cummins KEIP counterproposal to committee (.2); conference and messages to/from C. Samis and M. Nestor regarding committee KEIP proposal (.5); conference with P. Summers, N. Sykes, C. Cummins, and M. Nestor regarding committee counters (1.2); review of D. Banker memorandum regarding Price conversations (.1) |
| 01/25/18 | A E Malatesta | 1.30 | Telephone conference with P. Gilhuly regarding committee's comments concerning the KEIP (.1); attend conference call with P. Summers, N. Sykes, J. Herold, P. Gilhuly, M. Nestor, and C. Cummins regarding same (.7); review documents and correspondence in connection with same (.4); telephone conference with P. Summers and N. Sykes regarding same (.1) |
| 01/29/18 | P M Gilhuly | .30 | Conference with W. Jung regarding Price APA issues (.3) |
| 01/29/18 | A E Malatesta | 7.10 | Review and revise KEIP order in connection with settlement with the creditors' committee (4.8); review documents and correspondence relating to same (.7); draft analysis in connection with same (1.0); telephone conference with P. Summers and N. Sykes regarding same (.3); telephone conference with C. Cummins, P. Summers, and N. Sykes regarding same (.2); telephone conference with P. Gilhuly regarding same (.1) |
| 01/30/18 | P M Gilhuly | .40 | Messages to/from C. Jamis regarding KEIP order changes (.2); messages to/from M. Lunn regarding committee order changes (.2) |
| 01/30/18 | A E Malatesta | 5.10 | Review and revise KEIP order in connection with agreement reached with the creditors' committee (2.6); review documents and correspondence in connection with same (1.0); draft analysis in connection with same (.3); email correspondence with P. Summers, N. Sykes, J. Herold, C. Cummins, P. Gilhuly, M. Nestor, and M. Lunn regarding same (.9); email correspondence with C. Cummins regarding same (.1); email correspondence with N. Sykes regarding same (.1); email correspondence with C. Samis regarding |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Creditor Committee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | same (.1) |
| 01/31/18 | P M Gilhuly | .60 | Messages to/from C. Samis regarding revised KEIP (.2); meeting with C. Samis regarding DIP and cash collateral (.4) |
| 01/31/18 | A E Malatesta | 1.20 | Review and revise KEIP order to reflect agreement with committee (.8); review documents and correspondence relating to same (.2) email correspondence with P. Summers, N. Sykes, J. Herold, and C. Cummins regarding same (.2) |

| | | | |
|------|------|------|------|
| P M Gilhuly | 16.80 | hours | $ 22,680.00 |
| KA Posin | 7.80 | hours | $ 8,034.00 |
| A E Malatesta | 59.80 | hours | $ 58,305.00 |
| S P Hansen | 2.00 | hours | $ 1,510.00 |
| | 86.40 | | $ 90,529.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Employee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|----------|----------------|-----------|-----------------|
| 01/01/18 | A E Malatesta | .40 | Draft and revise KEIP motion (.3); review documents and correspondence in connection with same (.1) |
| 01/02/18 | A E Malatesta | 4.50 | Draft KEIP motion and accompanying documents (2.8); review documents and correspondence in connection with same (.4); email correspondence with P. Summers and N. Sykes team regarding same (.1); email correspondence with M. Nestor, M. Lunn, and J. Sazant regarding same (.1); prepare final order relating to employee wages and benefits motion (.3); telephone conference with M. Lunn regarding issues relating to same (.2); email correspondence with J. Herold regarding same (.1); review and analyze documents relating to same (.3); telephone conference with P. Summers regarding employee issues (.2) |
| 01/03/18 | P M Gilhuly | .50 | Review of and comments on draft KEIP motion (.3); messages to/from N. Sykes and J. Harold regarding KEIP declarant (.2) |
| 01/03/18 | A E Malatesta | 4.90 | Email correspondence with P. Summers, N. Sykes, and J. Herold regarding issues relating to employee wages and benefits (.2); review documents relating to same (.2); draft and revise KEIP motion (2.8); email correspondence with P. Summers and N. Sykes regarding same (.8); email correspondence with M. Lunn regarding same (.3); review and analyze documents and correspondence in connection with same (.5); email correspondence with P. Gilhuly regarding same (.1) |
| 01/04/18 | A E Malatesta | 2.20 | Review and revise final proposed order relating to employee wages and benefits motion (.2); email correspondence with M. Lunn regarding same (.2); telephone conference with P. Gilhuly regarding issues relating to same (.2); review and revise KEIP motion (.7); attend conference call with P. Summers, N. Sykes, M. Lunn, and C. Cummins regarding same (.9) |
| 01/05/18 | A E Malatesta | .30 | Review and revise KEIP motion (.1); telephone conference with N. Sykes regarding same (.2) |
| 01/07/18 | A E Malatesta | .30 | Review and revise KEIP motion (.2); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.1) |
| 01/08/18 | P M Gilhuly | .60 | Review and comments on revised KEIP motion (.3); |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

31

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 83 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Employee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| | | | messages to/from N. Sykes regarding KEIP witness (.2); review of S. Brown letter regarding K. Amey separation (.1) |
| 01/08/18 | A E Malatesta | 1.30 | Review and revise KEIP motion (.4); telephone conference with N. Sykes regarding same (.2); email correspondence with P. Summers regarding same (.1); email correspondence with N. Sykes regarding issues relating to employee wages order (.2); review correspondence relating to same (.1); revise proposed order in connection with same (.2); email correspondence with M. Lunn regarding same (.1) |
| 01/09/18 | A E Malatesta | .20 | Email correspondence with C. Cummins regarding KEIP (.1); telephone conference with N. Sykes regarding same (.1) |
| 01/10/18 | A E Malatesta | 5.30 | Email correspondence with P. Summers, N. Sykes, J. Herold, and C. Cummins regarding issues relating to KEIP (.1); email correspondence with M. Lunn regarding same (.2); email correspondence with P. Gilhuly regarding issues relating to same (.1); telephone conference with K. Posin regarding issues relating to same (.1); prepare testimony in connection with same (.4); review documents relating to same (.5); telephone conference with J. Sazant regarding same (.1); review and revise motion to seal in connection with same (.8); email correspondence with J. Sazant regarding same (.2); research issues relating to wages order (1.9); email correspondence with J. Herold regarding same (.1); telephone conference with J. Herold regarding issues relating to same (.4); email correspondence with M. Nestor, M. Lunn, and J. Sazant regarding same (.4) |
| 01/11/18 | A E Malatesta | .70 | Review correspondence regarding final wages order (.1); review revised wages order (.2); email correspondence with K. Eide regarding same (.1); email correspondence with Lowenstein team regarding same (.1); email correspondence with S. Tetro regarding same (.1); telephone conference with N. Sykes regarding same (.1) |
| 01/12/18 | A E Malatesta | .20 | Revise employee wages order (.1); email correspondence with J. Sazant regarding same (.1) |
| 01/14/18 | A E Malatesta | .20 | Review motion to approve a KEIP (.1); email correspondence with N. Sykes regarding same (.1) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

32

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 84 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Employee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/16/18 | A E Malatesta | .20 | Review certification of counsel relating to employee wages order (.1); email correspondence with J. Sazant regarding same (.1) |
| 01/18/18 | P M Gilhuly | .10 | Review of M. Nestor memorandum regarding committee KEIP request (.1) |
| 01/18/18 | A E Malatesta | .80 | Email correspondence with N. Sykes and J. Herold regarding pension related issues (.2); research issues relating to same (.6) |
| 01/19/18 | KA Posin | .10 | Converse with A. Malatesta regarding declaration in support of key employee incentive plan motion (.1) |
| 01/19/18 | A E Malatesta | 6.20 | Draft declaration in support of KEIP motion (3.9); telephone conference with K. Posin regarding same (.2); review and analyze documents in connection with same (1.1); draft analysis relating to same (.8); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.1); email correspondence with the PBGC regarding issues relating to bankruptcy case (.1) |
| 01/20/18 | A E Malatesta | .90 | Email correspondence with J. Herold regarding issues relating to payments to employees (.3); review and analyze documents in connection with same (.5); email correspondence with P. Summers regarding issues relating to employees (.1) |
| 01/21/18 | A E Malatesta | 2.90 | Draft declaration in support of KEIP (2.5); review and analyze documents in connection with same (.4) |
| 01/22/18 | KA Posin | .70 | Converse with A. Malatesta regarding response to KEIP inquiries (.3); review KEIP comments from UST and related responses (.4) |
| 01/22/18 | A E Malatesta | 3.90 | Telephone conference with K. Posin regarding issues relating to KEIP (.3); telephone conference with P. Summers, N. Sykes, J. Herold, and C. Cummins regarding issues relating to employee compensation and benefits (.4); review and analyze documents and correspondence in connection with same (.3); draft declaration in support of same (1.9); review documents in connection with same (.4); research issues relating to same (.6) |
| 01/23/18 | P M Gilhuly | 1.10 | Review of KEIP comparison spreadsheet (.2); messages to/from C. Cummins regarding KEIP data (.2); conference with C. Cummins regarding |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

33

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 85 of 139

LATHAM&WATKINSLLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Employee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | committee KEIP proposal (.2); review of revised KEIP order (.2); review and comments on K. Redero declaration regarding KEIP (.3) |
| 01/23/18 | A E Malatesta | 3.30 | Draft declaration in support of KEIP motion (2.2); telephone conference with P. Gilhuly regarding same (.1); email correspondence with N. Sykes regarding issues relating to employee wages (.1); review documents relating to same (.4); telephone conference with P. Gilhuly, C. Cummins, and M. Nestor regarding issues relating to KEIP (.2); email correspondence with P. Gilhuly regarding same (.1); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.2) |
| 01/24/18 | P M Gilhuly | 1.60 | Review of C. Cummins memorandum regarding Tenco call on KEIP (.2); call to W. Jung regarding KEIP (.3); Conference with P. Summers, N. Sykes and C. Cummins regarding KEIP objections (.8); conference with M. Nestor regarding KEIP status (.3) |
| 01/25/18 | P M Gilhuly | 1.40 | Review and comments on revised Redino Declaration (.3); conference with P. Summers, N. Sykes, J. Harold, C. Cummins, and M. Nestor regarding KEIP Hearing and pleadings (.8); review and comments on KEIP counter offer (.3) |
| 01/27/18 | P M Gilhuly | 1.00 | Review and comments on P. Summers draft KEIP declaration (.4); review and comments on draft KEIP reply (.6) |
| 01/28/18 | P M Gilhuly | .40 | Review and analysis of P. Summers comments on KEIP reply (.2); review of M. Conn memorandum regarding revisions to KEIP reply (.2) |
| 01/29/18 | P M Gilhuly | 5.20 | Conference with P. Summers, N. Sykes and C. Cummins regarding Redino Declaration (.5); and P. Summers Declaration (.7): preparing for KEIP hearing (3.8); review and comments on KEIP reply (.2) |
| 01/30/18 | P M Gilhuly | 5.40 | Review and comments on draft KEIP order (.4); preparing for KEIP Motion hearing (3.1); conference with M. Nestor regarding KEIP Motion strategy (.3); meeting with K. Redino and P. Summers regarding KEIP testimony preparation (1.6) |
| 01/31/18 | P M Gilhuly | 6.10 | Review of Orchard Supply Hardware (.3) and Diamond Glass (.3) transcripts; preparing for KEIP |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

34

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 86 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Employee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|----------|----------------|-----------|-----------------|
| | | | hearing (2.6); attendance of KEIP hearing (2.9) |
| 01/31/18 | A E Malatesta | .70 | Telephonically attend hearing regarding KEIP motion (.7) |

| | | | | |
|----------|-------|-------|---------|---|
| P M Gilhuly | 23.40 | hours | $ 31,590.00 | |
| KA Posin | .80 | hours | $ 824.00 | |
| A E Malatesta | 39.40 | hours | $ 38,415.00 | |
| | 63.60 | | $ 70,829.00 | |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

35

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 87 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Executory Contracts and Unexpired Leases

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/05/18 | A E Malatesta | 1.50 | Review and revise order relating to motion to reject (.7); telephone conference with N. Sykes regarding same (.2); email correspondence with M. Lunn regarding same (.2); email correspondence with J. Sazant regarding same (.1); telephone conference with M. Lunn regarding same (.1); email correspondence with N. Sykes regarding same (.2) |
| 01/05/18 | S P Hansen | .10 | Telephone conference with A. Malatesta regarding UST comments to the Order to the Motion to Reject |
| 01/06/18 | A E Malatesta | 1.30 | Review and analyze Rentech, Inc. lease agreement (.8); email correspondence with N. Sykes regarding issues relating to same (.4); email correspondence with M. Lunn regarding issues relating to same (.1) |
| 01/07/18 | A E Malatesta | .10 | Review and revise order relating to motion to reject (.1) |
| 01/08/18 | KA Posin | .20 | Converse with A. Malatesta regarding rejection of lease |
| 01/08/18 | A E Malatesta | 1.30 | Telephone conference with S. Gubner regarding issues relating to Center West lease (.1); review documents and correspondence in connection with same (.2); research issues relating to same (.8); telephone conference with M. Lunn regarding same (.1); telephone conference with K. Posin regarding same (.1) |
| 01/09/18 | KA Posin | .20 | Converse with A. Malatesta regarding rejection of leases (.2) |
| 01/09/18 | A E Malatesta | 4.80 | Research issues relating to claims arising from unexpired leases (1.9); telephone conference with P. Gilhuly regarding same (.1); telephone conference with S. Hansen regarding same (.1); review and analyze documents in connection with same (.7); revise order relating to motion to reject (.8); email correspondence with M. Lunn regarding same (.2); telephone conference with S. Seflin regarding same (.3); telephone conference with M. Lunn regarding same (.3); telephone conference with K. Posin regarding same (.2); email correspondence with S. Seflin regarding same (.2) |
| 01/10/18 | A E Malatesta | 1.10 | Revise order relating to motion to reject (.2); email correspondence with J. Sazant regarding same (.1); email correspondence with S. Seflin regarding same (.1); email correspondence with P. Gilhuly regarding same (.1); email correspondence with P. |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

36

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 88 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Executory Contracts and Unexpired Leases

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| | | | Summers and N. Sykes regarding same (.2); review documents relating to same (.4) |
| 01/11/18 | A E Malatesta | .70 | Review and revise rejection order (.2); email correspondence with S. Seflin regarding same (.1); email correspondence with M. Lunn regarding same (.1); email correspondence with Lowenstein team regarding same (.1); email correspondence with K. Eide regarding same (.1); email correspondence with S. Tetro regarding same (.1) |

| | | | | |
|---|---|---|---|---|
| KA Posin | .40 | hours | | $ 412.00 |
| A E Malatesta | 10.80 | hours | | $ 10,530.00 |
| S P Hansen | .10 | hours | | $ 75.50 |
| | 11.30 | | | $ 11,017.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

37

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 89 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | P M Gilhuly | .50 | Messages to/from P. Summers regarding Credit Suisse contact and interest payments (.2); drafting memorandum to Akin Gump and Credit Suisse regarding interest rate PIK (.3) |
| 01/02/18 | KA Posin | .20 | Review revised budget and variance report |
| 01/02/18 | A E Malatesta | .30 | Review documents relating to cash management (.2); email correspondence with I. Shmukler regarding same (.1) |
| 01/03/18 | P M Gilhuly | .80 | Review of GSO cash collateral report (.2); conference with P. Summer, N. Sykes and C. Cummins regarding revision to GSO report (.5); drafting memorandum to S. Tetro regarding budget variance report (.1) |
| 01/04/18 | KA Posin | .70 | Draft DIP Motion (.5); review DIP Credit Agreement (.2) |
| 01/04/18 | A E Malatesta | .10 | Email correspondence with K. Posin regarding issues relating to cash collateral order (.1) |
| 01/05/18 | P M Gilhuly | .40 | Review of F. Lee correspondence regarding DIP Credit Agreement comments (.2); review of N. Sykes comments on DIP credit agreement (.2) |
| 01/05/18 | KA Posin | 5.10 | Revise motion seeking approval of DIP financing (2.1); converse with K. Eide regarding DIP order and motion (.6); converse with S. Tetro regarding cash collateral order and DIP motion (.5); converse with A. Malatesta regarding same (.3); review cash collateral order (.2); revise final cash collateral order (.7 ); review final cash collateral order and converse with A. Malatesta regarding same (.2); converse with K. Eide regarding DIP financing (.1); draft emails regarding final cash collateral order (.2); review summary of DIP financing efforts (.2) |
| 01/05/18 | A E Malatesta | 1.30 | Review and revise final cash management order (.4); email correspondence with M. Lunn regarding same (.1); email correspondence with J. Sazant regarding same (.1); telephone conference with M. Zelina regarding issues relating to same (.1); review documents and correspondence in connection with same (.3); review correspondence regarding DIP financing (.3) |
| 01/06/18 | KA Posin | 1.50 | Revise final cash collateral order |
| 01/07/18 | P M Gilhuly | .90 | Review and comments on revisions to proposed |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

38

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 90 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | final cash collateral order (.3); conference with K. Posin regarding final proposed cash collateral order (.3); review of R. Eide correspondence regarding consent to Atikokan sale (.1) review of C. Cummins writing of DIP shopping (.2) |
| 01/07/18 | KA Posin | .50 | Converse with P. Gilhuly regarding cash collateral order (.3); circulate same (.2) |
| 01/08/18 | P M Gilhuly | .30 | Messages to/from K. Eide and Akin lawyers regarding DIP GSO consents and update call (.3) |
| 01/08/18 | KA Posin | .20 | Draft emails to secured lenders regarding DIP financing (.1); converse with A. Malatesta regarding cash collateral order (.1); |
| 01/08/18 | A E Malatesta | .40 | Email correspondence with M. Lunn regarding cash management order (.1); telephone conference with M. Lunn regarding same (.1); email correspondence with S. Tetro regarding same (.1); review documents relating to same (.1) |
| 01/09/18 | P M Gilhuly | 1.50 | Conference with N. Sykes and P. Summers on DIP (.6); messages to/from K. Eide regarding GSO update and final cash collateral order (.2); review of N. Sykes memorandum regarding draft DIP agreement comments (.2); conference with D. Fisher, K. Eide and Akin lawyers regarding final cash collateral order, DIP, and asset sale update (.5) |
| 01/09/18 | KA Posin | 7.10 | Review and revise DIP Credit agreement (3.6); review prepetition Credit Agreement, schedules and exhibits (1.4); converse with P. Gilhuly regarding financing and sales (.2); draft email to Akin regarding same (.2); converse with Akin team regarding status of sales and financing (.5); converse with P. Summers and N. Sykes regarding DIP credit agreement and sale process (1.2) |
| 01/09/18 | E Y Oh | 4.00 | Telephone call with K. Posin regarding DIP credit agreement (0.2); review and comment on DIP credit agreement (3.8) |
| 01/09/18 | A E Malatesta | .30 | Email correspondence with S. Tetro regarding issues relating to cash management order (.1); email correspondence with P. Gilhuly regarding same (.1); email correspondence with M. Lunn regarding same (.1) |
| 01/10/18 | J M Jameson | 2.40 | Review draft DIP credit agreement (2.4) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

39

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 91 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/10/18 | KA Posin | 1.30 | Revise DIP Credit Agreement (1.0); converse with L. Oh regarding same (.3) |
| 01/10/18 | E Y Oh | 3.20 | Telephone call with K. Posin regarding DIP credit agreement (0.4); review and comment on DIP credit agreement (2.8) |
| 01/11/18 | J M Jameson | 3.70 | Review draft DIP Credit Agreement (.9); meeting with E. Oh to review DIP credit agreement comments (0.3); review draft Guaranty and prepare comments to same (1.5); review Security Agreement and prepare comments to same (1.0) |
| 01/11/18 | KA Posin | 1.90 | Review and revise DIP Credit Agreement (.6); review and revise DIP Pledge Agreement (.5); review and revise DIP Guaranty (.6); circulate same (.2) |
| 01/11/18 | S R Weiner | .30 | Review DIP Credit Agreement (.3) |
| 01/11/18 | E Y Oh | 2.30 | Revise DIP credit agreement (0.3); review and comment on guaranty and security agreement (2.0); |
| 01/11/18 | A E Malatesta | .40 | Review revised cash management order (.1); email correspondence with K. Eide regarding same (.1); email correspondence with Lowenstein team regarding same (.1); email correspondence with S. Tetro regarding same (.1) |
| 01/12/18 | P M Gilhuly | .70 | Review and comments on draft DIP documents (.3); messages to/from P. Summers regarding GSO approval for NEWP asset amendment (.2); messages to/from D. Zaheer regarding Valdosta assets purchase (.2) |
| 01/12/18 | J M Jameson | 1.90 | Review Pledge Agreement and prepare comments (.9); review revised drafts of ancillary documents guaranty and security agreement) (1.0) |
| 01/12/18 | KA Posin | 1.20 | Review and provide comments on hearing agenda (.2); review revisions to Credit Agreement (.4); review and analyze Committee objection to cash collateral order (.6) |
| 01/12/18 | E Y Oh | 2.80 | Revise DIP credit agreement, guaranty and security agreement per Rentech comments (1.0); review and comment on Pledge Agreement (1.0); review and respond to emails regarding entity structure and other deal points (0.8) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/12/18 | A E Malatesta | .10 | Revise cash management order (.1) |
| 01/13/18 | P M Gilhuly | .20 | Review of N. Sykes comments on DIP Agreement (.2) |
| 01/14/18 | KA Posin | 1.60 | Review revisions to DIP credit Agreement and draft summary of open items for discussion (1.6) |
| 01/14/18 | E Y Oh | 1.10 | Revise DIP credit agreement (1.1) |
| 01/14/18 | A E Malatesta | .10 | Review objection to cash management (.1) |
| 01/14/18 | S P Hansen | 4.50 | Draft debtor-in-possession financing motion (3.5); review proposed debtor-in-possession financing credit agreement (1.0) |
| 01/15/18 | P M Gilhuly | .40 | Review of J. Yew memorandum regarding Aitikokan sale proceeds payment to GSO (.2); review of P. Summers comments on DIP financing documents (.2) |
| 01/15/18 | J M Jameson | 1.50 | Review DIP credit agreement issues in advance of call with N. Sykes (.4); telephone conference with K. Posin N. Sykes and P. Summers DIP credit agreement mark up and issues (.9); retrieve precedent schedules and email to K. Posin (.2) |
| 01/15/18 | KA Posin | 5.70 | Converse with N. Sykes regarding revisions to DIP Credit Agreement (1.1); review and revise DIP Motion (.6); converse with S. Hansen regarding DIP motion (.2); review and revise DIP Credit Agreement (.7); review and revise DIP Security Agreement (1.3); review and revise DIP guaranty agreement (1.2); review and revise pledge agreement (.6) |
| 01/15/18 | S P Hansen | 7.30 | Draft DIP motion (6.3); review DIP Credit Agreement for purposes of completing DIP Motion (1.0) |
| 01/16/18 | P M Gilhuly | .20 | Review and comments on GSO cash collateral variance report (.2) |
| 01/16/18 | J M Jameson | 1.50 | Review revised DIP loan agreements (1.1); review comments on DIP loan agreements from N. Sykes (.4) |
| 01/16/18 | KA Posin | 4.00 | Review comments on DIP guaranty and security agreement (.3); review revisions to DIP Credit Agreement (.3); review, revise and respond to issues list on DIP Credit Agreement (.7)l review and revise DIP motion (2.2); converse with K. Eide |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

41

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 93 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | regarding same (.2); review Committee objection to cash collateral order (.3) |
| 01/16/18 | E Y Oh | 2.40 | Revise credit agreement and security documents per client discussions (0.8); draft issues list for revised credit agreement (1.1); review and respond to emails regarding schedules and ancillary documents (0.5) |
| 01/16/18 | A E Malatesta | .30 | Review certification of counsel relating to cash management order (.1); email correspondence with K. Posin regarding issues relating to DIP (.1); review correspondence regarding same (.1) |
| 01/17/18 | J M Jameson | 3.60 | Review credit agreement issues list (.4); review draft DIP Order (1.8); review DIP credit agreement changes with E. Oh and revise prepayment provisions (.5); review draft DIP Order revisions and DIP motion (.9) |
| 01/17/18 | KA Posin | 3.70 | Review and provide comments on revised DIP Credit Agreement (.4); communicate with L. Oh regarding same (.2); review and provide comments on revised DIP Motion and converse with S. Hansen regarding same (1.2); review and provide comments on draft final DIP order (1.1); converse with K. Eide regarding sale process and financing (.4); facilitate filing of DIP Motion and proposed DIP Credit Agreement (.4) |
| 01/17/18 | E Y Oh | 2.70 | Telephone calls with N. Sykes regarding credit agreement (0.5); telephone calls with Akin regarding credit agreement (0.5); revise credit agreement (0.8); review revised credit agreement (0.5); review and respond to emails regarding the same (0.4) |
| 01/17/18 | A E Malatesta | 5.40 | Review and comment on draft DIP motion (1.8); review and comment on proposed order relating to same (1.7); email correspondence with K. Posin regarding same (.3); conference with S. Hansen regarding same (.7); email correspondence with M. Lunn and J. Sazant regarding same (.1); email correspondence with K. Eide regarding same (.1); telephone conference with J. Sazant regarding same (.1); review correspondence relating to same (.2); review revisions to credit agreement relating to same (.3); telephone conference with L. Oh regarding same (.1) |
| 01/17/18 | S P Hansen | 6.50 | Prepare for and attend telephone conference with |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

42

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 94 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| | | | K. Posin regarding the DIP Motion and DIP Order (0.5); prepare for and attend telephone conference with A. Malatesta regarding revisions to DIP Motion and DIP Order (0.7); continue to review and revise DIP Motion per draft of the DIP Order (4.7); review DIP Credit Agreement (0.3); review DIP Order (0.3) |
| 01/18/18 | P M Gilhuly | .20 | Review of adjusted DIP budget (.1); review of W. Jung memorandum regarding draft DIP order (.1) |
| 01/18/18 | KA Posin | .90 | Converse with S. Hansen regarding DIP financing (.2); review filed DIP motion (.1); review amended DIP budget (.1); converse with L. Oh regarding DIP credit agreement (.3); draft email to P Gilhuly regarding timing of DIP (.1); draft emails regarding cash collateral order deadline (.1) |
| 01/18/18 | E Y Oh | 1.50 | Telephone call with K. Posin regarding finalizing credit agreement for hearing (0.3); review and respond to emails regarding open items for credit agreement, insurance deliverables and other items (0.6); draft deliverables checklist and finalize schedules (0.6) |
| 01/19/18 | KA Posin | .40 | Draft response to W. Jung regarding control agreements (.1); review control agreement and draft email to W. Jung regarding same (.3) |
| 01/19/18 | E Y Oh | .60 | Telephone call with C. Fitch regarding resolutions, good standings and certificates for DIP facility (0.3); review and respond to emails regarding control agreement questions (0.3) |
| 01/19/18 | C W Fitch | .20 | Call with E. Oh regarding drafting secretary's certificate and resolutions for potential financing (0.2) |
| 01/21/18 | S P Hansen | .60 | Prepare final dip order (0.4); correspondence with US Trustee regarding revised order (0.2) |
| 01/22/18 | P M Gilhuly | .60 | Review of P. Summers revised DIP budget (.2); messages to/from P. Summers regarding DIP budget (.2); review of W. Jung memorandum to K. Eide regarding committee comments on cash collateral (.2) |
| 01/22/18 | J M Jameson | .20 | Review draft DIP budget (.2) |
| 01/22/18 | KA Posin | 2.20 | Review Committee objections to DIP/cash collateral order (.2); review and analyze revised |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

43

LATHAM&WATKINSLLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | DIP budget (.4); review response from P. Summers regarding current budget and draft response regarding same (.2); circulate revised budget and draft response to S. Tetro regarding sale proceeds and DIP financings (.5); review proposed final DIP and cash collateral order (.4); review and draft emails to K. Eide regarding the proposed DIP budget (.5) |
| 01/22/18 | C W Fitch | 2.10 | Communication with E. Oh regarding precedent for the secretary's certificate and resolutions (0.2); review precedent draft secretary's certificate (0.8); review precedent and begin drafting omnibus resolutions for each of the borrowers and guarantors (1.1) |
| 01/23/18 | P M Gilhuly | .20 | Review of P. Summers memorandum regarding DIP budget issues (.2) |
| 01/23/18 | KA Posin | .50 | Draft declaration in support of DIP financing motion (.2); draft response to W. Jung regarding DIP budget (.1); converse with K. Eide regarding DIP financing (.2) |
| 01/23/18 | E Y Oh | .60 | Telephone call with C. Fitch regarding resolutions, good standings and certificates for DIP facility (0.3); review and respond to emails regarding control agreement questions (0.3) |
| 01/23/18 | C W Fitch | 2.20 | Finalize drafting the resolutions per instructions from E. Oh (1.4); draft email communication with E. Oh regarding initial drafts of the secretary's certificate and resolutions (0.2); review and revise the secretary's certificate and resolutions per comments received from E. Oh (0.4); follow-up email communication regarding the same (0.2) |
| 01/24/18 | J M Jameson | .40 | Review closing deliverables (.4) |
| 01/24/18 | KA Posin | .70 | Draft response to S. Tetro regarding DIP financing (.2); converse with E. Oh regarding BMO security documents (.2); review BMO security documents (.2); revise Summers declaration in support of DIP motion (.1) |
| 01/24/18 | E Y Oh | .20 | Review and respond to emails regarding ancillary documents for credit facility (0.2) |
| 01/25/18 | KA Posin | 4.10 | Attend call with Rentech and Credit Suisse regarding GSO loan (.1); revise DIP declaration (1.6); converse with S. Tetro regarding BMO debt |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

44

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 96 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| | | | (.2); attend call with RPA and Rentech regarding DIP budget (.7); analyze interim compensation proposal and professional fee estimates for budget (.8); draft emails to C. Cummins regarding same (.3); draft email to Young Conaway regarding fee estimate (.2); draft email to Prime Clerk regarding fee estimate (.2) |
| 01/25/18 | A E Malatesta | .20 | Attend conference call with P. Summers, N. Sykes, B. Regan, I. Shmukler, K. Posin and Credit Suisse representative regarding secured lender issues (.2) |
| 01/26/18 | KA Posin | 3.90 | Prepare for and converse with K. Eide regarding DIP proposal (.4); draft email to RPA regarding revisions to budget (.4); converse with B. Shrag regarding budget (.1); review email from K. Eide regarding DIP proposal (.2); draft emails regarding DIP financing (.2); prepare for and converse with W. Jung and K. Eide regarding open items on DIP order (.3); review revisions to DIP documents (.2); converse with P. Summers regarding DIP financing (.4); converse with L. Oh regarding same (.1); revise DIP Order to reflect agreement between GSO and the Committee and other updates (1.6) |
| 01/26/18 | E Y Oh | 2.60 | Review and comment on guaranty and pledge agreement (0.8); telephone call with K. Posin regarding DIP facility questions (0.4); review and comment on fee letter (0.8); review and respond to emails regarding Rentech questions on process and loan agreement (0.6) |
| 01/26/18 | C W Fitch | .70 | Email and telephone communication with E. Oh and R. Webster regarding status of good standing certificates and charter documents (0.7) |
| 01/26/18 | R A Webster | 1.80 | Conference with C. Fitch to discuss Rentech bankruptcy project and acquisition of organizational documents required for filing with Court (0.40); organize and prepare document request for outside vendor with respect to all organizational documents required for transaction (0.70); review correspondence from vendor and respond to their inquiries regarding entities, jurisdictions, and timing for completion of order (0.70) |
| 01/27/18 | P M Gilhuly | .50 | Review of C. Cummins/P. Summers correspondence regarding DIP budget (.2); review of K. Eide/W. Jung correspondence regarding DIP order negotiations (.3) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

45

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 97 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/27/18 | KA Posin | 1.90 | Review revised DIP budget and provide comments on same (.5); draft response to J. Sarkessian regarding DIP order and budget (.2); draft emails to P. Summers regarding DIP financing logistics (.2); review revisions to process costs in proposed budget and comment on same (.3); draft emails to L. Oh regarding DIP borrowings (.2); draft email to L. Oh regarding agreement between GSO and the Committee regarding the DIP Order and financing (.2); converse with K. Eide regarding DIP order (.3) |
| 01/27/18 | R A Webster | 1.00 | Review correspondence from outside vendor regarding organizational documents (0.20); review and organize all organizational documents received (0.60); prepare correspondence to E. Oh and C. Fitch regarding organizational documents received and status of document order (0.20) |
| 01/28/18 | P M Gilhuly | .40 | Messages to/from P. Summers regarding revised DIP budget (.4) |
| 01/28/18 | E Y Oh | .30 | Review and respond to emails regarding initial budget and other credit facility questions (0.3) |
| 01/29/18 | P M Gilhuly | .60 | Conference with P. Summers, N. Sykes and C. Cummins regarding DIP objection issues (.6) |
| 01/29/18 | J M Jameson | 1.10 | Conference call regarding asset sales analysis with P. Summers and N. Sykes (.5); review pledged stock restriction issues (.2); review changed pages to guaranty, pledge agreement and security agreement (.4) |
| 01/29/18 | KA Posin | 6.00 | Converse with Latham team, P. Summers, N. Sykes and C. Cummins regarding DIP financing (.5); converse with P. Gilhuly, N. Sykes and P. Summers regarding distributions to GSO (.4); prepare for and converse with K. Eide regarding same (.6); review and revise DIP order (.5); converse with A. Malatesta regarding same (.2); converse with P. Summers regarding revisions to DIP Order (.3); prepare for DIP/cash collateral hearing (.6); revise DIP declaration (1.5); review UST objection to DIP financing and use of cash collateral and prepare response regarding same (.9); review and revise Summers DIP declaration (.4); converse with A. Malatesta regarding same (.1) |
| 01/29/18 | E Y Oh | 2.70 | Telephone call with LW team and Rentech regarding DIP facility and DIP order and with Akin on schedules (0.7); review and comment on revised |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

46

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 98 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | guaranty, purchase agreement and security agreement (1.0); revise credit agreement (0.6); review and respond to emails regarding schedules and other deliverables (0.4) |
| 01/29/18 | A E Malatesta | 1.00 | Telephone conference with M. McDermott, counsel to the term loan agent, regarding issues relating to sales and plan (.2); telephone conference with K. Posin regarding same (.2); email correspondence with M. McDermott regarding same (.2); telephone conference with K. Posin regarding declaration in support of DIP motion (.1); review documents and correspondence in connection with same (.3) |
| 01/29/18 | C W Fitch | 3.80 | Conference with R. Webster and E. Oh regarding charters and certificates (0.2); organize charters and certificates and share with opposing counsel (0.6); follow-up email and telephone communication regarding pledged shares (0.4); review and draft comments to opposing counsel's draft of the fee letter (0.9); follow-up email communication with E. Oh regarding the same (0.2); review and revise the security agreement and guarantor resolutions per instructions from E. Oh (0.6); review comments to the pledge agreement from opposing counsel (0.7); email communication with K. Posin regarding the security agreement (0.2) |
| 01/29/18 | R A Webster | 1.10 | Review correspondence from outside vendor regarding organizational document orders (0.20); review and respond to correspondence from C. Fitch regarding additional document requests (0.20); prepare correspondence to outside vendor requesting additional organizational documents (0.20); review and organize additional materials received (0.30); prepare correspondence to E. Oh and C. Fitch regarding organizational documents received and status of order (0.20) |
| 01/30/18 | P M Gilhuly | .40 | Messages to/from P. Summers and N. Sykes regarding DIP financing mechanics (.4) |
| 01/30/18 | J M Jameson | .70 | Review revised DIP Credit Agreement and DIP Order (.7) |
| 01/30/18 | KA Posin | 7.40 | Review revisions to DIP Order (.3); draft email to P. Summers and N. Sykes regarding same (.2); draft email to Committee, GSO and BMO regarding revisions to DIP Order and comments on the DIP Budget (.2); revise Summers declaration (.4); |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | review and revise DIP Credit Agreement (.3); draft emails to K. Eide regarding DIP budget and revisions to DIP sale order (.5); draft emails to N. Sykes and P. Summers regarding same (1.1); converse with K. Eide regarding DIP revisions (.4); converse with P. Summers and N. Sykes regarding same (.3); converse with D. Banker regarding DIP order (.3); draft emails to K. Eide regarding same (.3); revise DIP Order (1.9); meet with C. Cummins, N. Sykes, P. Summers and P. Gilhuly to prepare for hearing (1.2) |
| 01/30/18 | E Y Oh | 2.00 | Telephone call with C. Fitch and Akin team regarding ancillary documents and schedules (0.4); revise credit agreement (0.9); review and respond to emails regarding DIP deliverables (0.4); telephone call with A. Kwan regarding intellectual property (0.3) |
| 01/30/18 | C W Fitch | 6.10 | Review and further revise the pledge and security agreements per instructions from E. Oh (0.4); circulate revised drafts of the collateral documents to opposing counsel (0.2); follow-up communication with R. Webster regarding status of outstanding organizational documents (0.3); circulate GCSEC Holdings organization documents to opposing counsel (0.2); prepare final version of the fee letter per K. Posin (0.3); review bylaws and limited liability company agreements from prior transactions (0.9); follow-up communication with our client regarding bylaws and limited liability company agreements (0.3); revise schedules to the security agreement and circulate to opposing counsel (0.6); circulate outstanding organization documents to opposing counsel for review (0.3); draft short form intellectual property security agreements (0.8); review comments from opposing counsel to the resolutions and officer's certificate (0.4); revise resolutions and circulate comments to opposing counsel (0.4); follow-up email and telephone communication with E. Oh and A. Kwan regarding the trademark schedule (0.4); revise the security agreement schedules and circulate to opposing counsel (0.3); review signature pages and draft email regarding corresponding language in the pledge agreement (0.3) |
| 01/30/18 | AT Kwan | .70 | Conduct a brief search of the patents and trademarks listed on the schedules and correspond with E. Oh regarding the status and ownership of |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

48

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 100 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| | | | the patents and trademarks |
| 01/30/18 | R A Webster | 1.60 | Review correspondence from outside vendor regarding organizational document orders (0.20); review and organize additional materials received (0.30); prepare correspondence to E. Oh and C. Fitch regarding organizational documents received and status of order (0.20); prepare electronic copies of organizational documents as required (0.40); correspondence to outside vendor to determine status of outstanding document order (0.20); review and organize documents from vendor (0.20); correspondence to C. Fitch and E. Oh re status (0.10) |
| 01/31/18 | P M Gilhuly | .90 | Meeting with P. Summers and N. Sykes regarding DIP strategy and agreement (.9) |
| 01/31/18 | KA Posin | 6.20 | Review cash collateral motion and objections in preparation for hearing (1.0); converse with N. Sykes and P. Summers regarding continuance of DIP hearing and final cash collateral order (.8); draft final cash collateral order (1.2); prepare for, attend hearing on and argue cash collateral motion (1.0); negotiate terms of final cash collateral order with J. Sarkessian, D. Banker and K. Eide (.8); review requested changes to same, revise same and prepare same for filing with the Court under certification of counsel (1.4) |
| 01/31/18 | E Y Oh | .40 | Review and respond to emails regarding W-9s and other KYC matters with agent (0.4) |
| 01/31/18 | A E Malatesta | 1.90 | Email correspondence with K. Posin regarding issues relating to final cash collateral order (.3); review documents relating to same (.3); email correspondence with K. Eide regarding same (.1); email correspondence with D. Banker and W. Jung regarding same (.1); email correspondence with S. Hansen regarding same (.1); email correspondence with J. Sazant regarding same (.1); revise final cash collateral order (.6); attend hearing telephonically on cash collateral issues (.3) |
| 01/31/18 | S P Hansen | .30 | Prepare draft of interim cash collateral order for purposes of comparing the revised DIP order to the interim cash collateral order |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

49

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 101 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Financing (Cash Collateral)

| | | | |
|---|---|---|---|
| S R Weiner | .30 | hours | $ 418.50 |
| P M Gilhuly | 9.70 | hours | $ 13,095.00 |
| J M Jameson | 17.00 | hours | $ 20,230.00 |
| KA Posin | 68.90 | hours | $ 70,967.00 |
| E Y Oh | 29.40 | hours | $ 29,106.00 |
| A E Malatesta | 11.80 | hours | $ 11,505.00 |
| C W Fitch | 15.10 | hours | $ 11,400.50 |
| S P Hansen | 19.20 | hours | $ 14,496.00 |
| AT Kwan | .70 | hours | $ 283.50 |
| R A Webster | 5.50 | hours | $ 2,090.00 |
| | 177.60 | | $ 173,591.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

50

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 102 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Insurance

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| 01/02/18 | A E Malatesta | .60 | Email correspondence with B. Regan regarding issues relating to insurance order (.1); review and analyze documents and correspondence in connection with same (.3); prepare final order relating to same (.2) |
| 01/04/18 | A E Malatesta | .20 | Review final proposed order relating to insurance motion (.1); email correspondence with M. Lunn regarding same (.1) |
| 01/11/18 | A E Malatesta | .50 | Review final insurance order (.1); email correspondence with Lowenstein team regarding same (.1); email correspondence with K. Eide regarding same (.1); email correspondence with S. Tetro regarding same (.1); email correspondence with J. Sazant regarding same (.1) |
| 01/12/18 | A E Malatesta | .10 | Revise insurance order (.1) |
| 01/16/18 | A E Malatesta | .10 | Review certification of counsel relating to insurance order (.1) |
| 01/17/18 | P K Rosen | .10 | E-mails regarding amended complaint |

| | | | | |
|---|---|---|---|---|
| P K Rosen | .10 | hours | $ 125.00 | |
| A E Malatesta | 1.50 | hours | $ 1,462.50 | |
| | 1.60 | | $ 1,587.50 | |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

51

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 103 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Litigation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/04/18 | B T Glennon | 1.00 | Conferences with bankruptcy team regarding petition filing (0.7); conference with opposing counsel regarding same (0.1); review draft court submission regarding bankruptcy stay (0.2) |
| 01/04/18 | KA Posin | 1.00 | Draft suggestion of bankruptcy (.5); draft emails to B. Glennon regarding same (.3); review status of securities class action (.2) |
| 01/04/18 | J D Cook | .80 | Prepare correspondence to opposing counsel regarding bankruptcy suggestion |
| 01/04/18 | A E Malatesta | .30 | Review correspondence regarding class action (.2); email correspondence with J. Cook regarding same (.1); |
| 01/05/18 | B T Glennon | .70 | Review and edit revised suggestion of bankruptcy filing (0.3); conference with client regarding implications for derivative cases (.2); strategy conference with J. Cook (.2) |
| 01/05/18 | KA Posin | .30 | Finalize litigation notices (.3) |
| 01/05/18 | J D Cook | 1.30 | Prepare and file suggestion of bankruptcy in securities class action matter (0.7); prepare correspondence to derivative plaintiffs regarding bankruptcy (0.6) |
| 01/05/18 | A E Malatesta | .20 | Review documents and correspondence relating to class action (.2) |
| 01/05/18 | K W Fields | 1.00 | Review Suggestion of Bankruptcy for compliance with local rules and procedures; electronically file at U.S. District Court, Central District of California |
| 01/06/18 | J D Cook | .90 | Prepare notice letters to plaintiffs in derivative and securities class action cases (0.7); prepare suggestion of bankruptcy for derivative action (0.2) |
| 01/08/18 | J D Cook | 1.10 | Prepare and file suggestion of bankruptcy in derivative action |
| 01/08/18 | K B Palmer-Ball | .30 | Correspond with J. Cook and Litigation Services regarding Suggestion of Bankruptcy |
| 01/08/18 | M J Baier | .90 | Research regarding filing Suggestion of Bankruptcy per K. Plamer-Ball (0.4); Preparation and e-filing of Suggestion of Bankruptcy per K. Plamer-Ball (0.5) |
| 01/08/18 | H R Munoz | .70 | Print, prepare documents, coordinate delivery to chambers of district court judge |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Litigation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/09/18 | J D Cook | .30 | Prepare and send notice of bankruptcy to shareholder derivative plaintiffs |
| 01/11/18 | J D Cook | .20 | Prepare suggestion of bankruptcy for District of Columbia Superior Court |
| 01/11/18 | K B Palmer-Ball | .30 | Correspond with J. Cook and Litigation Services regarding Suggestion of Bankruptcy |
| 01/11/18 | M J Baier | 1.00 | Research regarding rules for redactions per K. Plamer-Ball; Preparation and e-filing of Suggestion of Bankruptcy per K. Plamer-Ball |
| 01/17/18 | B T Glennon | .90 | Review and analyze amended complaint (.4); conferences with litigation team and bankruptcy team regarding same (.5) |
| 01/17/18 | J D Cook | .40 | Analyze and circulate second amended complaint in securities class action |
| 01/18/18 | P M Gilhuly | .40 | Review of Jiangchen second amended complaint (.2); conference with K. Posin regarding automatic stay letter (.2) |
| 01/18/18 | B T Glennon | .60 | Conferences with bankruptcy team regarding amended complaint and case logistics and strategy |
| 01/18/18 | KA Posin | .30 | Review amended securities complaint and draft email regarding same (.3) |
| 01/18/18 | A E Malatesta | .20 | Review correspondence relating to pending litigation concerning Rentech, Inc. (.2) |
| 01/19/18 | B T Glennon | .60 | Multiple conferences with bankruptcy team regarding stay and amended claims in securities class action (.6) |
| 01/19/18 | KA Posin | 1.70 | Draft responses to B. Glennon regarding securities litigation (.4); review second amended complaint and draft emails regarding same (.8); converse with P. Gilhuly regarding same (.1); draft emails regarding coverage for litigation (.2); draft letter to securities class action counsel regarding automatic stay (.2) |
| 01/19/18 | P K Rosen | .10 | E-mails regarding second amended complaint |
| 01/20/18 | B T Glennon | .60 | Conferences with bankruptcy team regarding securities litigation status and transition issues (.3); review and comment on violation of stay letter (.1); review correspondence to and from client and bankruptcy team regarding representation issues |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

53

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 105 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Litigation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | (.2) |
| 01/20/18 | P K Rosen | .10 | E-mails regarding status of securities litigation defense |
| 01/21/18 | P K Rosen | .20 | E-mails regarding defense of securities lawsuit |
| 01/22/18 | B T Glennon | .20 | Review correspondence from bankruptcy team regarding transition of securities litigation |
| 01/22/18 | KA Posin | .10 | Draft emails regarding case caption in securities class action (.1) |
| 01/22/18 | P K Rosen | .10 | Follow up regarding defense issues |
| 01/24/18 | P K Rosen | .20 | E-mails and calls regarding securities defense and counsel |
| 01/25/18 | P K Rosen | .10 | Call with client |
| 01/26/18 | P K Rosen | .10 | E-mails regarding defense counsel issues |
| 01/27/18 | B T Glennon | .10 | Conference with client regarding transition of coverage for Review new securities filings for potential pitch opportunities; monitor plaintiff investigations class action litigation |
| 01/29/18 | B T Glennon | .20 | Analyze transition logistics regarding individual defendant representation (0.1); conference with client regarding same (0.1) |

| | | | |
|------|------|------|------|
| P M Gilhuly | .40 | hours | $ 540.00 |
| P K Rosen | .90 | hours | $ 1,125.00 |
| B T Glennon | 4.90 | hours | $ 5,194.00 |
| KA Posin | 3.40 | hours | $ 3,502.00 |
| A E Malatesta | .70 | hours | $ 682.50 |
| K B Palmer-Ball | .60 | hours | $ 585.00 |
| J D Cook | 5.00 | hours | $ 4,425.00 |
| K W Fields | 1.00 | hours | $ 305.00 |
| M J Baier | 1.90 | hours | $ 503.50 |
| H R Munoz | .70 | hours | $ 185.50 |
| | 19.50 | | $ 17,047.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

54

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 106 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Non-Working Travel Time

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/16/18 | P M Gilhuly | 1.30 | Non-working travel to Delaware for 1/17/18 hearing (2.6) |
| 01/16/18 | KA Posin | 2.00 | Travel from Los Angeles to Wilmington for hearing (4.0) |
| 01/17/18 | P M Gilhuly | 1.60 | Non-working travel back from Delaware (3.2) |
| 01/17/18 | KA Posin | 2.00 | Travel from Wilmington to Los Angeles (4.0) |
| 01/30/18 | P M Gilhuly | 1.00 | Travel to Delaware for 1/31 hearing (2.1) |
| 01/30/18 | KA Posin | 1.30 | Travel from LA to Wilmington, DE (2.7) |
| 01/31/18 | P M Gilhuly | 1.40 | Nonworking travel - return from 1-31 hearing in Delaware (2.8) |
| 01/31/18 | KA Posin | 1.60 | Travel from Wilmington to Los Angeles (3.3) |

| | | | |
|------|------|------|------|
| P M Gilhuly | 5.30 | hours | $ 7,155.00 |
| KA Posin | 6.90 | hours | $ 7,107.00 |
| | 12.20 | | $ 14,262.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

55

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 107 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Plan of Liquidation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | KA Posin | .40 | Review UST comments on Plan and Disclosure Statement |
| 01/02/18 | S P Hansen | .20 | Review UST comments to Combined Plan and Disclosure Statement |
| 01/03/18 | P M Gilhuly | .20 | Review of US trustee comments on disclosure statement (.2) |
| 01/04/18 | KA Posin | 1.50 | Revise plan and draft email to S. Hansen regarding revisions (.3); call with S. Hansen regarding same (1.0); Converse with G. Berman regarding liquidating trust agreement (.2) |
| 01/04/18 | S P Hansen | 7.30 | Prepare for and attend meeting with K. Posin regarding UST comments to the Combined Plan and Disclosure Statement (1.0); review and revise Combined Plan and Disclosure Statement to account for comments and suggested revisions from the UST (5.3); draft timeline of relevant dates related to combined plan and disclosure statement (1.0) |
| 01/05/18 | P M Gilhuly | .20 | Messages to/from C. Cummins regarding liquidation analysis (.2) |
| 01/05/18 | KA Posin | .90 | Converse with Young Conaway regarding UST comments on Plan (.5); converse with S. Hansen regarding Plan revisions (.2); review and respond to request for Plan revisions (.2) |
| 01/05/18 | S P Hansen | 3.90 | Prepare for and attend telephone conference with M. Lunn and M. Nestor regarding the Combined Plan and Disclosure Statement (0.5); correspondence with N. Sykes regarding Combined Plan and Disclosure Statement (0.2); correspondence with Prime Clerk regarding Rentech website (0.2); continue to review and revise combined Plan and Disclosure Statement (3.0) |
| 01/06/18 | S P Hansen | 2.30 | Continue to review and revise the Combined Plan and Disclosure Statement |
| 01/07/18 | P M Gilhuly | .30 | Review and comments on draft Liquidation Agreement (.3) |
| 01/07/18 | KA Posin | 1.50 | Draft liquidation trust agreement (1.1); draft email to United States Trustee regarding same (.4) |
| 01/07/18 | S P Hansen | 3.00 | Review and revise Combined Plan and Disclosure |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM & WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Plan of Liquidation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | Statement |
| 01/08/18 | P M Gilhuly | .20 | Review of M. Nestor memorandum regarding disclosure statement tax language (.2) |
| 01/08/18 | KA Posin | 1.70 | Draft response to A. Tenenbaum regarding Plan (.2); converse with S. Hansen regarding revisions to Plan (.1); review UST comments on Plan and Disclosure Statement Order (.6); analyze same and converse with S. Hansen regarding revisions (.8) |
| 01/08/18 | S P Hansen | 6.60 | Review and revise combined plan and disclosure statement to incorporate comments and disclosures from the US Trustee (5.1); prepare for and attend telephone conference with K. Posin regarding the US Trustee's comments to the disclosure order (0.5); begin to review and revise the Disclosure Order (1.0) |
| 01/09/18 | KA Posin | .30 | Converse with S. Hansen regarding revisions to Disclosure Statement order (.3) |
| 01/09/18 | S P Hansen | 8.60 | Correspondence with Prime Clerk regarding solicitation packages and the plan and disclosure statement order (0.2); correspondence with Young Conaway regarding plan and disclosure statement order (0.2); continue to review and revise plan and disclosure statement order, including relevant notices (5.0); draft publication notice of confirmation hearing (1.8); draft notice sent to parties deemed to accept or reject the plan (1.0) prepare for and attend telephone conference with K. Posin regarding plan and disclosure statement order (0.4) |
| 01/10/18 | P M Gilhuly | .30 | Review of price objection to disclosure statement (.3) |
| 01/10/18 | KA Posin | 4.30 | Converse with G. Berman regarding plan provisions (.1); review and revise draft Amended Plan and Disclosure Statement (3.7); review and analyze Price objection to plan (.5) |
| 01/10/18 | S R Weiner | 3.80 | Review tax issues (1.3); emails regarding tax issues (.4); review documents regarding tax disclosure (2.1) |
| 01/10/18 | S P Hansen | 2.90 | Continue to review and revise disclosure order and various notices associated with the order (2.5); review objection to the plan and disclosure statement (0.4) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Plan of Liquidation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/11/18 | KA Posin | 2.40 | Review and revise amended disclosure statement order, notices and ballot (1.6); review Plan and Disclosure Statement revisions (.6); review and circulate draft liquidation trustee engagement letter (.2) |
| 01/11/18 | S R Weiner | 3.90 | Review and revise tax disclosure for Disclosure statement (3.2); teleconference with J. Curran regarding tax issues (.5); review Fulghum documents (.2); review DIP Credit Agreement (.3) |
| 01/11/18 | S P Hansen | 3.70 | Continue to review and revise disclosure order and various notices associated with the order (0.6); review and revise portion of combined plan and disclosure motion related to tax consequences (2.5); review and revise liquidation trustee agreement (0.6) |
| 01/12/18 | KA Posin | 2.30 | Revise Amended Plan and Disclosure Statement to add additional disclosures (.4); review and analyze Committee plan objection (1.0); draft summary of requested additional disclosures (.3); review and provide comments on draft liquidation analysis (.6) |
| 01/12/18 | S R Weiner | 1.20 | Review DIP Credit Agreement (1.0); emails regarding tax issue (.2) |
| 01/12/18 | S P Hansen | 1.50 | Continue to review and revise amened plan and disclosure statement (1.0); review objection to plan and disclosure motion (0.5) |
| 01/13/18 | P M Gilhuly | .20 | Review and comments on liquidation analysis (.2) |
| 01/13/18 | KA Posin | 2.90 | Converse with P. Gilhuly regarding preparation for hearing and objections to Plan (.3); draft summary of open issues for resolution regarding the Plan and Disclosure Statement (.8); revise Amended Plan and Disclosure Statement (1.8) |
| 01/13/18 | S P Hansen | .80 | Revise disclosure order to incorporate comments from Prime Clerk |
| 01/14/18 | KA Posin | 1.60 | Review and revise amended plan and disclosure statement (1.0); revise proposed Disclosure Statement order (.3); circulate amended plan and related documents (.3) |
| 01/14/18 | S R Weiner | .30 | Review documents (.2); review tax issue (.1) |
| 01/14/18 | A E Malatesta | 1.50 | Review amended plan and disclosure statement (.5); review draft reply to objection to plan and |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

58

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 110 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Plan of Liquidation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | disclosure statement (.4); email correspondence with K. Posin and S. Hansen regarding same (.1); email correspondence with J. Sazant regarding same (.1); review revised liquidation analysis (.2); review correspondence regarding same (.2) |
| 01/14/18 | S P Hansen | 1.20 | Review and revise disclosure order and related notices to account for comments from Prime Clerk as well as changes to the amended plan and disclosure statement (1.0); correspondence with Prime Clerk regarding disclosure order (0.2) |
| 01/15/18 | KA Posin | 2.80 | Finalize Amended Disclosure Statement and Plan for filing (1.7); review revisions to Disclosure Statement Order and provide comments on same (.3); address UST comments on Plan documents (.8) |
| 01/15/18 | S P Hansen | 1.20 | Continue to review and revise order related to disclosure statement and combined plan |
| 01/16/18 | KA Posin | 2.40 | Review and revise proposed order approving adequacy of disclosures in disclosure statements (1.2); prepare for oral argument in response to objections to adequacy of disclosure statement (.8); review revisions to liquidation trust agreement (.2); draft emails regarding status of Committee Disclosure Statement objections (.2) |
| 01/16/18 | A E Malatesta | .50 | Conference with S. Hansen regarding issues relating to plan and disclosure statement (.1); review documents and correspondence regarding same (.4) |
| 01/16/18 | S P Hansen | 1.00 | Revise Liquidating Trust Agreement (0.7); correspondence with YCST regarding disclosure motion (0.1); review and revise disclosure order and related notice (0.2) |
| 01/17/18 | KA Posin | .50 | Prepare outline for hearing on disclosure statement (.5) |
| 01/17/18 | A E Malatesta | .30 | Review revised liquidation analysis (.2); email correspondence with P. Summers regarding same (.1) |
| 01/19/18 | KA Posin | .60 | Revise and circulate proposed solicitation and plan schedule (.6) |
| 01/20/18 | A E Malatesta | .70 | Email correspondence with P. Summers regarding issues relating to plan of liquidation (.1); review and analyze documents in connection with same |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Plan of Liquidation

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | (.6) |
| 01/22/18 | KA Posin | .80 | Review general unsecured creditor analysis (.2); revise and recirculate plan timeline (.4); circulate same to US Trustee (.2) |
| 01/23/18 | P M Gilhuly | .10 | Review of revised solicitation schedule (.1) |
| 01/24/18 | S P Hansen | .70 | Review and revise Order related to Plan and Disclosure Statement |
| 01/25/18 | S P Hansen | 1.60 | Review and revise order related to Plan and Disclosure Statement (1.0); review and revise Plan and Disclosure Statement (0.6) |
| 01/26/18 | KA Posin | 1.60 | Update Disclosure Statement with disclosures relating to the sales and revised schedule |
| 01/26/18 | S P Hansen | .70 | Continue to review and revise Plan and Disclosure Statement (0.5); continue to review and revise Order related to Plan and Disclosure Statement (0.2) |
| 01/27/18 | KA Posin | .90 | Review and revise Disclosure Statement and circulate same to Price |
| 01/29/18 | KA Posin | .40 | Review and revise Disclosure Statement order |
| 01/30/18 | S P Hansen | .20 | Prepare for and attend telephone conference with Young Conaway regarding Plan and Disclosure Statement and items related to hearing |
| 01/31/18 | KA Posin | .40 | Prepare for and discuss status of Combined Plan and Disclosure Statement at hearing (.4) |

| | | | |
|------|------|------|------|
| S R Weiner | 9.20 | hours | $ 12,834.00 |
| P M Gilhuly | 1.50 | hours | $ 2,025.00 |
| KA Posin | 30.20 | hours | $ 31,106.00 |
| A E Malatesta | 3.00 | hours | $ 2,925.00 |
| S P Hansen | 47.40 | hours | $ 35,787.00 |
| | 91.30 | | $ 84,677.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

60

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 112 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Reports and Schedules

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | P M Gilhuly | .70 | Review of filed schedules and statements (.5); review of P. Summer/J. Sazant correspondence regarding initial operating reports (.2) |
| 01/02/18 | S P Hansen | .70 | Prepare retainer information for initial operating report (0.5); correspondence with A. Malatesta and J. Sazant regarding retainer information (0.2) |
| 01/03/18 | A E Malatesta | .40 | Review draft initial operating report (.3); email correspondence with J. Sazant regarding same (.1) |
| 01/08/18 | A E Malatesta | .20 | Email correspondence with J. Sazant regarding reporting requirements (.1); research issues relating to same (.1) |
| 01/11/18 | A E Malatesta | .90 | Telephone conference with J. Sazant regarding issues relating to reporting (.1); review documents relating to same (.5); email correspondence with J. Sazant regarding same (.1); telephone conference with P. Summers regarding same (.2) |
| 01/18/18 | A E Malatesta | .10 | Conference with S. Hansen regarding monthly operating report (.1) |
| 01/21/18 | A E Malatesta | .30 | Email correspondence with J. Berman regarding schedules and statements (.1); review correspondence regarding same (.2) |
| 01/22/18 | A E Malatesta | .30 | Email correspondence with K. Posin regarding issues relating to schedules and statements (.1); telephone conference with N. Sykes regarding same (.1); review correspondence relating to same (.1) |
| 01/23/18 | A E Malatesta | .40 | Telephone correspondence with J. Berman regarding schedules and statements (.1); email correspondence with P. Summers, N. Sykes, I. Shmukler, and J. Berman regarding same (.1); review documents relating to same (.2) |
| 01/30/18 | A E Malatesta | .10 | Email correspondence with K. Posin regarding schedules and monthly operating reports (.1) |

| | | | |
|---|---|---|---|
| P M Gilhuly | .70 | hours | $ 945.00 |
| A E Malatesta | 2.70 | hours | $ 2,632.50 |
| S P Hansen | .70 | hours | $ 528.50 |
| | 4.10 | | $ 4,106.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Retention/Fee Matters (L&W)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | A E Malatesta | .40 | Review documents and correspondence regarding LW retention application (.2); email correspondence with S. Hansen regarding same (.2) |
| 01/02/18 | S P Hansen | .60 | Review and revise Latham retention application and corresponding attachments |
| 01/03/18 | A E Malatesta | .80 | Review and revise LW retention application (.4); telephone conference with S. Hansen regarding same (.2); email correspondence with S. Hansen regarding same (.2) |
| 01/03/18 | S P Hansen | .80 | Review and revise LW retention application (0.6); prepare for and attend telephone conference with P. Gilhuly regarding LW retention application (0.2) |
| 01/04/18 | A E Malatesta | .30 | Review LW retention application (.1); telephone conference with S. Hansen regarding same (.1); review correspondence regarding same (.1) |
| 01/04/18 | S P Hansen | .50 | Correspondence with P. Gilhuly regarding LW retention application (0.2); review and revise LW retention application (0.3) |
| 01/05/18 | A E Malatesta | .30 | Review revisions to Latham retention application (.1); review P. Gilhuly's declaration in connection with same (.1); telephone conference with S. Hansen regarding same (.1) |
| 01/05/18 | S P Hansen | 1.00 | Review and revise appendices to Latham retention application (0.7); revise Latham retention application for purposes of preparing document for filing (0.3) |
| 01/08/18 | P M Gilhuly | .20 | Review of Latham & Watkins revised retention application (.2) |
| 01/08/18 | A E Malatesta | .20 | Review revisions to LW retention application (.1); telephone conference with S. Hansen regarding same (.1) |
| 01/08/18 | S P Hansen | .40 | Finalize LW retention application, including exhibits, for purposes of filing (0.3); correspondence with Young Conaway relating to filing of retention application (0.1) |
| 01/21/18 | A E Malatesta | .10 | Email correspondence with R. Menjivar regarding parties in interest relating to LW retention application (.1) |
| 01/22/18 | S P Hansen | .20 | Correspondence with K. Posin regarding Latham |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

62

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 114 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Retention/Fee Matters (L&W)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | Retention Application and Latham Retention Application Order |
| 01/24/18 | KA Posin | .60 | Review revised retention order (.2); review and revise supplemental declaration in support of retention application (.4) |
| 01/25/18 | P M Gilhuly | .20 | Review and comments on Latham supplemental declaration (.2) |
| 01/31/18 | A E Malatesta | .10 | Email correspondence with S. Hansen regarding issues relating to fee applications (.1) |

| | | | | |
|------|------|------|------|------|
| P M Gilhuly | .40 | hours | $ 540.00 | |
| KA Posin | .60 | hours | $ 618.00 | |
| A E Malatesta | 2.20 | hours | $ 2,145.00 | |
| S P Hansen | 3.50 | hours | $ 2,642.50 | |
| | 6.70 | | $ 5,945.50 | |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

63

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 115 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Retention/Fee Matters/Objections (Others)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | A E Malatesta | 1.20 | Review and revise RPA retention application (.6); email correspondence and telephone conference with S. Hansen regarding issues relating to same (.3); review documents and correspondence in connection with same (.3) |
| 01/02/18 | S P Hansen | .90 | Revise application to retain RPA to include relevant disclosures and pillowtex analysis provided by RPA (0.9) |
| 01/03/18 | A E Malatesta | 1.20 | Review and revise RPA retention application (.2); review and revise RPA retention application (.3); review interim compensation motion (.2); review ordinary course professional motion (.2); review Prime Clerk retention application (.1) email correspondence with S. Hansen regarding issues relating to same (.1); telephone conference with S. Hansen regarding issues relating to same (.1) |
| 01/03/18 | S P Hansen | 1.50 | Review and revise interim compensation motion (0.3); review and revise ordinary course professional motion (0.3); review and revise motion to retain Prime Clerk as Administrative Agent (0.2); correspondence with A. Malatesta regarding changes to various motion (0.2); continue to revise RPA retention application per comments from C. Cummins (0.3); correspondence with C. Cummins regarding RPA retention application (0.2) |
| 01/04/18 | A E Malatesta | 1.10 | Email correspondence with N. Sykes regarding issues relating to ordinary course professional motion (.2); review documents relating to same (.2); telephone conference with K. Posin regarding same (.1); telephone conference with N. Sykes regarding same (.3); draft and revise ordinary course professional motion (.3) |
| 01/04/18 | S P Hansen | .80 | Continue to review and revise RPA retention application per comments from Young Conaway (0.3); continue to review and revise Prime Clerk retention application (0.2); review and revise interim compensation motion (0.3) |
| 01/05/18 | A E Malatesta | 1.10 | Telephone conference with N. Sykes regarding issues relating to retention of professionals (.2); draft motion to retain ordinary course professionals (.9) |
| 01/05/18 | S P Hansen | .30 | Correspondence with professionals regarding filing of retention application (0.3) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

64

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 116 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Retention/Fee Matters/Objections (Others)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/07/18 | A E Malatesta | .30 | Review and revise motion to retain ordinary course professionals (.3) |
| 01/08/18 | P M Gilhuly | .20 | Review of revised interim compensation motion (.2) |
| 01/08/18 | A E Malatesta | .20 | Telephone conference with J. Sazant regarding issues relating to retention applications (.1); email correspondence with P. Summers regarding same (.1) |
| 01/08/18 | S P Hansen | .50 | Telephone Conference with Chip Cummins regarding RPA retention application (0.2); finalize and prepare Prime Clerk retention application, interim compensation motion, and RPA retention application for filing (0.3) |
| 01/09/18 | A E Malatesta | 1.20 | Conference with S. Hansen regarding issues relating to motion to retain ordinary course professionals (.1); review documents relating to same (.3); email correspondence with N. Sykes regarding issues relating to same (.4); research issues relating to same (.2); telephone conference with N. Sykes regarding same (.1); email correspondence with S. Hansen regarding same (.1) |
| 01/09/18 | S P Hansen | .50 | Review and revise ordinary course professional motion |
| 01/10/18 | A E Malatesta | .50 | Email correspondence with N. Sykes regarding issues relating to motion to retain ordinary course professionals (.2); email correspondence with M. Lunn and J. Sazant regarding same (.1); review draft motion (.2) |
| 01/11/18 | A E Malatesta | .30 | Telephone conference with M. DeMong regarding BDO retention (.1); email correspondence with M. DeMong regarding same (.1); review documents in connection with same (.1) |
| 01/21/18 | A E Malatesta | .20 | Review documents relating to Prime Clerk engagement (.2) |
| 01/21/18 | S P Hansen | .30 | Review US Trustee's comments to RPA retention application |
| 01/24/18 | KA Posin | .10 | Converse with A. Malatesta regarding RPA retention (.1) |
| 01/25/18 | KA Posin | .20 | Review final revised retention orders and discuss same with S. Hansen (.2) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Retention/Fee Matters/Objections (Others)

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/25/18 | A E Malatesta | .40 | Email correspondence with N. Sykes regarding fee matters (.1); email correspondence with S. Weiner regarding issues relating to same (.1); review documents relating to same (.2) |
| 01/29/18 | S P Hansen | 2.30 | Prepare for and attend telephone conference with N. Sykes regarding the Trustee's comments to the Ordinary Course Professional Order (0.5); correspondence with N. Sykes and P. Summers regarding same (0.3); prepare for and attend telephone conference with K. Posin regarding Trustee's comments to the Ordinary Course Professional Motion (0.3); continue to review and revise Ordinary Course Professional Order and declaration per comments from the Trustee (1.0); telephone conference with Young Conaway regarding Trustee's comments to Ordinary Course Professional Order (0.2) |
| 01/30/18 | S P Hansen | 1.00 | Prepare for and attend telephone conference with K. Posin regarding Ordinary Course Professional Motion (0.3); finalize revised Draft Ordinary Course Professional Motion for purposes of filing updated document (0.7) |
| 01/31/18 | S P Hansen | .50 | Outline and calendar relevant dates related to fee applications for professionals |

| | | | |
|------|------|------|------|
| P M Gilhuly | .20 | hours | $ 270.00 |
| KA Posin | .30 | hours | $ 309.00 |
| A E Malatesta | 7.70 | hours | $ 7,507.50 |
| S P Hansen | 8.60 | hours | $ 6,493.00 |
| | 16.80 | | $ 14,579.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

66

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 118 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Tax Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/10/18 | J M Kronsnoble | .30 | Phone call with S. Weiner regarding tax matters (0.2); draft email to LW personnel regarding tax matters (0.1) |
| 01/10/18 | J J Curran | 1.90 | Email conversations with S. Weiner and K. Posin regarding Disclosure Statement tax disclosures (0.4); review and revise Liquidating Trust Agreement (0.6); review and revise Liquidating Plan Disclosure Statement (0.9) |
| 01/11/18 | J M Kronsnoble | 1.10 | Review Disclosure Statement tax disclosure, disclosure precedent and analyze tax matters (0.8); phone call with LW personnel regarding tax matters (0.3) |
| 01/11/18 | J J Curran | 3.50 | Email with S. Weiner regarding Plan Disclosure Statement tax disclosure (0.4); continue to review and revise Amended Plan Disclosure Statement tax disclosure (1.1); email discussions with S. Weiner and K. Posin regarding tax treatment of Disputed Claims Reserves (0.7); continue to review and revise Liquidating Trust Agreement; email with S. Weiner regarding Liquidating Trust Agreement tax comments (0.2); email with K. Posin and S. Weiner regarding Debtor in Possession Credit Agreement tax provisions (0.2); review Debtor in Possession with respect to tax consequences (0.9) |
| 01/12/18 | A E Malatesta | .90 | Telephone conference with shareholders regarding issues relating to equity trading motion and bankruptcy case (.3); email correspondence with shareholders regarding same (.1); review documents in connection with same (.3); telephone conference with K. Posin regarding same (.1); conference with S. Hansen regarding same (.1) |
| 01/15/18 | J J Curran | .40 | Email discussions with S. Weiner regarding Debtor in Possession Credit Agreement original issue discount |
| 01/16/18 | A E Malatesta | .10 | Review certification of counsel relating to taxes order (.1) |
| 01/17/18 | A E Malatesta | .20 | Telephone conference with shareholder regarding equity trading motion (.1); review equity trading order (.1) |
| 01/24/18 | P M Gilhuly | .20 | Review of P. Summers and B. Regan memorandum regarding tax refunds (.2) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

67

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 119 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Tax Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/30/18 | A E Malatesta | .20 | Telephone conference with shareholder regarding equity trading motion (.1); review documents relating to same (.1) |

| | | | |
|------|------|-------|------|
| P M Gilhuly | .20 | hours | $ 270.00 |
| J M Kronsnoble | 1.40 | hours | $ 1,813.00 |
| A E Malatesta | 1.40 | hours | $ 1,365.00 |
| J J Curran | 5.80 | hours | $ 5,568.00 |
| | 8.80 | | $ 9,016.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/02/18 | A E Malatesta | .50 | Review US Trustee comments to first day orders (.2); review US Trustee comments to retention applications (.3) |
| 01/04/18 | A E Malatesta | .10 | Review US Trustee comments regarding plan and disclosure statement (.1) |
| 01/05/18 | P M Gilhuly | .30 | Review of J. Sarkessian comments on final First Day orders (.3) |
| 01/05/18 | A E Malatesta | .50 | Review US Trustee comments regarding motion to reject unexpired leases (.2); review US Trustee comments to cash management order (.3) |
| 01/08/18 | P M Gilhuly | .80 | Review of U.S. Trustee comments and question on asset sale motion (.2) and final cash collateral order (.2); messages to/from J. Sarkessian regarding shareholder approval (.2); review of J. Sarkessian memorandum regarding solicitation comments (.2) |
| 01/09/18 | P M Gilhuly | .40 | Review of J. Sarkessian memorandum regarding status of U.S. Trustee objections to final First Day Motion orders and other motions (.2); review of J. Sarkessian memorandum regarding liquidation analysis (.2) |
| 01/09/18 | KA Posin | .20 | Draft email to J. Sarkessian regarding cash collateral order and other matters (.2) |
| 01/10/18 | A E Malatesta | .10 | Review US Trustee revisions to orders relating to motion to reject and utilities motion (.1) |
| 01/14/18 | P M Gilhuly | .50 | Review of J. Sarkessian memos regarding disclosure statement review and objections (.2); messages to/from M. Nestor regarding U.S. Trustee objection (.3) |
| 01/14/18 | A E Malatesta | .30 | Email correspondence with US Trustee regarding bar date and sale orders (.2); conference with S. Hansen regarding issues relating to same (.1) |
| 01/16/18 | KA Posin | .40 | Revise amended plan and disclosure statement as per the request of the UST (.4) |
| 01/16/18 | A E Malatesta | 1.60 | Email correspondence with J. Sarkessian regarding issues relating to employee wages order (.1); review documents relating to same (.1); telephone conference with S. Hansen regarding J. Sarkessian's comments to bar date order (.3); review documents and correspondence regarding same (.2); review J. Sarkessian's comments |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

69

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 121 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| | | | regarding issues relating to plan (.1); email correspondence with C. Cummins regarding same (.2); review documents relating to same (.4); email correspondence with K. Posin regarding same (.1); email correspondence with J. Sarkessian regarding same (.1) |
| 01/17/18 | P M Gilhuly | .30 | Review of J. Sarkessian comments regarding disclosure statement and liquidation analysis (.3) |
| 01/17/18 | A E Malatesta | .10 | Email correspondence with J. Sarkessian regarding liquidation analysis (.1) |
| 01/18/18 | P M Gilhuly | .10 | Review of M. Lunn memorandum regarding 341 meeting (.1) |
| 01/20/18 | A E Malatesta | 2.40 | Review US Trustee comments regarding RPA retention application (.2); review documents in connection with same (.1); email correspondence with N. Sykes regarding same (.1); review US Trustee comments regarding KEIP motion (.4); prepare responses to US Trustee comments regarding KEIP motion (.7); review and analyze documents in connection with same (.3); revise KEIP order in connection with same (.1); email correspondence with P. Gilhuly and K. Posin regarding same (.1); email correspondence with J. Sazant regarding US Trustee comments regarding equity trading and cash collateral orders (.1); review documents and correspondence in connection with same (.3) |
| 01/21/18 | P M Gilhuly | .70 | Review of U.S. Trustee comments and questions on KEIP Motion (.2); review of J. Herold (.2) and N. Sykes (.2) edits to KEIP response to U.S. trustee; review o f J. Sarkessian regarding 341(a) meeting follow-up (.1) |
| 01/21/18 | A E Malatesta | 5.50 | Email correspondence with M. Lunn regarding US Trustee comments to RPA retention application and KEIP order (.3); review documents in connection with same (.2); draft responses to US Trustee comments regarding KEIP (2.7); review and analyze documents in connection with same (.9); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.5); email correspondence with S. Hansen regarding US Trustee requests regarding equity trading order, cash collateral order, and RPA retention application (.4); review documents relating to same (.4); telephone conference with S. Hansen |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

---

| **Date** | **Timekeeper** | **Hours** | **Description** |
|----------|----------------|-----------|-----------------|
| | | | regarding same (.1) |
| 01/22/18 | KA Posin | 1.00 | Review Plan schedule as per the request of J. Sarkessian (.3); review and respond to UST comments on L&W retention application (.3); converse with S. Hansen and A. Malatesta regarding same (.4) |
| 01/22/18 | A E Malatesta | 6.40 | Review US Trustee comments regarding RPA retention application (.2); email correspondence with C. Cummins regarding same (.1); email correspondence with S. Hansen regarding same (.2); revise RPA order to reflect US Trustee comments regarding same (.4); draft responses to US Trustee inquiries regarding the KEIP (1.5); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (1.1); telephone conference with P. Summers, N. Sykes, J. Herold, and C. Cummins regarding same (.5); telephone conference with N. Sykes regarding same (.3); review documents in connection with same (.9); email correspondence with US Trustee regarding same (.1); email correspondence with M. Lunn regarding same (.2); revise KEIP order to reflect US Trustee comments (.2); review US Trustee comments regarding Prime Clerk retention application (.1); email correspondence with S. Hansen regarding same (.1); review US Trustee comments regarding Latham retention application (.1); review documents and correspondence relating to same (.3); email correspondence with P. Gilhuly, S. Hansen, and K. Posin regarding same (.1) |
| 01/22/18 | S P Hansen | 1.20 | Correspondence with C. Cummins related to comments from the US Trustee on the RPA Retention Application Order (0.2); begin to draft supplemental declaration related to RPA Retention Application and comments from the US Trustee (0.4); revise RPA Retention Application per comments from the Trustee US (0.6) |
| 01/23/18 | P M Gilhuly | .70 | Review and analysis of J. Sarkessian comments on Latham Retention application (.4); review of U.S. Trustee memorandum regarding solicitation schedule (.1); review and analysis regarding Sarkessian Latham retention responses (.2) |
| 01/23/18 | KA Posin | 2.50 | Converse with P. Gilhuly regarding UST comments on Latham retention application and order (.3); draft analysis and response to UST comments and |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

71

Case 7:16-cv-00018-D     Document 405-1     Filed 04/08/19     Page 123 of 139

LATHAM&WATKINSᴸᴸᴾ

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| | | | questions (1.7) regarding same; revise and circulate analysis (.4); review response to UST regarding Prime Clerk application (.1) |
| 01/23/18 | A E Malatesta | .60 | Review US Trustee's comments regarding Prime Clerk retention application (.1); review documents relating to same (.1); email correspondence with S. Hansen regarding same (.1); telephone conference with S. Hansen regarding US Trustee comments regarding RPA retention application (.3) |
| 01/23/18 | S P Hansen | 4.00 | Telephone Conference with A. Malatesta regarding the US Trustee's comments to the RPA retention application (0.3); correspondence with Young Conaway regarding US Trustee's comments to the RPA retention application (0.2); correspondence with S. Weiner regarding the US Trustee's comments to the Prime Clerk retention application (0.2); review and revise the Prime Clerk retention application per comments from the US Trustee (0.5); correspondence with C. Cummins regarding revisions to the RPA Retention Application Order (0.3); correspondence with the US Trustee regarding revisions to the RPA Retention Application Order and the Prime Clerk Retention Application Order (0.2); review the US Trustee's comments to the Ordinary Course Professional Order and related declaration (1.6); review and revise Latham Retention Application Order per comments from the US Trustee (0.7) |
| 01/24/18 | P M Gilhuly | 1.10 | Review and analysis of US trustee comments on the KEIP (.3); messages to/from P. Summers (.2), J. Harond (.2) and N. Sykes (.2) regarding US Trustee objection to KEIP; review of U.S. Trustee correspondence regarding Latham retention application (.2); |
| 01/24/18 | KA Posin | 2.90 | Address additional questions from J. Sarkessian regarding pending applications (.6); converse with A. Malatesta regarding UST comments on KEIP and OCP motions (.3); review KEIP filing requested by UST (.2); converse with A. Malatesta regarding same (.1); review remaining UST comments on retention applications (.2); review revised ordinary course professionals order reflecting changes requested by the UST and converse with S. Hansen regarding same (1.1); finalize same (.3); review supplemental RPA declaration requested by UST (.1) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

72

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 124 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/24/18 | A E Malatesta | 6.30 | Review US Trustee comments concerning RPA retention application (.2); telephone conference with S. Hansen regarding issues relating to same (.2); email correspondence with C. Cummins regarding same (.3); review documents relating to same (.2); revise RPA order in connection with same (.2); email correspondence with US Trustee regarding same (.1); draft supplemental declaration relating to same (.4); revise KEIP order to reflect US Trustee comments (.1); review and revise certification of counsel in connection with same (.3); telephone conference with P. Summers and N. Sykes regarding same (.4); review US Trustee comments regarding same (.2); email correspondence with J. Sazant regarding issues relating to same (.1); attend conference call with P. Summers, N. Sykes, I. Shmukler, B. Regan, and J. Berman regarding US Trustee comments concerning schedules and statements (.3); review documents and correspondence in connection with same (.3); telephone conference with J. Berman regarding same (.1); email correspondence with M. Lunn regarding same (.1); draft declaration of C. Cummins in support of KEIP in response to US Trustee's informal objection (.9); review documents and correspondence relating to same (.6); email correspondence with N. Sykes regarding same (.1); email correspondence with P. Summers regarding same (.1); draft and revise declaration of K. Rendino in support of KEIP in response to US Trustee's informal objection (.7); telephone conference with N. Sykes regarding same (.3); email correspondence with N. Sykes regarding same (.1) |
| 01/24/18 | S P Hansen | 7.80 | Continue to review and revise Ordinary Course Professional Order per comments from the US Trustee (2.0); revise Ordinary Course Professional Declaration per comments from the US Trustee (0.5); continue to prepare updated draft of RPA retention application order for review by the US Trustee (1.0); review and revise supplemental declaration of C. Cummins (1.5); prepare for and attend telephone conference with A. Malatesta regarding the RPA Retention Application Order (0.2); prepare for and attend telephone conference with K. Posin regarding Trustee's comments to Ordinary Course Professional Order (0.4); correspondence with N. Sykes regarding Trustee comments to Ordinary Course Professional Order |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

73

Case 7:16-cv-00018-D   Document 405-1   Filed 04/08/19   Page 125 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

---

| Date | Timekeeper | Hours | Description |
|------|------------|-------|-------------|
| | | | (0.2); Continue to review and revise Latham Retention Application Order (0.5); review and revise Supplemental Declaration related to Latham Retention Application (1.5) |
| 01/25/18 | A E Malatesta | 7.90 | Draft declaration of P. Summers in response to US Trustee objection (1.1); review and analyze documents relating to same (.3); email correspondence with N. Sykes and J. Herold regarding same (.1); conference with S. Hansen regarding certification of counsel in response to US Trustee comments regarding KEIP (.1); telephone conference with P. Summers and N. Sykes regarding US Trustee comments concerning the KEIP (.9); email correspondence with S. Hansen regarding US Trustee's request for a supplemental declaration in support of RPA retention application (.1); review documents relating to same (.2); review correspondence relating to revisions to schedules and statements in connection with US Trustee requests (.1); draft and revise declaration of K. Rendino in support of KEIP motion in response to US Trustee objection (3.7); review and analyze documents in connection with same (.7); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.3); telephone conference with P. Gilhuly regarding US Trustee's objection to KEIP motion (.1); review documents relating to same (.2) |
| 01/25/18 | S P Hansen | 1.10 | Continue to coordinate with client regarding the US Trustee's comments to the Ordinary Course Professional Order (0.2); prepare supplemental declaration of C. Cummins for filing (0.4); telephone conference with Y. Conaway regarding Ordinary Course Professional Order and related retention document (0.2); finalize supplemental declaration of P. Gilhuly for filing (0.3) |
| 01/26/18 | KA Posin | 1.20 | Review UST comments on DIP Order and revise same accordingly |
| 01/26/18 | A E Malatesta | 9.80 | Telephone conference with P. Summers, N. Sykes, P. Gilhuly, C. Cummins, and K. Rendino regarding declaration of K. Rendino in support of KEIP motion in response to US Trustee's objection thereto (.4); revise declaration of K. Rendino in connection with same (.4); draft declaration of P. Summers in support of KEIP motion in response to US Trustee objection thereto (6.8); review documents and correspondence in connection with |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

74

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 126 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| | | | same (1.1); telephone correspondence with P. Gilhuly regarding same (.1); telephone conference with N. Sykes regarding same (.4); telephone conference with K. Posin regarding issues relating to same (.4); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.1); email correspondence with S. Hansen and J. Sazant regarding US Trustee comments concerning RPA, Prime Clerk, and Latham retention applications (.1) |
| 01/26/18 | S P Hansen | .60 | Correspondence with N. Sykes regarding Ordinary Course Professional Order (0.2); prepare RPA Retention Order, Prime Clerk Retention Order, and Latham Retention Order for filing incorporating comments from the US Trustee (0.4) |
| 01/27/18 | A E Malatesta | 5.60 | Revise declaration of P. Summers in support of KEIP motion in response to US Trustee objection thereto (1.8); review documents in connection with same (.2); email correspondence with M. Nestor and M. Lunn regarding same (.1); email correspondence with P. Gilhuly regarding same (.1); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.1); email correspondence with C. Cummins regarding same (.1); review and revise declaration of K. Rendino in connection with same (2.5); review documents and correspondence relating to same (.2); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.1); review and revise reply to US Trustee objection to KEIP motion (.4) |
| 01/28/18 | A E Malatesta | 4.30 | Revise declaration of K. Rendino in support of KEIP motion in response to US Trustee objection thereto (.5); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.2); review documents and correspondence relating to same (.1); email correspondence with M. Nestor and M. Lunn regarding issues relating to reply to US Trustee's objection to KEIP motion (.1); review and revise declaration of P. Summers in support of KEIP motion in response to US Trustee objection thereto (2.8); review documents and correspondence relating to same (.3); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.3) |
| 01/29/18 | P M Gilhuly | .40 | Drafting memorandum to J. Sarkessian regarding modified KEIP (.2); Messages to/from J. Sarkessian regarding modified KEIP clarifications (.2) |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

75

LATHAM&WATKINS LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 01/29/18 | KA Posin | .40 | Review revised OCP order in response to UST comments and discuss same with S. Hansen (.4) |
| 01/29/18 | A E Malatesta | 5.90 | Review and revise declaration of P. Summers in support of KEIP motion in response to US Trustee objection regarding same (.9); review and revise declaration of K. Rendino in support of KEIP motion in response to US Trustee objection regarding same (1.5); email correspondence with N. Sykes regarding same (.2); email correspondence with P. Summers, N. Sykes, and J. Herold regarding same (.2); email correspondence with M. Lunn regarding same (.1); telephone conference with P. Summers and N. Sykes regarding same (.5); attend conference call with P. Summers, N. Sykes, J. Herold, M. Nestor, M. Lunn, C. Cummins and P. Gilhuly regarding reply to US Trustee objection to KEIP motion and DIP motion and declarations in support of KEIP motion in response to US Trustee objection (1.2); email correspondence with P. Summers, N. Sykes, J. Herold, M. Nestor, M. Lunn, C. Cummins and P. Gilhuly regarding declarations in support of KEIP motion in response to US Trustee objection regarding same (.2); telephone conference with P. Gilhuly regarding declarations in support of KEIP motion in response to US Trustee objection regarding same (.1); review and revise reply to US Trustee objection to KEIP motion (.9); email correspondence with J. Sazant regarding same (.1) |
| 01/30/18 | P M Gilhuly | .80 | Messages to/from J. Sarkessian and revised KEIP (.5); messages to/from J. Sarkessian regarding witness and chart for KEIP argument (.3) |
| 01/30/18 | KA Posin | .80 | Review UST response regarding ordinary course professional motion and converse with S. Hansen regarding same (.3); converse with P. Summer regarding same (.2); review cash management motion and order and draft email to S. Hansen in response to UST comments on the ordinary course professionals motion (.3) |
| 01/30/18 | A E Malatesta | .50 | Telephone conference with S. Hansen regarding US Trustee comments regarding OCP motion (.2); review documents in connection with same (.2); email correspondence with J. Sazant and S. Hansen regarding same (.1) |
| 01/31/18 | KA Posin | 1.50 | Attend evidentiary hearing on KEIP motion |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

76

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 128 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: U.S. Trustee Matters

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/31/18 | A E Malatesta | .30 | Email correspondence with US Trustee regarding final cash collateral order (.1); email correspondence with P. Gilhuly regarding issues relating to US Trustee objection to the KEIP motion (.2) |

| | | | |
|------|-------|-------|-------------|
| P M Gilhuly | 6.10 | hours | $ 8,235.00 |
| KA Posin | 10.90 | hours | $ 11,227.00 |
| A E Malatesta | 58.70 | hours | $ 57,232.50 |
| S P Hansen | 14.70 | hours | $ 11,098.50 |
| | 90.40 | | $ 87,793.00 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Utilities

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 01/03/18 | A E Malatesta | .20 | Email correspondence with I. Shmukler regarding utilities account (.1); review documents and correspondence relating to same (.1) |
| 01/04/18 | A E Malatesta | .50 | Review final proposed order relating to utilities motion (.1); email correspondence with M. Lunn regarding same (.2); email correspondence with I. Shmukler regarding same (.1); review correspondence regarding same (.1) |
| 01/05/18 | A E Malatesta | .20 | Email correspondence with N. Sykes regarding issues relating to utility providers (.1); review documents relating to same (.1) |
| 01/07/18 | A E Malatesta | .20 | Email correspondence with N. Sykes, I. Shmukler, and B. Regan regarding issues relating to utility providers (.1); review correspondence relating to same (.1) |
| 01/10/18 | A E Malatesta | .20 | Revise final utilities order (.1); email correspondence with K. Eide regarding same (.1) |
| 01/11/18 | A E Malatesta | .40 | Review final utilities order (.1); email correspondence with Lowenstein team regarding same (.1); email correspondence with K. Eide regarding same (.1); email correspondence with S. Tetro regarding same (.1) |

| A E Malatesta | 1.70 | hours | $ 1,657.50 |
|---------------|------|-------|-----------|
|               | 1.70 |       | $ 1,657.50 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

78

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 130 of 139

**LATHAM&WATKINS**LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Disbursements

---

**Costs and Disbursements:**

| Date | Description | Timekeeper | Amount |
|------|-------------|------------|--------|
| 01/09/18 | Laser Copy 54341 | Y Vidal | 0.40 |
| 01/10/18 | Laser Copy 039517-0125 | KA Posin | 12.60 |
| 01/10/18 | Laser Copy 039517-0100 | S R Weiner | 11.40 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 3.60 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 15.40 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 12.00 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 61.60 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 13.40 |
| 01/11/18 | Laser Copy 039517-0125 | E G Winard | 0.20 |
| 01/12/18 | Laser Copy 039517-0125 | KA Posin | 17.90 |
| 01/12/18 | Laser Copy 039517-0125 | E G Winard | 10.50 |
| 01/12/18 | Laser Copy 039517-0125 | E G Winard | 10.50 |
| 01/12/18 | Laser Copy 039517-0125 | E G Winard | 7.40 |
| 01/12/18 | Laser Copy 039517-0125 | E G Winard | 7.40 |
| 01/29/18 | Laser Copy 039517-0125 | KA Posin | 12.10 |
| 01/29/18 | Laser Copy 039517-0125 | KA Posin | 10.30 |
| 01/29/18 | Laser Copy 039517-0125 | KA Posin | 19.40 |
| | **Total Laser Copy** | | **226.10** |
| 01/25/18 | Parking - Peter M Gilhuly - - Attend Bankruptcy Hearing - 01/18/18 | P M Gilhuly | 47.04 |
| | **Total Parking** | | **47.04** |
| 01/09/18 | Postage A. MALATESTA (1) | A E Malatesta | 1.19 |
| | **Total Postage** | | **1.19** |
| 01/25/18 | Wireless Voice - Peter M Gilhuly - - Mobile Device Monthly Charge - 01/24/18 | P M Gilhuly | 30.88 |
| | **Total Telephone** | | **30.88** |
| 01/14/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 4573836643, Departure Date: 01/16/2018, Route: LAX PHL LAX | KA Posin | 28.47 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR  PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

79

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 131 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Disbursements

| Date | Description | Timekeeper | Amount |
|------|-------------|------------|--------|
| 01/14/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 4573836641, Departure Date: 01/16/2018, Route: LAX PHL LAX | KA Posin | 38.52 |
| 01/14/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 7036346171, Departure Date: 01/16/2018, Route: LAX PHL LAX | KA Posin | 688.72 |
| 01/14/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - GILHULY, PETER M Ticket No: 7034607221, Departure Date: 01/16/2018, Route: LAX PHL LAX | P M Gilhuly | 624.34 |
| 01/19/18 | Parking - Out-of-Town - Kimberly A Posin - - Attend court hearing - 01/18/18 | KA Posin | 60.00 |
| 01/19/18 | Trip Expenses - Out-of-Town - Kimberly A Posin - Lodging - Attend court hearing - 01/17/18 - Hotel Dupont | KA Posin | 361.90 |
| 01/21/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 4573850462, Departure Date: 01/17/2018, Route: PHL LAX | KA Posin | 31.06 |
| 01/21/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - GILHULY, PETER M Ticket No: 7037946392, Departure Date: 01/17/2018, Route: PHL LAX | P M Gilhuly | 220.22 |
| 01/21/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 0615621146, Departure Date: 01/17/2018, Route: PHL LAX | KA Posin | 75.00 |
| 01/21/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 7037946391, Departure Date: 01/17/2018, Route: PHL LAX | KA Posin | 200.00 |
| 01/25/18 | Meals - Out-of-Town - Peter M Gilhuly - Hotel - Dinner - Attend Bankruptcy Hearing - 01/16/18 - Dupont - Internal Guests: Peter M Gilhuly, Kimberly A Posin - External Guests: Paul Summers, Nicole Sykes, Chip Cummins, Mike Nestor | P M Gilhuly | 398.40 |
| 01/25/18 | Trip Expenses - Out-of-Town - Peter M Gilhuly - Lodging - Attend Bankruptcy Hearing - 01/16/18 - Dupont | P M Gilhuly | 405.90 |
| 01/25/18 | Meals - Out-of-Town - Peter M Gilhuly - Dinner - Attend Bankruptcy Hearing - 01/17/18 - Baba Bar - Internal Guests: Peter M Gilhuly | P M Gilhuly | 31.82 |
| 01/28/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 4573867914, Departure Date: 01/31/2018, Route: PHL LAX | KA Posin | 31.06 |
| 01/28/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 4573867913, Departure Date: 01/30/2018, Route: LAX PHL | KA Posin | 38.52 |
| 01/28/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - GILHULY, PETER M Ticket No: 7039738204, Departure Date: 01/30/2018, Route: LAX PHL LAX | P M Gilhuly | 624.34 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

80

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 132 of 139

**LATHAM&WATKINS** LLP

Invoice No. 1801200725
February 15, 2018
Matter Name: Disbursements

| <u>Date</u> | <u>Description</u> | <u>Timekeeper</u> | <u>Amount</u> |
|------|-------------|-----------|--------|
| 01/28/18 | Airfare & Trainfare - Out-of-Town - The Lawyers Travel Service - POSIN, KIMBERLY ANN Ticket No: 7041220290, Departure Date: 01/30/2018, Route: LAX PHL LAX | KA Posin | 644.56 |
| | **Total Travel Expenses** | | **4,502.83** |
| 01/19/18 | Wireless Data - Kimberly A Posin - Internet - Attend court hearing - 01/16/18 | KA Posin | 16.00 |
| | **Total Wireless Data** | | **16.00** |
| | **Total Costs and Disbursements:** | | **$ 4,824.04** |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

81

Case 7:16-cv-00018-D    Document 405-1    Filed 04/08/19    Page 133 of 139

# LATHAM&WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

**INVOICE**

February 15, 2018

Rentech, Inc.
10880 Wilshire Blvd, Suite 1101
Los Angeles, CA 90024
Attn: Nicole Sykes

Please identify your payment with the following:

Invoice No. 1801200725
Matter Number 039517-0101

Tax Identification No.: 95-2018373

## Remittance Instructions

**WIRE TRANSFERS IN USD:**
Bank: Citibank N.A.
One Penn's Way
New Castle, DE 19720
ABA: 0311-00209
SWIFT: CITIUS33
Account Name: **Latham & Watkins LLP**
Account Number: **3911-7003**

**CHECKS:**
Latham & Watkins LLP
P.O. Box 894256
Los Angeles, CA
90189-4256

* Note New Remittance Instructions for
Checks – Please update your remittance
address accordingly

---

The following summarizes the outstanding invoices, both current and past due, which are now due and payable to Latham & Watkins. Copies of all listed invoices are attached hereto. We would appreciate receiving payment of these invoices within 20 days. If you have already paid these invoices, thank you and please accept our apologies for any inconvenience this may have caused.

### REMITTANCE COPY

**Asset Dispositions; Automatic Stay Issues/Motions for Relief; Claims Process/General
Creditor Inquiries; Corporate (Including Disclosure and Corporate Governance);
Creditor Committee Matters; Employee Matters; Executory Contracts and Unexpired
Leases; Financing (Cash Collateral); Insurance; Litigation; Non-Working Travel Time;
Plan of Liquidation; Reports and Schedules; Retention/Fee Matters (L&W); Retention/Fee
Matters/Objections (Others); Tax Matters; U.S. Trustee Matters; Utilities; Disbursements**

| Invoice Date | Invoice Number | Balance Due |
|---|---|---|
| Outstanding Invoice(s) | | |
| 02/05/2018 | 1801200647 | 175,751.75 |
| **Prior Balance Due** | | $ 175,751.75 |
| Current Invoice | | |
| 02/15/2018 | 1801200725 | 863,370.54 |
| **Balance Due** | | $ 1,039,122.29 |

BALANCE DUE AND PAYABLE TO REMITTANCE ADDRESS UPON RECEIPT.
PLEASE REFERENCE INVOICE # 1801200725 ON YOUR PAYMENT OR RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.

## **Exhibit B**

Expenses

**STATEMENT OF EXPENSES**

**BILLING PERIOD THROUGH JANUARY 31, 2018**

| Date | Name and Title | Expense Category | Narrative | Amount |
|------|----------------|------------------|-----------|--------|
| 1/9/18 | Yvonne Vidal, Legal Secretary | Laser Copy | Laser Copy | $0.40 |
| 1/10/18 | Samuel Weiner, Partner | Laser Copy | Laser Copy | $11.40 |
| 1/10/18 | Kimberly Posin, Partner | Laser Copy | Laser Copy | $12.60 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $61.60 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $3.60 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $12.00 |
| 1/12/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $10.50 |
| 1/12/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $10.50 |
| 1/12/18 | Kimberly Posin, Partner | Laser Copy | Laser Copy | $17.90 |
| 1/29/18 | Kimberly Posin, Partner | Laser Copy | Laser Copy | $12.10 |
| 1/29/18 | Kimberly Posin, Partner | Laser Copy | Laser Copy | $19.40 |
| 1/29/18 | Kimberly Posin, Partner | Laser Copy | Laser Copy | $10.30 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $13.40 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $0.20 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $15.40 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $7.40 |
| 1/11/18 | Esther Winard, Legal Secretary | Laser Copy | Laser Copy | $7.40 |
| 1/9/18 | Adam Malatesta, Associate | Postage | Postage | $1.19 |
| 1/18/18 | Peter Gilhuly, Partner | Parking | Parking at LAX for bankruptcy hearing | $47.04 |

| Date | Name and Title | Expense Category | Narrative | Amount |
|------|----------------|------------------|-----------|--------|
| 1/24/18 | Peter Gilhuly, Partner | Telephone | Wireless Voice – monthly charge | $30.88 |
| 1/16/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/16/18 to 1/17/18<br>LAX to PHL to LAX | $28.47 |
| 1/16/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/16/18 to 1/17/18<br>LAX to PHL to LAX | $38.52 |
| 1/16/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/16/18 to 1/17/18<br>LAX to PHL to LAX | $688.72 |
| 1/16/18 | Peter Gilhuly, Partner | Travel Expenses | Airfare – American Airlines<br>1/16/18 to 1/17/18<br>LAX to PHL to LAX | $624.34 |
| 1/18/18 | Kimberly Posin, Partner | Travel Expenses | Parking at LAX | $60.00 |
| 1/17/18 | Kimberly Posin, Partner | Travel Expenses | Hotel Dupont, Wilmington, DE<br>1/16/18 to 1/17/18<br>attend hearing | $361.90 |
| 1/17/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/17/18<br>PHL to LAX | $31.06 |
| 1/17/18 | Peter Gilhuly, Partner | Travel Expenses | Airfare – American Airlines<br>1/17/18<br>PHL to LAX | $220.22 |
| 1/17/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1 1/17/18<br>PHL to LAX | $75.00 |

| Date | Name and Title | Expense Category | Narrative | Amount |
|---|---|---|---|---|
| 1/17/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/17/18<br>PHL to LAX | $200.00 |
| 1/16/18 | Peter Gilhuly, Partner | Travel Expenses | Working dinner – Peter Gilhuly, Kim Posin, Nicole Sykes, Chip Cummins, Mike Nestor and Paul Summers<br>Hotel Dupont<br>1/16/18 | $398.40 |
| 1/16/18 | Peter Gilhuly, Partner | Travel Expenses | Hotel Dupont, Wilmington, DE<br>1/16/18<br>attend hearing | $405.90 |
| 1/16/18 | Peter Gilhuly, Partner | Travel Expenses | Hotel Dupont, Wilmington, DE<br>1/16/18<br>attend hearing | $31.82 |
| 1/31/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/31/18<br>PHL to LAX | $31.06 |
| 1/30/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/31/18<br>LAX to PHL | $38.52 |
| 1/30/18 | Kimberly Posin, Partner | Travel Expenses | Airfare – American Airlines<br>1/30/18 to 1/31/18<br>LAX to PHL to LAX | $644.56 |
| 1/30/18 | Peter Gilhuly, Partner | Travel Expenses | Airfare – American Airlines<br>1/30/18 to 1/31/18<br>LAX to PHL to LAX | $624.34 |

| Date | Name and Title | Expense Category | Narrative | Amount |
|------|----------------|------------------|-----------|--------|
| 1/16/18 | Kimberly Posin, Partner | Wireless Data | Internet on plane – bankruptcy hearing | $16.00 |
| **Total** | | | | **$4,824,04** |