IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | |
|---|---|
| FREDRIC N. ESHELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PUMA BIOTECHNOLOGY, INC., ) | |
| ) | |
| Defendant. ) | |

On March 25, 2019, the court entered judgment pursuant to the jury verdict of March 15, 2019 [D.E. 395]. On April 4, 2019, Puma Biotechnology, Inc. ("Puma" or "defendant") filed an emergency motion to vacate temporarily the judgment under Rule 60 of the Federal Rules of Civil Procedure [D.E. 399]. On the same date, Fredric N. Eshelman ("Eshelman" or "plaintiff") responded in opposition [D.E. 400], and Puma replied [D.E. 402].

Rule 60(b) "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (quotation omitted); see Fed. R. Civ. P. 60(b); United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018); United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015). Under Rule 60(b), a movant first must demonstrate that its motion is timely, that it has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Welsh, 879 F.3d at 533, 536; Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)."

Gray, 1 F.3d at 266. The remedy provided by Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Welsh, 879 F.3d at 536 (quotation omitted).

The court has considered Puma's motion under the governing standard. The court does not find that exceptional circumstances justify vacating the judgment. Alternatively, the court does not find that Puma satisfies any of the six enumerated grounds for relief under Rule 60(b). Although the court cannot extend the time within which to file a motion under Rule 59(e), see Fed. R. Civ. P. 6(b)(2), Puma may file a Rule 59(e) motion that "states with particularity the grounds for seeking" post-trial relief under Rule 59. Fed. R. Civ. P. 7(b)(1)(B); see Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1240 (10th Cir. 2006). Puma may then file a memorandum of law in support of the motion upon receiving a complete transcript of the trial proceedings in this action.

In sum, the court DENIES Puma's motion to vacate the judgment [D.E. 399] and Puma's motion for a hearing [D.E. 407]. Puma must file its Rule 59(e) motion by April 22, 2019. See Fed. R. Civ. P. 59(e). Puma may file its memorandum of law in support of its motion to vacate along with its Rule 59(e) motion or may file its memorandum of law within five business days of the date on which the court reporter provides a complete transcript of trial proceedings in this action, whichever is later.

SO ORDERED. This 9 day of April 2019.

/s/ Dever
JAMES C. DEVER III
United States District Judge