IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On March 7, 2019, Fredric N. Eshelman ("Eshelman" or "plaintiff") moved for sanctions against Puma Biotechnology, Inc. ("Puma" or "defendant) "for [Puma's] failure to make a complete and timely disclosure . . . of all insurance agreements under which an insurance company may be liable to satisfy all or part of a . . . judgment" [D.E. 363] and filed a memorandum in support [D.E. 364]. On the same date, Puma responded in opposition [D.E. 366]. On March 8, 2019, the court held a pre-trial conference and addressed, in part, Eshelman's motion for sanctions. See [D.E. 394]. On April 8, 2019, Eshelman replied [D.E. 404]. Eshelman seeks a monetary sanction of $66,180, which is three times larger than the first sanction imposed against Puma in this case. See id. at 3. As explained below, the court grants in part and denies in part Eshelman's motion for sanctions.

A court has the discretion to award various sanctions when a party fails to comply with the initial disclosure requirements. See Fed. R. Civ. P. 26(g)(3), 37; Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995); Palacino v. Beech Mountain Resort, Inc., No. 1:13CV334, 2015 WL 8731779, at *1–2 (W.D.N.C. Dec. 11, 2015) (unpublished). In determining whether nondisclosure of evidence is substantially justified or harmless, a court should consider five factors:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;
(3) the extent to which allowing the evidence would disrupt the trial;
(4) the importance of the evidence; and
(5) the nondisclosing party's explanation for its failure to disclose the evidence.

United States v. $134,750 U.S. Currency, 535 F. App'x 232, 238 (4th Cir. 2013) (unpublished); see Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011); Palacino, 2015 WL 8731779, at *2.

Puma failed to disclose supplemental insurance policies that increased Puma's total insurance coverage from $35 million to $41 million. See [D.E. 364] 2–3; [D.E. 394] 5. The court finds that Puma violated the initial disclosure requirements of Rule 26 and the court's pretrial order. Cf. Palacino, 2015 WL 8731779, at *2. As for the appropriate sanction, the court disagrees with Eshelman that a sanction of over $66,000 is warranted. Although the court finds that a sanction is warranted to punish Puma, deter others, and compensate Eshelman, Eshelman fails to show how Puma's failure to disclose the supplemental insurance policies prejudiced him during mediation and fails to show that Puma intentionally failed to disclose the policies. Cf. id. at *3–4. Unlike the plaintiffs in Palacino, Eshelman fails to show how Puma's non-disclosure affected his ability to "properly assess litigation strategy, to properly value [Puma's] ability to pay any potential judgment, and to properly determine [his] mediation strategy." Id. at *3. In short, Eshelman fails to show how his approach to the mediation would have changed had he known that Puma had $41 million in insurance coverage instead of $35 million. Cf. id. ("The Court, however, also finds that Plaintiffs overstate the extent of the harm and request sanctions that are not appropriate for the nature of the offense.").

The court has considered Puma's violation along with the importance of the supplemental insurance policies to the mediation. After considering the record and the governing standard, the

court finds that a $4,000 sanction against Puma is reasonable and appropriate to punish Puma, deter others, and compensate Eshelman.

In sum, the court GRANTS in part and DENIES in part Eshelman's motion for sanctions [D.E. 363]. The court GRANTS Eshelman's motion for sanctions and finds that a $4,000 sanction against Puma is reasonable and appropriate. The court DIRECTS Puma to pay Eshelman $4,000 not later than May 10, 2019. Puma is WARNED that the failure to pay this sanction in accordance with this order could result in further sanctions.

SO ORDERED. This 23 day of April 2019.

JAMES C. DEVER III
United States District Judge

3