IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

FREDRIC N. ESHELMAN, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
PUMA BIOTECHNOLOGY, INC., )
)
        Defendant. )

On March 18, 2019, a jury awarded plaintiff Fredric N. Eshelman ("Eshelman" or "plaintiff") $22.35 million in compensatory and punitive damages against defendant Puma Biotechnology, Inc. ("Puma" or "defendant") for defamation [D.E. 388, 389]. On May 10, 2019, the court granted Puma's motion under Federal Rule of Civil Procedure 62(b) for a supersedeas bond to stay the judgment pending appeal [D.E. 434]. The court approved a $29.5 million bond [D.E. 434, 466-4]. On June 23, 2021, the United States Court of Appeals for the Fourth Circuit upheld the jury's liability verdict, vacated the jury's damages award, and remanded the case for a new trial on damages. See Eshelman v. Puma Biotechnology, Inc., 2 F.4th 276, 286 (4th Cir. 2021).

On August 27, 2021, Puma moved to release the bond [D.E. 460]. On September 17, 2021, Eshelman responded in opposition [D.E. 467]. On October 1, 2021, Puma replied [D.E. 471].

On September 3, 2021, Puma applied for the allocation of costs associated with its supersedeas bond [D.E. 466]. On September 17, 2021, Eshelman moved for a disallowance of costs [D.E. 468]. On September 24, 2021, Puma responded in opposition to Eshelman's motion for disallowance of costs [D.E. 470].

On October 18, 2021, Eshelman filed a petition for a writ of certiorari in the United States Supreme Court. On December 13, 2021, the Supreme Court denied Eshelman's petition. See Eshelman v. Puma Biotechnology, Inc., 142 S. Ct. 714 (2021). As explained below, the court grants Puma's motion to release the supersedeas bond, grants Eshelman's motion for disallowance of costs, and denies Puma's application for costs.

I.

Puma seeks release of its supersedeas bond. Federal Rule of Civil Procedure 62 states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). The supersedeas bond's terms govern a party's liability under the instrument. See TVA v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 798 (4th Cir. 1986). At one time, Federal Rule of Civil Procedure 73(d) guided the use of supersedeas bonds. Although Rule 73(d) has been rescinded, it "described what always has been good practice on a supersedeas bond, and, except as the matter now is regulated by local rules in a particular district, it is still a useful guide on these matters." Charles Allen Wright, Arthur A. Miller, et al., Federal Practice & Procedure, § 2905 (3d ed. April 2021 Update); see Atlas Mach., 803 F.2d at 799. Under Rule 73(d), an appellant remained liable under a supersedeas bond "for the satisfaction of the judgment in full together with costs, interests, and damages for delay, if for any reason the appeal is dismissed or the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award."

Puma's bond states, in relevant part:

> If [Puma] shall duly prosecute said appeal, and shall moreover pay the amount of said judgment rendered, then this obligation to be null and void, otherwise to remain in full force and effect, provided however, the maximum liability of the Surety shall not

2

exceed Twenty-Nine Million Five Hundred Thousand and 0/100 Dollars ($29,500,000.00).

[D.E. 466-4] 2 (emphasis omitted). According to the bond's plain language, the bond is nullified when (1) Puma duly prosecutes its appeal and (2) Puma pays the amount of the judgment rendered on appeal. The parties dispute whether the bond required Puma to prosecute its appeal "to effect." See [D.E. 467] 14–17; [D.E. 471] 6–7. Construing similar language in a supersedeas bond, the Fourth Circuit held that the bond implicitly contained such a requirement or at least had a substantially similar meaning. See Atlas Mach., 803 F.3d at 798–99; see also Beatrice Foods Co. v. New England Printing & Lithographing Co., 930 F.2d 1572, 1575 (Fed. Cir. 1991) (interpreting Atlas Machine similarly). A party prosecutes an appeal "to effect" if the lower court's judgment is "substantially reversed." Gay v. Parpart, 101 U.S. 391, 392 (1879); see Crane v. Buckley, 203 U.S. 441, 447 (1906) ("It is an expression substantially equivalent to prosecuting his appeal with success; to make substantial and prevailing his attempt to reverse the decree or judgment awarded against him."); Atlas Mach., 803 F.2d at 799.

The court need not resolve whether the bond's language requires Puma to prosecute its appeal "to effect" because under either reading, the court releases the bond. If the bond's plain language controls and the bond contains no requirement that Puma prosecute its appeal "to effect," then the bond's conditions are satisfied. Puma prosecuted an appeal to the Fourth Circuit. See Eshelman, 2 F.4th at 286. And based on the Fourth Circuit's judgment, Puma has nothing left to pay of "the amount of said judgment rendered." [D.E. 466-4] 2; see Neeley v. Bankers Tr. Co. of Tx., 848 F.2d 658, 660 (5th Cir. 1988) ("The bond is limited to any decree of the court of appeals; it does not include an entirely new judgment of the district court."); Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd., No. 00-CV-35-LRR, 2006 WL 4757279, at *3 (N.D. Iowa Aug. 9, 2006) (unpublished).

3

Even if the bond required Puma to prosecute its appeal "to effect," Puma did so. When an appellate court vacates the trial court's damages award, whether the vacatur constitutes a substantial reversal depends on the scope of the appellate court's ruling. "If, after an appeal, there remains a question of whether any compensable harm was done, then the bond may be allowed to lapse." Beatrice Foods Co., 930 F.2d at 1576 (emphasis omitted); see Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1069–70 (10th Cir. 2008); see, e.g., Neeley, 848 F.2d at 660 (holding no liability on a bond when "the entire award of money damages was vacated" and the plaintiff "had to prove his damages on remand"). However, "it is not unreasonable" for a bond to remain in place "when the question on remand is not whether a party will receive damages, but merely how the damages will be calculated." Beatrice Foods Co., 930 F.2d at 1576; see Morrison Knudsen Corp., 532 F.3d at 1069–70; Neeley, 848 F.2d at 660; see, e.g, Rector v. Mass. Bonding & Ins. Co., 191 F.2d 329, 332–33 (D.C. Cir. 1951) (holding the surety was still liable when remand was limited to determining, based on a counterclaim, "the amount to be set off against the principal claim"); Franklinville Realty Co. v. Arnold Constr. Co., 132 F.2d 828, 829 (5th Cir. 1943) (leaving a bond in place when reversal was "limited to taking evidence and obtaining findings . . . upon whether the judgment [the party] had obtained should be for the same or a less sum").

Other courts have followed this distinction. See, e.g., PHI, Inc. v. Apical Indus., Inc., No. 6:13-cv-00015, 2020 WL 1303965, at *2 (W.D. La. Mar. 17, 2020) (unpublished); Laborers Pension Tr. Fund-Detroit & Vicinity v. Interior Exterior Specialists Co., 824 F. Supp. 2d 764, 773 (E.D. Mich. 2011); Derkevorkian v. Lionbridge Techs., Inc., No. 04-cv-01160-LTB-CBS, 2009 WL 735650, at *5–6 (D. Colo. Mar. 18, 2009) (unpublished).

The Fourth Circuit vacated the damages judgment this court entered pursuant to the jury's verdict and remanded for a new trial on damages. Thus, the remand involves more than merely

4

recalculating damages. Rather, the Fourth Circuit's opinion targeted the sufficiency of the evidence supporting the jury's award of damages. The Fourth Circuit held that "there [was] no evidence justifying such an enormous award" and that Eshelman "failed to offer evidence of widespread circulation or comparable harm as a direct and natural consequence of the libel." Eshelman, 2 F.4th at 283, 285 (cleaned up). Eshelman must "prove his damages on remand" in a new trial; "[t]herefore, there is no liability on the supersedeas bond." Neeley, 848 F.2d at 660. Eshelman will recover at least nominal damages in the new trial, but the Fourth Circuit still "substantially reversed" the damages award, and Puma prosecuted its appeal "to effect." See, e.g., Crane, 203 U.S. at 447. Accordingly, regardless of whether Puma's bond requires it to have prosecuted its appeal "to effect," the conditions in the bond are satisfied, and the court releases the bond.

In opposition, Eshelman argues it would be inequitable to release the bond because Puma's allegedly weak financial position means Eshelman would be irreparably harmed if he obtains a second damages award, Puma was unable to pay it, and the bond no longer insured the award. See [D.E. 467] 21–25. Puma disputes Eshelman's characterization of Puma's financial strength and of the balance of equities if the court releases the bond. See [D.E. 471] 8–10.

A supersedeas bond "insures the judgment creditor against the risk of lack of funds to satisfy the award" if the appellate court affirms the judgment. Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905, 905–06 (S.D.N.Y. 1986); see Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979); Goss Int'l, 2006 WL 4757279, at *2. Thus, the supersedeas bond secures the judgment against the insolvency of the judgment debtor during the appellate process. See Beatrice Foods Co., 930 F.2d at 1574; Poplar Grove, 600 F.2d at 1189–90; Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp., No. 13-CV-15189, 2018 WL 1291132, at *3 (E.D. Mich. 2018) (unpublished); Kifafi v. Hilton Hotels Ret. Plan., 79 F. Supp. 3d 93, 100

5

(D.D.C. 2015); Halliburtan Energy Servs. Inc. v. NL Indus., 703 F. Supp. 2d 666, 669 (S.D. Tex. 2010); Goss Int'l, 2006 WL 4757279, at *2; Revlon, Inc., 647 F. Supp. at 905.

Puma's appeal is no longer pending. The Fourth Circuit issued its mandate, and the Supreme Court denied certiorari. Moreover, the Fourth Circuit vacated the damages award, meaning there is no monetary award for the bond to insure. See Goss, 2006 WL 4757279, at *3 ("Courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains."). Instead, this court must enter a new judgment after a new trial on damages. See Neeley, 848 F.2d at 660 ("The retrial on damages results in an entirely new judgment. The bond is limited to any decree of the court of appeals; it does not include an entirely new judgment of the district court."). The court cannot predict the future and divine whether, in light of Puma's alleged present financial position, Puma could not pay the amount of damages a jury could conceivably award. See id.; cf. Eshelman, 2 F.4th at 282–85. Thus, having considered the record, the equities, and the governing law, the court releases the bond.

II.

Puma asks the court to allocate the costs of the supersedeas bond between it and Eshelman [D.E. 466].[1] Eshelman moves for disallowance of costs [D.E. 468], and Puma opposes Eshelman's motion [D.E. 470].

---

[1] On July 29, 2021, Puma asked the Fourth Circuit to allocate costs associated with its supersedeas bond. See Appellant Puma Biotechnology, Inc.'s Motion for Allocation of Costs Under Rule 39(a)(4), Eshelman, 2 F.4th 276 (4th Cir. July 29, 2021), [D.E. 58]. On August 30, 2021, the Fourth Circuit denied Puma's motion without prejudice to Puma seeking costs in this court. See Order, Eshelman, 2 F.4th 276 (4th Cir. Aug. 30, 2021), [D.E. 66]. Thus, the court considers Puma's motion. Cf. City of San Antonio v. Hotels.com, L. P., 141 S. Ct. 1628, 1633–37 (2021) ("[I]f a court of appeals thinks that a district court is better suited to allocate the appellate costs listed in Rule 39(e), the court of appeals may delegate that responsibility to the district court."); Fourth Circuit Local Rule 39(c) ("Various costs incidental to an appeal must be settled at the district court level," including "the premiums paid for any required appeal bond.").

6

Puma seeks allocation of its bond premiums and letter of credit costs under Federal Rule of Appellate Procedure 39. Under Appellate Rule 39, a district court may tax "premiums paid for a bond or other security to preserve rights pending appeal" to the extent a party is entitled to costs under that rule. Fed. R. App. P. 39(e)(3). Eshelman argues this court may not allocate costs under Appellate Rule 39 because Federal Rule of Civil Procedure 54(d) generally governs post-judgment motions for awards of costs, and under that rule, a court may only assess costs listed in 28 U.S.C. § 1920 and as refined by local rules. See 28 U.S.C. § 1920; Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–43 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988(c); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988); Horton v. Methodist Univ., Inc., No. 5:16-CV-945-D, 2019 WL 9143510, at *1 (E.D.N.C. Apr. 1, 2019) (unpublished); Howard v. Coll. of the Albemarle, No. 2:15-CV-39-D, 2017 WL 3754620, at *1 (E.D.N.C. Aug. 29, 2017) (unpublished); Petersen v. Midgett, No. 2:12-CV-60-D, 2015 WL 7681257, at *1 (E.D.N.C. Nov. 25, 2015) (unpublished); Earp v. Novartis Pharm. Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished); see also [D.E. 469] 13–16.

However, Congress approved Appellate Rule 39 under 28 U.S.C. § 2074 after it enacted 28 U.S.C. § 1920, and Appellate Rule 39 provides a source of authority to tax the costs enumerated in that rule, independent of Civil Rule 54. See Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co., 600 F. App'x 230, 237 (5th Cir. 2015) (per curiam) (unpublished); Republic Tobacco Co. v. N. Atlantic Trading Co., 481 F.3d 442, 447–48 (7th Cir. 2007); Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd., No. 2:15-cv-00011-RSP, 2020 WL 3469220, at *4–5 (E.D. Tex. June 23, 2020) (unpublished); BASF AG v. Great Am. Assur. Co., 595 F. Supp. 2d 899, 902 (N.D. Ill. 2009); cf. City of San Antonio, 141 S. Ct. at 1636 n.4.

7

Under Rule 39(a), "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4); see Eshelman, 2 F.4th at 286. Rule 39 "provides that costs shall be allowed to the prevailing party in an appeal unless the court otherwise orders." Square Constr. Co. v. Wash. Metro. Area Transit Auth., 800 F.2d 1256, 1266 (4th Cir. 1986); see Fourth Circuit Local Rule 39(c) (allowing applications for costs to a district court "by the successful party on appeal").

"In football, victory is measured by the final score alone. So too in litigation when a party seeks [costs] as a 'prevailing party.'" Am. Ass'n of Pol. Consultants v. Wilkinson, 518 F. Supp. 3d 881, 888 (E.D.N.C. 2021); see Meriwether v. Coughlin, 727 F. Supp. 823, 832 (S.D.N.Y. 1983) ("[A] reading of Rule 39(a) clearly indicates that taxing of costs on appeal is made in consideration of the success of the parties to appeal relative to each other."). On appeal, the game ended in a tie. In the first half, Eshelman prevailed on the issue of liability when the Fourth Circuit affirmed that Puma is liable to Eshelman for defamation. In the second half, however, Puma substantially prevailed on the issue of damages when the Fourth Circuit vacated the jury's verdict. When "neither side is the clear winner" because "each side w[on] something and los[t] something," then it is appropriate under Rule 39 for "each party to bear its own costs on appeals." Exxon Valdez v. Exxon Mobil, 568 F.3d 1077, 1081 (9th Cir. 2009); see McKnight v. Circuit City Stores, Inc., 14 F. App'x 147, 157 (4th Cir. 2001) (per curiam) (unpublished) (holding each party had to bear its own costs for the appeal under Rule 39(a)(4) when the lower court's judgment was affirmed in part and vacated and remanded in part); JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc., 245 F. Supp. 2d 756, 760–61 (E.D. Va. 2002) ("Given the fact that both parties prevailed under different issues, the Court directs that each parties must bear its own costs [from the appeal]."); Meriwether, 727 F. Supp. at 832 ("declin[ing] to tax costs to either party" under Rule 39(a) when "both parties were partially

8

successful on the appeal").

In this case, neither party "utterly prevailed" on appeal, and there is much more to do beyond "enter[ing] final judgment in [one party's] favor and address[ing] costs." City of San Antonio v. Hotels.com, L.P., 959 F.3d 159, 164 (5th Cir. 2020), aff'd, 141 S. Ct. 1628 (2021). Instead, the court must conduct a new jury trial on the issue of damages. Thus, Eshelman has established liability and will receive at least nominal damages, but nobody knows the exact amount of damages that Puma will owe Eshelman. Having considered the record and governing law, the court grants Eshelman's motion for disallowance of costs and denies Puma's application for costs.

III.

In sum, the court GRANTS defendant's motion to release its supersedeas bond [D.E. 460], GRANTS plaintiff's motion for disallowance of costs [D.E. 468], and DENIES defendant's application for costs [D.E. 466]. Not later than April 1, 2022, the parties SHALL file a joint statement updating the court on the status of this case, including a proposed schedule leading toward a jury trial on damages in July, August, or September, 2022.

SO ORDERED. This the 11 day of March, 2022.

JAMES C. DEVER III
United States District Judge

9

Case 7:16-cv-00018-D   Document 474   Filed 03/11/22   Page 9 of 9