IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-18-D

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE MANAGEMENT ORDER** |
| | ) | |
| PUMA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This order governs future proceedings in this action. The trial is set to begin on Monday, November 7, 2022, in courtroom one of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. Jury selection shall begin at 10:00 a.m. The case will take no more than four trial days. The court will set and enforce time limits on each side.

In connection with the court's order of May 19, 2022, concerning the scope of discovery for the retrial, the court sets the following deadlines. Plaintiff may disclose one additional expert witness to analyze and testify regarding the reach of defendant's defamatory presentation. Plaintiff shall make this disclosure no later than June 29, 2022. Defendant may disclose one additional rebuttal expert witness. Defendant shall make this disclosure no later than July 29, 2022. The parties shall have until no later than August 19, 2022, to depose these experts.

The parties shall supplement their disclosure under Rule 26(a), their interrogatory responses, their requests for production responses, and their requests for admission responses no later than June 20, 2022, and produce responsive documents no later than June 20, 2022. See Fed. R. Civ. P. 26(e)(1). As part of defendants's supplementation, it shall respond to plaintiff's Requests for

Production No. 118, No. 119, and No. 120. See [D.E. 482-2] 2–7.

All motions in limine or motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar precedent shall be filed by September 23, 2022. Any responses shall be filed by September 30, 2022. No replies are permitted.

Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference shall be held on Monday, October 24, 2022, at 1:00 p.m., in courtroom one of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. Adherence to this order's time requirements, some of which deviate from the deadlines provided for in the Local Rules, is necessary for in-chambers preparation for the final pretrial conference and the trial. By Friday, September 23, 2022, each party shall provide the other party with the pretrial disclosure required by Federal Rule of Civil Procedure 26(a)(3). See Local Civil Rule 16.1(b)(1). By Friday, September 30, 2022, pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), each party may serve and file objections to the other party's pretrial disclosure. See id.

Continuance of the pretrial conference at a party's request is highly unlikely. Counsel should plan to do the necessary pretrial work in a manner that will ensure its timely completion before the final pretrial conference. At the final pretrial conference, the court anticipates that it will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3. Preview proposed testimony and exhibits, and rule on contested issues of law, anticipated evidentiary objections, and motions in limine to the extent

2

possible in advance of trial.

Not later than Friday, September 23, 2022, the parties shall submit to chambers memoranda of authorities on all anticipated evidentiary questions and on all contested issues of law. Any motions relating to the admissibility of evidence are also due on that date. Responses are due Friday, September 30, 2022. No replies are permitted.

This action involves a jury trial. Not later than Friday, October 7, 2022, the parties shall jointly file proposed jury instructions. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and, if applicable, each party shall submit a proposed alternative instruction. See Local Civil Rule 51.1.

The parties' joint submission of jury instructions shall include a proposed verdict form. If there is a disagreement as to the verdict form, this jointly prepared submission shall disclose the basis for a party's objection and shall include each party's proposed alternative verdict form.

The court will conduct the examination of prospective jurors. Not later than Friday, October 14, 2022, counsel shall file any proposed voir dire questions. See Local Civil Rule 47.1(b). The court will read a brief statement of the case to the prospective panel of jurors before commencement of voir dire. Counsel shall jointly file a proposed brief statement of the case not later than Friday, October 14, 2022.

Not later than Friday, September 30, 2022, the parties shall submit to chambers (but not file) copies of all exhibits, properly bound. See Local Civil Rule 39.1(b)(2).

The final pretrial conference is an opportunity to prevent wasting trial time on pointless or undisputed matters. The parties shall be prepared to address how to streamline the trial, including but not limited to presentation of testimony by deposition excerpts and stipulations.

Not later than Friday, October 14, 2022, counsel shall jointly submit to chambers (but not

3

file) the parties' proposed pretrial order. See Local Civil Rule 16.1(b)(1). This submission shall comply with the form specified in Local Civil Rule 16.1(c).

Because the trial may involve a significant number of exhibits, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified during its presentation. With respect to presenting exhibits to the jury, counsel shall use (if possible) computer technology. Such technology avoids the need of handing exhibits to the jurors. Before trial, counsel shall familiarize himself or herself with the courtroom's technology. Of course, counsel also shall provide a hard copy of exhibits to the clerk. See Local Civil Rule 39.1(b).

This order shall not be modified except by leave of the court upon a showing of good cause. The court expects the parties to abide by these deadlines. Furthermore, all requirements set forth in the court's Local Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED. This 19 day of May, 2022.

JAMES C. DEVER III
United States District Judge