UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| FREDRIC N. ESHELMAN,<br><br>　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>PUMA BIOTECHNOLOGY, INC.,<br><br>　　　　　　　　　　　*Defendant*. | No. 7:16-cv-00018-D<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF AUTHORITIES ON WHETHER THIS COURT'S PRIOR RULINGS ON MOTIONS *IN LIMINE* HAVE BEEN VACATED OR REMAIN THE LAW OF THE CASE** |

**I.　　INTRODUCTION**

In Plaintiff Frederic N. Eshelman's ("Eshelman") Memorandum of Authorities (the "pretrial memorandum"), filed on September 23, 2022, he generally asserts that because the Court's previous rulings on motions *in limine* before the first trial in this matter remain in force because Puma waived any challenge to those rulings and they are "law of the case." DE 521 at 1. Eshelman therefore seeks a broad and indeterminate order that Puma "should not be permitted to introduce evidence that the Court already determined should be excluded." *Id.* But Eshelman's waiver and law of the case arguments are incorrect as a matter of law. This is a new trial, with different issues, and new evidence. Blindly applying previous evidentiary rulings weighing the relevance and probative value of evidence to a different trial does not make sense. For this precise reason, the Fourth Circuit is clear that courts retain discretion under Federal Rule of Civil Procedure 54(b) "to revise *interlocutory orders*," including motions *in limine*, "before final judgment *as the litigation develops and new facts or arguments come to light*." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis added). And, Eshelman's failure to identify the specific evidence that he claims should be excluded on this basis suggests he seeks to apply those rulings to new exhibits and evidence that was not previously considered by the Court. *See id.* at 1–3. The Court should not permit Eshelman to use its previous evidentiary rulings to

exclude new probative evidence, or admit previous evidence that is no longer relevant to this damages-only retrial.

Waiver applies only where a an issue "*could have been* but was not raised on appeal," *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotations omitted, emphasis added). Puma could *not* have preemptively raised on appeal the question of the proper scope of evidence in the upcoming retrial, before even knowing what the scope of that retrial would be or what new evidence would be available. It therefore makes no sense to contend that Puma waived any evidentiary arguments pertinent to the retrial. Similarly, "law of the case" applies only to issues that were "actually decided" or "decided by necessary implication," *not* to questions which were never decided. *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotations omitted). The relevance and admissibility assessments required under the Federal Rules of Evidence for this retrial are *different* than those that were required in the initial trial, because the scope of the proceedings has changed significantly—as has the available evidence. The "law of the case" thus does not apply. It is not clear whether Eshelman's pretrial memorandum seeks a ruling that *all* prior motion *in limine* rulings apply in full in the retrial, notwithstanding the changed scope of the proceedings as a result of the Fourth Circuit's remand. *See* DE 521 at 3 (asking only for a "ruling clarifying" that Puma may not "introduce evidence that the Court previously excluded"). And it is not clear what evidence Eshelman seeks to apply those rulings to. Any broad mandate is therefore inappropriate. For the avoidance of doubt, Puma has identified at least the following issues with Plaintiff's broad request to apply the Court's rulings on its motions *in limine*.

*First*, the only prior ruling on Eshelman's motions *in limine* that appears potentially relevant here is the Court's previous ruling on Eshelman's previous Motion *In Limine* No. 6, DE 333, which sought to exclude a single reference to Eshelman's political affiliation in a specific news article (and was unopposed). That ruling should not apply to any other reference to Eshelman's political affiliation. There is new evidence that is directly relevant to Eshelman's claimed reputational harm that necessarily includes references to Eshelman's political affiliations. Specifically, there is a wealth of publicly available information in the form of Google searches,

Google analytics, and news articles from the top hits from Google search on Fred Eshelman. Those articles concern a highly publicized controversy and lawsuit filed by Eshelman against a political organization related to the 2020 election. DE 504 at 25-26. There is also expert testimony from Jason Frankl regarding the lack of impact from the Investor Presentation, *see* DE 524-1, and Puma will likely elicit further relevant testimony from Eshelman on cross-examination regarding post-trial events that may have impacted his reputation. This evidence is highly relevant to the remaining issue for the jury: whether Eshelman suffered harm as "a direct and natural consequence" of the defamatory statements in Puma's January 7, 2016 SEC filing and the probable extent of that harm. *Eshelman v. Puma Biotech., Inc.*, 2 F.4th 276, 284-85 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 714 (2021); *see also* DE 386 at 21-22. Because such evidence did not exist and thus was not considered at the first trial, the "law of the case" doctrine does not bar this new evidence, nor could Puma have waived the issue of its admissibility by failing to raise it on appeal.

*Second*, this Court's rulings denying several of Puma's motions *in limine* do not apply to the new, compensatory-only damages phase of the retrial and should not apply at all given material factual changes since the original trial. In particular, this Court's rulings denying Puma's previous Motion *In Limine* No. 1, DE 311, seeking to exclude character evidence regarding Auerbach; Motion *In Limine* No. 3, DE 313, seeking to exclude evidence regarding Puma's financial condition and Auerbach's financial matters; and Motion *In Limine* No. 6, DE 316, seeking to exclude evidence of unrelated litigation involving Puma, including an unrelated securities class action, *Hsu v. Puma Biotechnology, Inc.*, No. SACV 15-0865 AG (JCGx) (the "Securities Litigation"), do not govern whether such evidence is admissible in the compensatory-only damages phase. As discussed more fully in Puma's current Motion *In Limine* No. 1 regarding bifurcation, DE 507, 508, the Court determined such evidence was admissible in the previous trial in part because it was relevant to the "actual malice" element of liability, *see* DE 371 at 17:1–13. But actual malice is no longer at issue, and that evidence is irrelevant to compensatory damages and must be excluded at the very least from the compensatory phase of the damages retrial. Furthermore, the material facts underlying the Court's denial of Puma's Motion *In Limine* No. 6

3

to exclude the Securities Litigation, DE 316, have fundamentally changed since the original trial, as a subsequent settlement agreement in the Securities Litigation has nullified the jury verdict in that action, and, as was revealed at trial, the Stipulated Facts utterly mischaracterize the relevant factual allegations and jury verdict and are the subject of a malpractice action against Puma's prior counsel.[1]  Thus, the Court's prior rulings do not preclude the Court's consideration of any of Puma's motions *in limine* now pending.

## II. PROCEDURAL BACKGROUND

Prior to the first trial in this action, the Court made several rulings regarding the parties' previous motions *in limine*. DE 371. As relevant here, the Court granted Eshelman's Motion *In Limine* No. 6, DE 333, 334, which sought to exclude evidence of Eshelman's political affiliation as reflected in a specific news article on Puma's trial exhibit list, DE 371 at 23:18–20. Puma's prior counsel represented that Puma did not oppose this motion because it did not intend to offer evidence during that trial about Eshelman's political affiliation. *Id.* at 23:14–17.

The Court also denied Puma's Motion *in Limine* No. 6, DE 316, which sought to exclude evidence of unrelated litigation, including the Securities Litigation. The Court explained that it "largely agreed with" Eshelman's opposition, DE 371 at 17:3–4, which argued that the Securities Litigation was relevant to Puma and Auerbach's "actual malice" in making the statements in the Investor Presentation, an element of liability, DE 352 at 5–6. The Court also observed that the Securities Litigation was addressed in the stipulations, DE 370, 370-1, that the parties had submitted before trial. DE 371 at 17:5; *see id.* at 4:4–8 (Puma's prior counsel objecting to the admissibility of portions of the Stipulated Facts prior to trial).

At the first trial, it was revealed that no one at Puma ever had an opportunity to review or confirm the accuracy of the Stipulated Facts, including the purported facts regarding the Securities Litigation. *See, e.g.*, DE 431 at 32:2–34:2. The Stipulated Facts—and Puma's prior counsel's

---

[1] Puma's arguments regarding the specific admissibility of unrelated litigation, including the Securities Litigation, in the context of this retrial, are set forth in its Memorandum in Support of Puma's Motion *In Limine* No. 3. DE 513.

failure to share them with Puma before trial—are the subject of a malpractice claim against Puma's prior counsel. *Puma Biotechnology, Inc. v. Hedrick Gardner Kincheloe & Garafalo LLP*, No. 20-CVS-12456 (N.C. Super. Ct. Mecklenburg Cty.). The jury returned a verdict for Eshelman and awarded him $15.85 million in compensatory damages and $6.5 million in punitive damages. DE 445. On appeal, the Fourth Circuit affirmed the jury's liability determination but overturned the damages award and remanded for a limited retrial on damages. *Eshelman*, 2 F.4th at 285.

On remand, this Court granted Eshelman's motion to re-open discovery to allow the parties "to prepare evidence for a jury trial on damages that accounts" for the Fourth Circuit's clarification of the law that "a substantial damages award in a defamation per se case" requires "'evidence of widespread circulation or comparable harm' and 'some evidence of its effect on [the plaintiff's] reputation.'" DE 487 at 5 (quoting *Eshelman*, 2 F.4th at 284–85). In doing so, the Court permitted Eshelman to identify a new expert on the "reach" of the Investor Presentation, and Puma was permitted a rebuttal expert. DE 487 at 5. The Court also ordered the parties to update their discovery responses, and permitted Eshelman to propound new document requests. *Id.* at 9–10. The Court denied Puma's request to depose fact witnesses, including Eshelman, regarding post-trial events, DE 484 at 8, finding that supplementation of the parties' discovery responses "under Rule 26(e) obviates the need for new depositions of these witnesses," DE 487 at 11.

On December 13, 2021, while the Fourth Circuit appeal in this action was pending, the parties in the Securities Litigation entered into a settlement, and no judgment finding or imposing liability for securities fraud violations has been imposed in that case. DE 506-5. Indeed, the final judgment actually entered in the case was pursuant to the settlement which explicitly states that it "shall not be nor shall it be deemed to constitute a judgment or finding of liability on any claims adjudicated by the jury" and that it did not constitute an admission by Puma or Auerbach "with respect to the truth of any fact alleged or the validity of any claim that has been or could have been raised in the [Securities] Litigation." *Id.* at 3. The district court approved the settlement on August 3, 2022, nullifying the original jury verdict in the Securities Litigation, and dismissed the case. *See* DE 518-11.

5

### III.   ARGUMENT

#### A.   Puma Has Not Waived Any Evidentiary Arguments Pertinent to the Retrial

Eshelman contends that Puma has waived any challenge to rulings on motions *in limine* from the first trial and that the prior rulings should therefore govern the retrial.  *See* DE 521 at 1–2.  But, as Eshelman himself recognizes, waiver applies only when an issue "*could have been* but was not raised on appeal."  *Chao*, 511 F.3d at 465 (emphasis added).

The evidentiary issues now before this Court could *not* have been raised on appeal.  The original trial in this case involved both liability *and* damages, and the Court's prior motion *in limine* rulings necessarily turned on the particular legal questions at issue in that trial, including the need for Eshelman to prove actual malice.  *See* DE 306 at 16, DE 386 at 17.  Puma's appeal to the Fourth Circuit likewise involved legal challenges to issues *in that trial*.  But the evidentiary issues now before this Court pertain to a *new* trial, with a different scope than the original trial, which requires different assessments of relevance and different weighing of the probative versus prejudicial value of evidence under Federal Rules of Evidence 401 and 403.  Waiver thus does not apply to the circumstances of this case because Puma *could not* have raised arguments about the relevance and admissibility of evidence in this damages-only retrial in its appeal regarding the original trial.  Indeed, it would have made little sense for Puma to preemptively appeal—and somehow argue prejudicial error from—the Court's prior motion *in limine* rulings, as applied to a *future* trial with *different* issues this Court had not yet assessed.

Courts handling retrials recognize this common-sense intuition, and the fact that remands for retrial often change the scope of the issues, and thus routinely allow new motions *in limine* to be filed on retrial in similar instances, without finding that a party waived its challenge to that evidence.  *See, e.g.*, *Total Containment, Inc. v. Dayco Prods., Inc.*, 177 F. Supp. 2d 332, 335 (E.D. Pa. 2001) (allowing new motions *in limine* to be filed in retrial on damages); *Whiteaker v. Fred's Stores of Tenn., Inc.*, 2011 WL 13187373, at *1 (N.D. Miss. June 13, 2011) (considering new motion *in limine* filed on retrial for damages); *Cones v. Cnty. of L.A.*, 2017 WL 11634727, at *4 (C.D. Cal. May 30, 2017) (allowing new motion *in limine* to be filed on retrial).

Eshelman's waiver cases (cited Mem. at 2–3) are inapposite. They do not involve evidentiary rulings or remands for partial retrials, and in each, the party failed to appeal an issue that it plainly could have raised previously. *See, e.g., Chao*, 511 F.3d at 466–67 (holding that party's "long abandoned claim" for attorneys' fees was waived); *S. Atl. Ltd. P'ship of Tenn., LP v. Riese*, 356 F.3d 576, 587 (4th Cir. 2004) (holding that party had waived objection to allocation method for judgment where they "failed to pursue the allocation issue on appeal"); *U.S. v. Bell*, 988 F.2d 247, 287 (1st Cir. 1993) (holding that defendant who appealed only his sentence could not challenge validity of convictions on remand for resentencing). That is not the case here, and Puma has not waived any evidentiary objections with respect to the new trial.

### B. Previous Rulings on Motions *in Limine* Are Not Law of the Case

Eshelman next argues that the Court's previous decisions on motions *in limine* remain in effect because they are the law of the case. DE 521 at 2–3. But for the same reason Puma did not waive any evidentiary arguments pertinent to this retrial, the law of the case doctrine is likewise inapplicable because the evidentiary issues associated with this trial have not been previously addressed or resolved.

The law of the case doctrine generally applies to decisions of an appellate court. *See Sejman*, 845 F.2d at 69 (noting that the doctrine applies "when a decision of *an appellate court* establishes 'the law of the case'") (emphasis added); *Topline Sols., Inc. v. Sandler Sys., Inc.*, 2017 WL 1862445, at *18 (D. Md. May 8, 2017) (stating that "it is an *appellate* court that establishes the law of the case") (emphasis in original); *In re Soybean Futures Litig.*, 892 F. Supp. 1025, 1042 (N.D. Ill. 1995) (observing that the law of the case doctrine "is most commonly invoked upon remand from an appellate ruling on a question of law or applied by federal courts to orders issuing from state courts"). The "doctrine is a rule of discretion, not a jurisdictional requirement." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 304 (4th Cir. 2000)

And it applies only where an issue was "actually decided" or "decided by necessary implication," *not* to questions which were never decided. *Sejman*, 845 F.3d at 69 (internal quotations omitted); *Onyeme v. U.S. I.N.S.*, 146 F.3d 227, 234 (4th Cir. 1998) (holding that issue

"never actually decided" in prior proceedings was not law of the case). For that reason, as discussed in Puma's brief of contested issues, DE 504 at 27–28, the Fourth Circuit is clear that law of the case doctrine is not applicable where "'a subsequent trial produces substantially different evidence.'" *U.S. v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Sejman*, 845 F. 2d at 69); *see also U.S. v. Abed,* 3 F.4th 104, 115 (4th Cir. 2021) (holding that original sentencing court's choice of appropriate sentence was not law of the case with respect to resentencing court's assessment of appropriate sentence under changed Guidelines); *Topline Sols., Inc.*, 2017 WL 1862445, at *18 (law of the case did not apply to futility argument where issue did not appear to have been "necessarily considered" in district court's prior ruling); *see Hayman Cash Reg. Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982) (explaining that if new evidence exists, "the question has not really been decided earlier and is posed for the first time").

Furthermore, Federal Rule of Civil Procedure 54(b) also makes clear that previous rulings on motions *in limine* are not binding by giving courts "flexibility to revise *interlocutory orders*," including motions *in limine* "before final judgment as the litigation develops and *new facts or arguments come to light*." *Carlson,* 856 F.3d at 325 (emphasis added); *see id.* (stating that "[w]here a district court issues an interlocutory order," such as a motion *in limine*, "'that adjudicates fewer than all of the claims'" at issue, "the court retains discretion to revise such order 'at any time before the entry of a judgment adjudicating all the claims'") (quoting Fed. R. Civ. P. 54(b)).

Given those core principles, the law of the case doctrine does not apply here. New evidence has been adduced by both sides since the previous trial (after Eshelman moved to re-open discovery). And, Puma has (and Eshelman may have) new arguments on whether evidence is relevant under Federal Rule of Evidence 401 and whether its probative value outweighs the danger of unfair prejudice under Federal Rule of Evidence 403. Those arguments inherently depend on the new scope of the retrial, and this Court's Rule 401 and 403 judgments with respect to the original trial, which involved different issues and different evidence, do not govern here.

8

Case 7:16-cv-00018-D   Document 526   Filed 09/30/22   Page 8 of 15

None of Eshelman's cited cases supports his effort to apply previous rulings on motions *in limine* to a limited retrial with a different scope and different evidence. *See* DE 521 at 2–3. In *Cerabio, LLC v. Wright Med. Tech., Inc.*, the district court found that its previous motions *in limine* were still applicable where the defendants filed "identical" renewed *in limine* motions in the retrial and "d[id] not suggest that the context of the case has changed in any way that would rebut the presumption in favor of retaining" the court's previous rulings. 2006 WL 641466 at *11 (W.D. Wisc. Mar. 10, 2006). In *Parker v. BNSF Railway Co.*, district court retained the prior judge's rulings because, among other reasons, there had "been no change in circumstance" from the original trial relative to the rulings and "[w]hat is more, the parties have recently agreed to a bench trial, diminishing any need for threshold evidentiary rulings" at all. 2021 WL 4819910, at *2–*3 (W.D. Wash. Oct. 15, 2021). And in *Apple Inc. v. Samsung Electronics Co.*, the district court applied its previous motion *in limine* rulings in the context of a retrial that was "the parties' fourth jury trial before this Court, third jury trial in the instant case, and second damages retrial in the instant case." 2016 WL 524904, at *2 (N.D. Cal. Feb. 10, 2016) (internal citation omitted). In other words, the scope of the trial and the evidentiary issues had not changed in the second damages retrial. *See id.* None of these cases involved application of previous motions *in limine* rulings to a retrial involving significantly narrowed legal issues and new and additional evidence.

### C. Eshelman's Previous Motion *in Limine* No. 6 to Exclude Evidence of Political Affiliation Does Not Preclude Puma From Offering New, Relevant Evidence

Eshelman asserts in his pretrial memorandum that Puma "is not permitted to introduce" evidence "the Court previously excluded" without specifying what that evidence is. DE 521 at 3. To the extent this argument is directed to evidence regarding Eshelman's political affiliation, the subject of Eshelman's previous Motion *In Limine* No. 6, that ruling does not and should not be extended to new, highly probative evidence regarding Eshelman's political activities that directly bear on the relative lack of interest in the Investor Presentation and Eshelman's reputation.

In connection with the first trial, Puma did not oppose Eshelman's Motion *In Limine* No. 6 because it did not plan to offer evidence generally reflecting his political affiliation. DE 371 at

9

23:11–17. But in taking that position, Puma did not waive any argument with respect to *new* evidence that did not even exist at the time of the first trial. *See Chao*, 511 F.3d at 465 (stating that the mandate rule regarding waiver applies to "any issue *that could have been* but was not raised on appeal") (quoting *U.S. v. Husband,* 312 F.3d 247, 250–51 (7th Cir. 2002) (emphasis added)). Nor does the "law of the case" extend to new evidence not previously considered. *Aramony*, 166 F.3d at 661.

Here, after remand and after the Court reopened discovery, Puma adduced new post-trial evidence that is directly relevant to Eshelman's claimed harm to his reputation. DE 487 at 6. This evidence, which includes recent Google searches, Google analytics, and news articles reflecting the top hits in those Google searches were (because the relevant events had not happened yet) unavailable at the time of the original trial and subsequent appeal.[2] Google searches, analytics, and their results are relevant to the circulation or interest in the proxy contest and defamatory statements (and relative importance in comparison to other highly publicized events concerning Dr. Eshelman). For example, the Google Trends analytics data depicts the relative interest in Eshelman—based on Google search interest—during the 2015–16 proxy contest, as compared to interest in Eshelman when he became involved in a highly publicized controversy and lawsuit related to the November 2020 election. *See* DE 506-7. It also shows a map of the United States depicting different states' relative interest in Eshelman, and a list of related "topics" and "queries" associated with searches for Eshelman. *See id.* This Google Analytics evidence is also relevant

---

[2] Additionally, Puma's rebuttal expert, Jason Frankl, compiled a background report on Eshelman, DE 524-1 at 35–69 (App. 3), to rebut the report of Plaintiff's expert, Norman Harrison (who himself admitted that he used Google searches to learn about Eshelman), DE 506-3 at 367:5–16 (Harrison Depo. Tr. Vol. II). While the report contains incidental references to political affiliation, the relevance and purpose of the report is to objectively show what publicly available information exists regarding Eshelman, be it positive or negative. *See* DE 524-1 at 39–40. That report is highly relevant to any evaluation of interest in the Investor Presentation (or lack thereof) relative to other publicly available information, Eshelman's reputation, and alternate controversies that Eshelman is involved that may provide alternative sources of any perceived harm to his reputation (via "lost business opportunities, damaged relationships, or foregone contracts," etc.). *See Eshelman*, 2 F.4th at 283.

to any evaluation of whether Eshelman's perceived harm is attributable to the Investor Presentation, as opposed to these other, more recent, highly publicized events. Indeed, this new evidence indicates alternative bases—Eshelman's involvement in highly publicized political controversies—for any reputational harm he has suffered or may suffer in the future. *See Eshelman*, 2 F.4th at 284. It is beyond dispute that Puma should be able to test whether any post-trial events have significantly impacted Eshelman's reputation. *See id.* at 283–85. Plaintiff cannot seriously dispute the relevance of alternative causes of lost opportunities or reputational harm to the jury's determination of whether Eshelman suffered actual harm as "a direct and natural consequence" of the Investor Presentation. *Id.* at 283.[3]

### D. The Court's Previous Rulings Denying Puma's Motions *In Limine* to Exclude Various Types of Evidence Do Not Control

The Court's previous rulings on Puma's motions *in limine* from the first trial seeking exclusion of certain evidence also do not bind the Court in the context of the new compensatory-only damages retrial. In particular, this Court's rulings denying Puma's previous Motion *In Limine* No. 1, DE 311, seeking to exclude character evidence regarding Mr. Auerbach; Motion *In Limine* No. 3, DE 313, seeking to exclude evidence regarding Puma's financial condition and Auerbach's financial matters; and Motion *In Limine* No. 6, DE 316, seeking to exclude evidence of unrelated litigation involving Puma, including the Securities Litigation, do not govern whether such evidence is admissible in the compensatory-only damages phase of this retrial.

As explained in Puma's current Motion *In Limine* No. 1 regarding bifurcation, the issues are far narrower in this retrial, given that liability (and the element of actual malice) has been

---

[3] Before the original trial, the Court also granted Eshelman's previous Motion *In Limine* No. 3, and excluded evidence regarding *Princeton Opthalmic, LLC v. Corinthian Opthalmic, Inc., et al.*, No. 3:14-cv-5485-PGS-DEA (D.N.J. Sept. 2, 2014), a securities fraud action filed against Eshelman that was subsequently dismissed, DE 371 at 21:13-22; DE 325 at 1–3. Puma does not understand that ruling, which excluded only specific documents in the *Corinthian* litigation, to prohibit any of the new, unrelated evidence Puma seeks to introduce. Indeed, the Court's exclusion of this evidence—regarding securities fraud claims as to which there was no finding of liability—equally supports exclusion of evidence regarding the Securities Litigation.

determined. *See* DE 508. Accordingly, evidence related to: (1) Puma and Mr. Auerbach's prior conduct, motives, intent, purported ill-will, or mental state; (2) Puma or Mr. Auerbach's financial condition or status; and (3) the Securities Litigation, must be excluded from the compensatory phase because it is irrelevant and unduly prejudicial. *See id.* at 8–11. Such evidence, which Plaintiff argued was relevant to liability, and in particular, actual malice—*see, e.g.*, DE 352 at 5–6 (Eshelman's Opp. to Puma's Motion *In Limine* No. 6) (arguing that evidence of the Securities Litigation was relevant to "actual malice")—has no probative value regarding the only issue for the jury in the compensatory damages phase of the retrial, namely "the probable extent of [Eshelman's] actual harm" resulting from the Investor Presentation. *Eshelman*, 2 F.4th at 284. To the extent Puma's prior Motions *In Limine* Nos. 1, 3, and 6 addressed this evidence in the context of the first trial in which liability was at issue, they are not relevant and certainly are not controlling law of the case regarding an entirely new trial on new evidence and significantly narrowed factual issues. *See Richmond Med. Ctr. for Women v. Gilmore*, 55 F. Supp. 2d 441, 459 (E.D. Va. 1999), *aff'd*, 224 F.3d 337 (4th Cir. 2000) (prior opinion staying a preliminary injunction was "confined to the record as is existed" at the time and did not preclude the court from reconsidering standing issue where an "ensuing bench trial [had] presented additional evidence" that "supplemented [the record] substantially"); *Sejman*, 845 F.2d at 69 (finding that the law of the case is inapplicable where prior litigation did not address the same issue); *PaineWebber Inc. v. Farnam*, 870 F.2d 1286, 1291 (7th Cir. 1989) ("In order for a ruling to constitute the law of the case, the question of law presented in the current action must have been actually decided in the former proceeding."); *Soybean Futures Litig.*, 892 F. Supp. at 1042 (prior order that did not address legal issue of excessive speculation did not establish "law of the case" on the issue).

Furthermore, for the punitive damages phase, the current evidence regarding the Securities Litigation is materially different than the evidence the Court considered when it admitted related evidence in the first trial. The Court noted when denying Puma's Motion *In Limine* No. 6 that the Securities Litigation was discussed in the Stipulated Facts, DE 371 at 17:5, which stated that "[o]n February 4, 2019, a unanimous jury found that Puma and Mr. Auerbach had committed securities

fraud," DE 370-1 ¶ 45 (Stipulated Facts). Those facts are now demonstrably inaccurate in light of the settlement in the Securities Litigation and the court order nullifying the jury verdict. *See* DE 506-5 at 3 (stating that the settlement agreement "shall not be nor shall it be deemed to constitute a judgment or finding of liability on any claims adjudicated by the jury"). As a result, the material facts on this issue have changed, and the question of its admissibility in light of the nullification of the jury verdict is before the Court for the first time.

Finally, as was revealed at trial, the Stipulated Facts themselves were not fairly entered into, *see* DE 431 at 32:2–34:2, and utterly mischaracterized critical aspects of the Securities Litigation, including the standard for federal securities fraud. *See* DE 370-1 ¶ 45 (stating that Puma and Auerbach had committed securities fraud because they had "knowingly mis[led]" the public); DE 518-10 at 32 (Securities Litigation Jury Instructions) (requiring either "an untrue statement with knowledge that the statement was false or with reckless disregard for whether the statement was true"); DE 513 at 5-11 (Puma's Motion *In Limine* No. 3 to Exclude Evidence, Questions, Or Testimony Regarding the Securities Litigation). In light of these newly revealed deficiencies, the question whether evidence of the Securities Litigation should be admitted must be assessed independently of the Stipulated Facts. These evidentiary issues warrant this Court's independent consideration to ensure the fairness of the upcoming retrial.

## IV. CONCLUSION

For the foregoing reasons, Puma respectfully submits that the Court's rulings on motions *in limine* in the previous trial do not preclude the Court's consideration of the issues set forth above, or any of Puma's motions *in limine* filed on September 23, 2022.

This 30th day of September 2022.

Andrew B. Clubok (D.C. Bar No. 446935)
Roman Martinez (D.C. Bar No. 1001100)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Andrew.Clubok@lw.com
Roman.Martinez@lw.com

Michele D. Johnson (CA Bar No. 198298)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: ( 714) 755-8290
Michele.Johnson@lw.com

Respectfully submitted,

/s/ Colleen C. Smith
Colleen C. Smith (CA Bar No. 231216)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
Colleen.Smith@lw.com

Meryn C. N. Grant (CA Bar No. 291315)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763
Meryn.Grant@lw.com

Natalie M. Pita (NC Bar No. 56568)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Natalie.Pita@lw.com

YOUNG MOORE & HENDERSON, P.A.
Shannon S. Frankel (NC Bar No. 33926)
Angela F. Craddock (NC Bar No. 32667)
(Local Civil Rule 83.1(d) Counsel)
3101 Glenwood Ave. Suite 200
Raleigh, NC 27612
Tel: (919) 782-6860
Fax: (919) 782-6753
Shannon.Frankel@youngmoorelaw.com
Angela.Craddock@youngmoorelaw.com

*Attorneys for Puma Biotechnology, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the forgoing document will be filed with the Clerk of Court using the CM/ECF system on September 30, 2022, which will send notification of such filing to all counsel of record.

Dated: September 30, 2022                      By:    */s/ Colleen C. Smith*
                                                                                              Colleen C. Smith